IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JASON FARMER,<br><br>    Plaintiff,<br><br>v.<br><br>MIKE HUNSINGER, KEVIN EPPS,<br>JON MILLS, and JAMES FARMER<br><br>    Defendants.<br>_____ | CIVIL ACTION NO.<br><br>3:25-cv-00154-TES |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>DEFENDANT KEVIN E. EPPS' MOTION TO DISMISS</u>**

Defendant Kevin E. Epps, pro se, and without waiving any defenses, submits this memorandum of law in support of his motion to dismiss Plaintiff Jason Farmer's Complaint (Doc. 1), respectfully showing the Court as follows:

### I.    INTRODUCTION

Plaintiff Jason Farmer complains that the Probate Court of Oconee County ("Probate Court") ordered his incarceration following his *admitted* willful contempt of a consent protective order ("Consent Order"). (Doc. 1.) After announcing an agreement on the record, Plaintiff had buyer's remorse and chose not to comply with the Consent Order effectuating it. Plaintiff's sole justification for willfully violating the Consent Order is his unsupported contention that the Probate Court lacked subject matter jurisdiction to enter the Consent Order in the first place. (Doc. 1, ¶ 1.)

1

Plaintiff contends that the Consent Order impermissibly adjudicates title to personal property. The Georgia Court of Appeals is currently reviewing Plaintiff's appeal from the Probate Court's orders leading to his arrest. If Georgia's appellate courts determine that the Probate Court had subject matter jurisdictions, Judge Hunsinger is entitled to absolute judicial immunity in connection with Plaintiff's contempt and arrest, and Plaintiff's claims will fail.

Under these circumstances, where state proceedings remain ongoing, touch upon important state interests, and that Plaintiff has remedies to protect his constitutional rights, *Younger* abstention doctrine counsels dismissal. Georgia appellate courts should have the first opportunity to rule on the scope of its Probate Court's jurisdiction.

## II.   ARGUMENT AND CITATION OF AUTHORITY

This entire case comes down to whether the Probate Court of Oconee County ("Probate Court") had subject matter jurisdiction to enter and enforce the Consent Order—a matter still under consideration by the Georgia Court of Appeals. (Compl. ¶ 2)

The complained-of acts—holding a person in contempt of court and the issuance of a bench warrant—are acts normally performed by a judge that are judicial in nature. *See Hill v. Johnson*, 2025 U.S. App. LEXIS 5038, *8-9 (11th Cir. Mar. 4, 2025); *Stump v. Sparkman*, 435 U.S. 349, 361 (1978); *King v. Myers*, 973

F.2d 354 (4th Cir. 1992) (holding magistrate judge was absolutely immune for directing a police officer to effect warrantless arrest); *McFarland v. Pickett*, 469 F.2d 1277, 1278 (7th Cir. 1972) (state judge who issued contempt citation entitled to judicial immunity).

Thus, if Georgia appellate courts confirm that the Probate Court had subject matter jurisdiction to enter the Consent Order, then Judge Hunsinger did not act "in the clear absence of all jurisdiction," and all of Plaintiff's claims would be subject to dismissal for absolute judicial immunity. *See Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001) ("Generally, judicial immunity applies to a judge who dealt with the plaintiff in a judicial capacity and did not act in the clear absence of all jurisdiction."); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (noting that absolute immunity applies "even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction").

The *Younger* abstention doctrine counsels dismissal under these circumstances, as the Court should not interfere with non-final state-court proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). The doctrine bars federal court intervention when state-court proceedings (a) are ongoing, (b) implicate important state interests, and (c) there is an adequate opportunity to raise constitutional challenges. *See Adams v. Florida*, 185 F. App'x 816, 816-17 (11th Cir.

3

2006) (per curiam) (citing *Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)).

First, there is no dispute that state court proceedings remain ongoing. (Doc. 1, ¶ 87 ("The Georgia Court of Appeals' appeal remains pending as of the filing of this Complaint, with the contempt order stayed pending resolution of that appeal.")).

Second, "[w]hether [Plaintiff] should have been held in contempt for violating a state-court order plainly implicates important state interests . . . ." *Jackson v. Leftridge-Harris*, No. 1:24-cv-00200-SDG, No. 2025 U.S. Dist. LEXIS 58184, *7-8 (N.D. Ga. Mar. 28, 2025). Likewise, Georgia courts have an inherent interest in delineating the scope of the subject matter jurisdiction of its own various courts.

