**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

JASON FARMER,                                                   :
                                                               :
    Plaintiff,                             :
                                                               :    CIVIL ACTION NO.
v.                                                             :
                                                               :    3:25-cv-00154-TES
MIKE HUNSINGER, KEVIN EPPS,                                    :
JON MILLS, and JAMES FARMER,                                   :
                                                               :
    Defendants.                            :
_____:

## ANSWER AND DEFENSES TO COMPLAINT

Defendant Kevin E. Epps ("Mr. Epps"), pro se, responds to Plaintiff's Complaint [Doc. 1] as follows, denying each and every allegation in the Complaint except as expressly admitted herein:

## NATURE OF THE ACTION

### 1.

Mr. Epps denies the allegations in Paragraph 1 as started. Mr. Epps admits that Jason Farmer was arrested on August 8, 2025 pursuant to a Bench Warrant and Arrest Order ("Arrest Order") issued by Defendant Mike Hunsinger ("Judge Hunsinger"). Epps specifically denies that the order was entered without subject matter jurisdiction and without affording Plaintiff any prior hearing or due process. Mr. Epps further denies that he acted under color of state law, secretly coordinated

with any of the Defendants, or engaged in *ex parte* communications. Mr. Epps denies all remaining allegations.

2.

Mr. Epps denies the allegations in Paragraph 2. The Georgia Court of Appeals did not order Plaintiff's immediate release in connection with his contention that his arrest was ordered by Judge Hunsinger without subject matter jurisdiction or judicial power. Rather, the order for Plaintiff's release was based on a Georgia statute requiring release upon a motion for supersedeas and notice of intent to appeal. *See* O.C.G.A. § 5-6-13(a). Mr. Epps admits only that Plaintiff was detained in the Oconee County Jail from August 8 through August 12, 2025. Mr. Epps denies that Plaintiff's constitutional rights were violated, that Plaintiff was unlawfully arrested and deprived of his liberty, or that Plaintiff is entitled to compensatory and punitive damages.

JURISDICTION AND VENUE

3.

Paragraph 3 lacks allegations for Mr. Epps to respond to.

4.

Mr. Epps admits that he resides in Oconee County, Georgia. Paragraph 4 otherwise lacks allegations for Mr. Epps to respond to.

5.

Mr. Epps denies the allegations in Paragraph 5.

6.

Mr. Epps admits the allegations in Paragraph 6.

7.

Paragraph 7 of Plaintiff's Complaint lacks allegations for Mr. Epps to respond to. To the extent there are any allegations, Mr. Epps admits only that, upon information and belief, Judge Hunsinger is an adult resident of Oconee County, Georgia and served as Judge of the Probate Court of Oconee County, State of Georgia ("Probate Court") at all times relevant to this Complaint. Mr. Epps denies that Plaintiff's arrest was in the clear absence of subject matter jurisdiction or judicial power conferred by Georgia law. Mr. Epps further denies that there is any applicable exception to Judge Hunsinger's judicial immunity.

8.

Mr. Epps admits the allegations in Paragraph 8.

9.

Upon information and belief, Mr. Epps admits the allegations in Paragraph 9, except that Mr. Epps denies the substance of Footnote 1, which includes argument and conclusions of law.

## 10.

Mr. Epps admits the first sentence of Paragraph 10. Mr. Epps admits that Defendant Farmer is the son of the decedents whose estates are at issue in the underlying probate proceedings. Mr. Epps denies all remaining allegations of Paragraph 10, including, but not limited to, the allegations that Defendant Farmer was disinherited, that he participated in any conspiracy to deprive Plaintiff of his constitutional rights, or that there was a scheme to bill hundreds of thousands of dollars in attorney's fees.

## 11.

Mr. Epps admits the allegations in Paragraph 11.

## 12.

Mr. Epps denies the allegations in Paragraph 12 as stated. Defendant Mills *does* serve as a neutral administrator with will annexed for both estates.

## 13.

Mr. Epps denies the allegations of Paragraph 13 as stated. Mr. Epps admits that Jason Farmer is in possession of certain property and equipment that belong to the estates and/or the Irrevocable Trust of Judy Lenora Farmer ("Trust").