Third, Plaintiff cannot show that he has been "procedurally prevented from raising his constitutional claims in the state courts, from which a certiorari petition can be filed seeking review on the merits in the United States Supreme Court." *Pompey v. Broward County*, 95 F.3d 1543 (11th Cir. 1996) (citing *Moore v. Sims*, 442 U.S. 415, 432 (1979); *Engle v. Isaac*, 456 U.S. 107, 130 (1982)). "[F]ederal courts should assume that state-court procedures provide parties an adequate opportunity to raise constitutional issues unless there is clear authority stating otherwise." *Jackson v. Leftridge-Harris*, No. 1:24-cv-00200-SDG, No. 2025 U.S. Dist. LEXIS 58184, *7-8 (N.D. Ga. Mar. 28, 2025) (citing *See Chen ex rel. V.D. & D.D. v. Lester*, 364 F. App'x 531, 535 (11th Cir. 2010) (per curiam).

Here, Plaintiff does not allege any facts to support that Georgia's procedures do not allow him to raise his constitutional concerns. Plaintiff can "raise [his] claims in the Georgia state court, or could challenge the legality of their custody via federal habeas corpus, subject, of course, to prior exhaustion of state remedies." *Pompey v. Broward County*, 95 F.3d 1543 (11th Cir. 1996) (punctuation and citations omitted). As in *Pompey*, the Plaintiff here has several state remedies available. *Id.* ("The plaintiffs could have raised their claims during their contempt hearings. If unsuccessful, they could have appealed the adverse holdings to the Florida District Court of Appeals, to the Florida Supreme Court, and, ultimately, to the United States Supreme Court.").

Indeed, Plaintiff's allegations disclose with certainty that Georgia's procedures *do* allow him to raise his constitutional concerns. Within a day of receiving Plaintiff's Emergency Motion for Supersedeas Bond or Mandamus Order, "the Georgia Court of Appeals issued an order granting the emergency motion and ordering Jason Farmer's immediate release." (Comp. ¶ 80.) The state appellate court further ordered "that enforcement of the contempt order be stayed until such time as the underlying appeal is docketed and resolved on the merits." (Comp. ¶ 83) Therefore, Plaintiff's own allegations demonstrate that there is no risk of re-arrest until the Court of Appeals makes a decision.

Because Plaintiff's federal claims are subject to dismissal under the *Younger* abstention doctrine, Plaintiff's state law claims—Count IV (False Arrest; O.C.G.A. § 51-7-1) and Count V (False Imprisonment; O.C.G.A. § 51-7-20)—should also be dismissed as the Court will not have original jurisdiction over any claim, there is not diversity jurisdiction, and the case presents a novel or complex issue of Georgia state law. *See* Doc. 1, ¶ 3 (contending the "Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367"); 28 U.S.C. § 1367(c)(1)-(2), (4).

Considerations of judicial economy, convenience, fairness, and comity all favor dismissing the Complaint without prejudice until Georgia's appellate courts determine whether the Probate Court acted without jurisdiction.

### III.   CONCLUSION

In sum, Plaintiff's state proceedings are ongoing, implicate important state interests, and provide adequate opportunity for Plaintiff to raise constitutional challenges. Thus, this Court should abstain from ruling under the *Younger* doctrine, and this case should be dismissed without prejudice. *See Jackson v. Georgia*, 273 F. App'x 812, 813-14 (11th Cir. 2008) (per curiam) (affirming sua sponte dismissal due to Younger abstention); *Smith v. Mercer*, 266 F. App'x 906, 908 (11th Cir. 2008) (per curiam) (noting that "[a] dismissal pursuant to the Younger doctrine is without prejudice, and does not preclude later re-filing of the complaint").

Respectfully submitted this 10th day of October 2025.

                              **EPPS, HOLLOWAY, DELOACH & HOIPKEMIER, LLC**

                              BY:      */s/ Kevin E. Epps*
                                          Kevin E. Epps, pro se
                                          Georgia Bar No. 785511

1220 Langford Drive
Building 200-101
Watkinsville, Georgia 30677
(706) 508-4000
kevin@ehdhlaw.com