## 14.

Mr. Epps denies the allegations in Paragraph 14.

15.

Mr. Epps denies the allegations in Paragraph 15.

*James D. Farmer's [Alleged] Financial Backing and Control of the Conspiracy*

16.

Mr. Epps denies the allegations of Paragraph 16 as stated. Mr. Epps states that Defendant Farmer is an heir of his parents. Mr. Epps denies that Defendant Farmer was disinherited. By way of further response, the pertinent wills speak for themselves.

17.

Mr. Epps denies the allegations in Paragraph 17 as stated. Mr. Epps admits that in 2021, Defendant Farmer commenced a civil in the Superior Court of Oconee County asserting multiple claims against his siblings—Plaintiff and non-party Christie Mitchell. Mr. Epps denies Plaintiff's characterizations of Defendant Farmer's claims, or that Defendant Farmer had only illusory interests in "trust property" never owned by his late mother's trust. Mr. Epps admits that Defendant Farmer supported the appointment of Defendant Mills to represent his parents' estates in lieu of his sister, who was found to have a conflict of interest. Mr. Epps denies that Defendant Farmer secretly provided substantial financial backing to fund Defendant Mills' legal actions against his siblings, including the contempt proceedings that led to Jason Farmer's arrest. Mr. Epps admits only that Defendant

Farmer did loan funds to his parents' estates and those funds may have been used by Defendant Mills to prosecute legal actions against Plaintiff and non-party Christie Mitchell, including the contempt proceedings that resulted in Jason Farmer's arrest.

18.

Mr. Epps denies the allegations in Paragraph 18 as stated. Mr. Epps admits that Defendant Farmer loan funds to his deceased mother's estate, which were documented through a series of promissory notes.

19.

Mr. Epps admits the allegations in Paragraph 19.

20.

Mr. Epps admits the allegations in Paragraph 20.

21.

Mr. Epps denies the allegations in Paragraph 21 as stated. Mr. Epps admits that an amended and restated promissory note was executed but denies any inference that the note was amended because Plaintiff obtained new counsel.

22.

Mr. Epps admits the allegations in Paragraph 22.

23.

Mr. Epps denies the allegations in Paragraph 23.

24.

Mr. Epps lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 24, which are therefore denied.

25.

Mr. Epps lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 25, which are therefore denied.  Mr. Epps denies that it would be improper for Defendant Mills to use funds loaned by Defendant Farmer to pursue contempt proceedings or other actions against Jason Farmer and his sister in the name of the Estate of Judy Lenora Farmer.

26.

Mr. Epps denies the allegations in Paragraph 26.

27.

Mr. Epps denies the allegations in Paragraph 27.

28.

Mr. Epps denies the allegations and legal conclusions in Paragraph 28 as stated. Mr. Epps admits only that he was Defendant Farmer's counsel in the subject Probate Court proceedings.

29.

Mr. Epps denies the allegations and legal conclusions in Paragraph 29 as stated. Mr. Epps admits only that he was Defendant Farmer's counsel in the subject Probate Court proceedings.

30.

The averments of Paragraph 30 are conclusions of law to which no response is required. To the extent there are any allegations in Paragraph 30, they are denied.

*The Probate Court's Limited Jurisdiction*

31.

The averments of Paragraph 31 are conclusions of law to which no response is required. To the extent there are any allegations, they are denied.

32.

The averments of Paragraph 32 are conclusions of law to which no response is required. To the extent there are any allegations, they are denied.

33.

The averments of Paragraph 33 are conclusions of law to which no response is required. To the extent there are allegations, they are denied.

34.

The averments of Paragraph 34 are conclusions of law to which no response is required. To the extent there are any allegations, they are denied.

35.

The averments of Paragraph 35 are conclusions of law to which no response is required. To the extent there are any allegations in Paragraph 35, they are denied.

36.

Mr. Epps denies the allegations in Paragraph 36 as stated. Mr. Epps admits only that Judge Hunsinger issued orders, including contempt orders and an arrest warrant, enforcing a consent order whereby Plaintiff agreed to pay rent for use of certain equipment or to turn over the subject property to Defendant Mills. Mr. Epps denies that Judge Hunsinger lacked jurisdiction to enter the orders for Plaintiff's willful contempt.

*The [Allegedly] Void "Protective Order" and Contempt Proceedings*

37.

Mr. Epps denies the allegations of Paragraph 37 as stated. Mr. Epps admits that, on July 14, 2023, Judge Hunsinger entered a "Protective Order – Construction Equipment" ("Consent Order") in the probate proceedings concerning certain equipment and property. The Consent Order speaks for itself, and Mr. Epps denies all allegations inconsistent with it.

38.

Mr. Epps denies the allegations of Paragraph 38 as stated. Mr. Epps admits that the Consent Order was not entered after an earlier judicial determination of

ownership of title.  Mr. Epps further admits that the Consent Order was entered by the Probate Court of Oconee County based on the agreement of the parties announced on the record on June 14, 2023.

39.

Mr. Epps denies the allegations of Paragraph 39 as stated to the extent that Plaintiff, through his counsel, consented to the terms of the Consent Order.

40.

Mr. Epps denies the allegations of Paragraph 40 as stated.  Mr. Epps admits only that Plaintiff stipulated to his willful contempt of the Consent Order, denied that Judge Hunsinger had authority to enter and enforce the Consent Order, and that Judge Hunsinger issued an "Interim Order Finding Jason Farmer in Contempt of Court" ("Contempt Order") on September 3, 2024.

41.

Mr. Epps denies the allegations of Paragraph 41 as stated.  The Contempt Order speaks for itself, and Mr. Epps denies all allegations inconsistent with it.

42.

Mr. Epps denies as stated the allegations of Paragraph 42 as stated The Contempt Order speaks for itself, and Mr. Epps denies all allegations inconsistent with it.

43.

Mr. Epps denies the allegations of Paragraph 43 as stated. The Contempt Order speaks for itself, and Mr. Epps denies all allegations inconsistent with it.

44.

Mr. Epps admits the allegations of Paragraph 44.

45.

Mr. Epps admits the allegations of Paragraph 45.

46.

Mr. Epps denies the allegations of Paragraph 46.

47.

Mr. Epps denies the allegations of Paragraph 47 as stated. Mr. Epps admits that Defendant Mills filed a "Notice of Non-Compliance" with the Probate Court. The filing speaks for itself, and Mr. Epps denies all allegations and conclusions of law inconsistent with it.

48.

Mr. Epps denies the allegations of Paragraph 48 as stated.

49.

Mr. Epps denies the allegations of Paragraph 49 as stated. The referenced courthouse video surveillance speaks for itself, and Mr. Epps denies all allegations inconsistent with it.

50.

Mr. Epps denies the allegations of Paragraph 50 as stated. The referenced courthouse video surveillance speaks for itself, and Mr. Epps denies all allegations inconsistent with it.

51.

Mr. Epps denies the allegations of Paragraph 51 as stated. The referenced courthouse video surveillance speaks for itself, and Mr. Epps denies all allegations inconsistent with it.

52.

Mr. Epps denies the allegations of Paragraph 52 except that an arrest order had not been presented to or signed by Judge Hunsinger at the time the Sheriff's Deputy inquired whether Mr. Epps had any Falcons football tickets that he could purchase from Mr. Epps.

53.

Mr. Epps denies the allegations and conclusions law of Paragraph 53 as stated. Mr. Epps admits only that around 1:34 p.m. on August 7, 2025, Mr. Epps entered the Office of the Probate Court, which include Judge Hunsinger's chambers and clerk personnel.

54.

Mr. Epps denies the allegations of Paragraph 54 as stated. Mr. Epps admits that he remained in the Office of the Probate Court for approximately one hour. Mr. Epps lacks knowledge or information sufficient to form a belief about the truth of the allegations of whether the Probate Court had proceedings scheduled during that time. Mr. Epps admits that Plaintiff, Christie Farmer, and their counsel were not present.

55.

Mr. Epps denies the allegations of Paragraph 55. Mr. Epps specifically denies that there was a private meeting or any communications with Judge Hunsinger while Mr. Epps was in the Office of the Probate Court.

56.

Mr. Epps denies the allegations of Paragraph 56 as there was not a private meeting or any communications with Judge Hunsinger while Mr. Epps was in the Office of the Probate Court.

57.

Mr. Epps denies the allegations of Paragraph 57 as stated. Mr. Epps denies being in Judge Hunsinger's chambers. The referenced courthouse video surveillance speaks for itself, and Mr. Epps denies all allegations inconsistent with it.

58.

Mr. Epps denies the allegations of Paragraph 58 as stated.

59.

Mr. Epps denies the allegations of Paragraph 59 as stated. Mr. Epps admits

that the Probate Court entered an Order for Continuance. The order speaks for itself,

and Mr. Epps denies all allegations inconsistent with it. Mr. Epps denies that he was

in Judge Hunsinger's chambers.

60.

Mr. Epps denies the allegations of Paragraph 60 as stated. Mr. Epps admits

only that the Order for Continuance was emailed to all counsel at approximately 2:30

p.m. on August 7, 2025.

61.

Mr. Epps denies the allegations of Paragraph 61 as stated. Mr. Epps denies

that there was a private meeting or any communications with Judge Hunsinger. Mr.

Epps admits only that Judge Hunsinger signed a "Bench Warrant and Arrest Order"

("Arrest Order") on August 7, 2025. The Arrest Order speaks for itself, and Mr.

Epps denies all allegations inconsistent with it.

62.

Mr. Epps lacks knowledge or information sufficient to form a belief about the

truth of the allegations of Paragraph 62.

63.

Mr. Epps lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 63. Mr. Epps admits only that Plaintiff was arrested on Friday, August 8, 2025.

64.

Mr. Epps denies the allegations of Paragraph 64 as stated. The Arrest Order speaks for itself, and Mr. Epps denies all allegations and characterizations inconsistent with it.

65.

Mr. Epps denies the allegations of Paragraph 65 as stated. Mr. Epps admits only that the Arrest Order was entered after the Order for Continuance.

66.

Mr. Epps denies the allegations and conclusions of law of Paragraph 66, including Footnote 3.

67.

The averments of Paragraph 67 constitute a conclusion of law to which no response is required. To the extent there are allegations, they are denied.

*The [Allegedly] False Arrest and Imprisonment*

68.

Mr. Epps lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 68, which are therefore denied.

69.

Mr. Epps lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 69, which are therefore denied.

70.

Mr. Epps lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 70, which are therefore denied.

71.

Mr. Epps lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 71, which are therefore denied.

72.

Mr. Epps denies the allegations of Paragraph 72.

73.

Upon information and belief, Mr. Epps admits the allegations of Paragraph 73.

74.

Mr. Epps denies the allegations of Paragraph 74 as stated. Mr. Epps admits that Plaintiff may have been arrested pursuant to the Arrest Order, Mr. Epps denies that the Arrest Order was issued by Judge Hunsinger without jurisdiction and without affording due process.

75.

Mr. Epps lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 75, which are therefore denied.

*The Emergency Relief from the Georgia Court of Appeals*

76.

Mr. Epps denies as stated the allegations of Paragraph 76. The Notice of Appeal was not filed until 10:16 AM on August 11, 2025.

77.

The averments of Paragraph 77 constitute a purported statement of law to which no response is required. To the extent there are allegations, they are denied.

78.

Mr. Epps denies the allegations of Paragraph 78 as stated. Mr. Epps admits only that Judge Hunsinger did not enter the Order for Supersedeas Bond until August 12, 2025.

79.

Mr. Epps admits the allegations of Paragraph 79.

80.

Mr. Epps admits the allegations of Paragraph 80.

81.

The averments of Paragraph 81 lack allegations requiring response. Mr. Epps states that the Court of Appeals' decision speaks for itself.

82.

The averments of Paragraph 82 lack allegations requiring response. Mr. Epps states that the Court of Appeals' decision speaks for itself.

83.

The averments of Paragraph 83 lack allegations requiring response. Mr. Epps states that the Court of Appeals' decision speaks for itself.

84.

The averments of Paragraph 84 lack allegations requiring response. Mr. Epps states that the Court of Appeals' decision speaks for itself.

85.

Mr. Epps denies the allegations Paragraph 85. Mr. Epps states that the Court of Appeals' decision speaks for itself and denies all allegations and characterizations inconsistent with it.

86.

Mr. Epps denies the allegations Paragraph 86 as stated.  Mr. Epps admits only that Plaintiff was released from the Oconee County Jail on August 12, 2025.

87.

Mr. Epps admits the allegations of Paragraph 87.

*Defendants' Actions Were [Allegedly] Taken Under Color of State Law*

88.

Mr. Epps admits the allegations of Paragraph 88.

89.

Mr. Epps denies the allegations of Paragraph 89 as stated.  Mr. Epps denies that Defendants jointly coordinated and schemed to deprive Plaintiff of constitutional rights.

90.

The averments of Paragraph 90 are purported conclusions of law to which no response is required.  To the extent there are any factual allegations, they are denied.

91.

Mr. Epps denies the allegations and conclusions of law of Paragraph 91.

92.

Mr. Epps denies the allegations and conclusions of law of Paragraph 92.

93.

Mr. Epps denies the allegations of Paragraph 93.

94.

The averments of Paragraph 94 are a purported statement of law to which no response is required. To the extent there are any factual allegations, they are denied.

95.

Mr. Epps denies the allegations of Paragraph 95 as stated as the referenced orders speak for themselves.

96.

Mr. Epps denies the allegations of Paragraph 96 as stated. Mr. Epps admits only that a court has not adjudicated title to the pertinent property.

97.

Mr. Epps denies the allegations of Paragraph 97.

98.

Mr. Epps denies the allegations of Paragraph 98.

99.

Mr. Epps denies the allegations of Paragraph 99.

100.

Mr. Epps denies the allegations of Paragraph 100.

101.

Mr. Epps denies the allegations of Paragraph 101.

## COUNT I - VIOLATION OF FOURTH AMENDMENT RIGHTS
42 U.S.C. § 1983 – False Arrest and Imprisonment
(Against All Defendants)

102.

Paragraph 102 lacks allegations for Mr. Epps to respond to. Mr. Epps incorporates his prior responses.

103.

The averments of Paragraph 103 are a purported statement of law to which no response is required. To the extent there are any factual allegations, they are denied.

104.

The averments of Paragraph 104 constitute a conclusion of law to which no response is required. Mr. Epps admits only that Plaintiff was arrested on August 8, 2025.

105.

The averments of Paragraph 105 constitute a conclusion of law to which no response is required. Mr. Epps denies that the Arrest Order was void ab initio or that Judge Hunsinger lacked subject matter jurisdiction.

106.

The averments of Paragraph 106 are a purported statement of law to which no response is required.  To the extent there are any factual allegations, they are denied.

107.

Mr. Epps denies the allegations of Paragraph 107.

108.

The averments of Paragraph 108 are a purported statement of law to which no response is required.  Mr. Epps admits only that he was Defendant Farmer's counsel in the subject Probate Court proceedings.

109.

Mr. Epps denies the allegations of Paragraph 109.

110.

Mr. Epps denies the allegations of Paragraph 110.

COUNT II - VIOLATION OF FOURTEENTH AMENDMENT RIGHTS
42 U.S.C. § 1983 – Procedural Due Process
(Against All Defendants)

111.

Paragraph 111 lacks allegations for Mr. Epps to respond to.  Mr. Epps incorporates his prior responses.

112.

The averments of Paragraph 112 are a purported statement of law to which no response is required. To the extent there are any factual allegations, they are denied.

113.

The averments of Paragraph 113 are a purported statement of law to which no response is required. To the extent there are any factual allegations, they are denied.

114.

The averments of Paragraph 114 are a purported statement of law to which no response is required. To the extent there are any factual allegations, they are denied.

115.

Mr. Epps denies the allegations of Paragraph 115.

116.

Mr. Epps denies the allegations of Paragraph 116.

117.

Mr. Epps denies the allegations of Paragraph 117.

118.

Mr. Epps denies the allegations of Paragraph 118.

119.

The averments of Paragraph 119 constitute a conclusion of law to which no response is required. To the extent there are any allegations, they are denied.

120.

Mr. Epps denies the allegations of Paragraph 120.

## COUNT III - CONSPIRACY TO VIOLATE CIVIL RIGHTS
### 42 U.S.C. § 1983
(Against All Defendants)

121.

Paragraph 121 lacks allegations for Mr. Epps to respond to. Mr. Epps incorporates his prior responses.

122.

Mr. Epps denies the allegations of Paragraph 122.

123.

Mr. Epps denies the allegations of Paragraph 123 as stated. Mr. Epps admits only that Defendant Farmer provided $40,000 in loans to his mother's estate and trust and Mr. Epps spoke with law enforcement regarding Plaintiff's likely arrest based on his willful non-compliance with Probate Court orders. All other allegations are denied.

124.

Mr. Epps denies the allegations of Paragraph 124 as stated. Mr. Epps admits only that Plaintiff was arrested.

125.

Mr. Epps denies the allegations of Paragraph 125 as stated. Mr. Epps denies that Defendants engaged in a conspiracy or otherwise jointly coordinated and schemed to deprive Plaintiff of constitutional rights.

126.

The averments of Paragraph 126 constitute a conclusion of law to which no response is required. To the extent there are any allegations, they are denied.

127.

Mr. Epps denies the allegations of Paragraph 127.

128.

Mr. Epps denies the allegations of Paragraph 128.

## COUNT IV - FALSE ARREST
### Georgia Law (O.C.G.A. § 51-7-1)
### (Against All Defendants)

129.

Paragraph 129 lacks allegations for Mr. Epps to respond to Mr. Epps incorporates his prior responses.

130.

The averments of Paragraph 130 are a purported statement of law to which no response is required. To the extent there are any factual allegations, they are denied.

131.

Mr. Epps denies the allegations of Paragraph 131.

132.

Mr. Epps denies the allegations of Paragraph 132 as stated. Mr. Epps admits only that Plaintiff was arrested pursuant to the Probate Court's Arrest Order.

133.

The averments of Paragraph 133 are a purported statement of law to which no response is required. To the extent there are any factual allegations, they are denied.

134.

Mr. Epps denies the allegations of Paragraph 134.

135.

Mr. Epps denies the allegations of Paragraph 135.

136.

The averments of Paragraph 136 constitute a conclusion of law to which no response is required. To the extent there are any allegations, they are denied.

137.

Mr. Epps denies the allegations of Paragraph 137.

## COUNT V - FALSE IMPRISONMENT
### Georgia Law (O.C.G.A. § 51-7-20)
### (Against All Defendants)

### 138.

Paragraph 138 lacks allegations for Mr. Epps to respond to. Mr. Epps incorporates his prior responses.

### 139.

The averments of Paragraph 139 are a purported statement of law to which no response is required. To the extent there are any factual allegations, they are denied.

### 140.

Mr. Epps denies the allegations of Paragraph 140. Mr. Epps admits only that Plaintiff was detained in the Oconee County Jail from August 8, 2025 through August 12, 2025.

### 141.

Mr. Epps denies the allegations of Paragraph 141.

### 142.

Mr. Epps lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 142, which are therefore denied. Plaintiff Farmer consented to his confinement by willfully violating the Probate Court's orders with notice and actual knowledge that such contemptuous behavior could be punished by confinement.

143.

Mr. Epps denies the allegations of Paragraph 143.

144.

The averments of Paragraph 144 constitute a conclusion of law to which no response is required. To the extent there are any allegations, they are denied.

145.

Mr. Epps denies the allegations of Paragraph 145.

PLAINTIFF'S PRAYER FOR RELIEF

Mr. Epps denies that Plaintiff is entitled to any of the relief he seeks.

## **AFFIRMATIVE DEFENSES**

### **FIRST DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

### **SECOND DEFENSE**

Defendants have not violated the rights of Plaintiff under any provisions of or amendments to the United States Constitution, any other United States laws, any provisions of or amendments to the Georgia Constitution, or any other Georgia laws.

### **THIRD DEFENSE**

Plaintiff's claims are barred by consent, estoppel, waiver, unclean hands, and/or acquiescence as he consented to the terms of the Consent Order, stipulated to his willful contempt of the Consent Order, and waived his rights and opportunities

to be heard.

## FOURTH DEFENSE

Plaintiff's damages, if any, were caused by Plaintiff's deliberate, willful contempt such that his criminal conduct supersedes any and all liability, if any, on the part of Defendants.

## FIFTH DEFENSE

The alleged injuries and damages sustained by Plaintiffs resulted solely from the voluntary and intentional conduct of Plaintiff, and not from any conduct of Mr. Epps.

## SIXTH DEFENSE

Plaintiff has failed to mitigate his damages.

## SEVENTH DEFENSE

Judge Hunsinger's complained-of actions were judicial act taken with jurisdiction and carried out in the good faith performance of his official, discretionary duties and without actual malice.

## EIGHTH DEFENSE

Mr. Epps has not acted under color of state law and, if he did, he is entitled, to the fullest extent allowed by law, to all constitutional, statutory, official, and common law immunities that may be applicable to Judge Hunsinger with regard to the claims asserted in this action, including, but not limited to, judicial immunity.

**NINTH DEFENSE**

Plaintiff's claims are barred against Mr. Epps the extent the injuries and damages complained of were cause by others for which Mr. Epps is not responsible.

**TENTH DEFENSE**

At all times, Mr. Epps has acted in good faith, without malice, and has not willfully violated any of Plaintiff's rights.

**ELEVENTH DEFENSE**

Plaintiff is not entitled to recover from Mr. Epps as some or all of Mr. Epps acts or omissions, if any, were not the proximate cause of Plaintiff's injuries.

**TWELFTH DEFENSE**

Plaintiff's claims for false arrest are barred as he freely admitted his guilt to the charges that were brought against him.

**THIRTEENTH DEFENSE**

Plaintiff's claims against Mr. Epps are barred because Mr. Epps is not a government official and has not engaged in a conspiracy or otherwise acted jointly with a government office to deprive Plaintiff of any rights.

**FOURTEENTH DEFENSE**

Mr. Epps asserts any and all other affirmative defenses set forth in Rule 8(c)(1) of the Federal Rules of Civil Procedure that are or may hereafter be applicable to this action.

### FIFTEENTH DEFENSE

Defendant reserves the right to plead and prove such other defenses as may become known to him during the course of the investigation and discovery.

### DEMAND FOR JURY TRIAL

Mr. Epps demands a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, Mr. Epps, having fully answered Plaintiff's Complaint, prays:

1. That Defendants be discharged without liability to Plaintiff;

2. That costs be taxed against Plaintiff; and

3. For such other and further relief as this Court deems just, proper, and equitable.

Respectfully submitted this 9th day of December 2025.

**EPPS, HOLLOWAY, DELOACH & HOIPKEMIER, LLC**

BY: _____*/s/ Kevin E. Epps*_____
   Kevin E. Epps, pro se
   Georgia Bar No. 785511

1220 Langford Drive
Building 200-101
Watkinsville, Georgia 30677
(706) 508-4000
kevin@ehdhlaw.com

## CERTIFICATE OF SERVICE

I certify that I have this date electronically filed *Defendant Kevin E. Epps'*

*Answer and Defenses* via the CM/ECF system which will automatically send email

notification of such filing to the following counsel of record:

John Baker
john@johnbaker.law
Attorney for Plaintiff Jason Farmer

This 9th day of December 2025.

**EPPS, HOLLOWAY, DELOACH
& HOIPKEMIER, LLC**

BY: _____*/s/ Kevin E. Epps*_____
Kevin E. Epps, pro se
Georgia Bar No. 785511

1220 Langford Drive
Building 200-101
Watkinsville, Georgia 30677
(706) 508-4000
kevin@ehdhlaw.com