# Court of Appeals
# of the State of Georgia

ATLANTA,  August 12, 2025

*The Court of Appeals hereby passes the following order:*

**A26E0016. JASON FARMER v. MIKE HUNSINGER, JUDGE.**

Jason Farmer moves this Court for an emergency grant of supersedeas or a writ of mandamus to compel the trial court to stay his incarceration following the trial court's grant of a Bench Warrant and Arrest Order ("Arrest Order"). See Ga. Const. of 1983, Art. VI, Sec. 1, Par. IV; OCGA § 9-11-62 (e); Court of Appeals Rule 40. Based on a notice filed by the estate administrator on August 7, 2025, that Farmer had failed to comply with a 2024 contempt order, the trial court ordered that Farmer be arrested and held in jail until further order of the court. The trial court signed the Arrest Order on August 7, 2025, but did not enter it until August 11, 2025. Farmer has been incarcerated since he was arrested pursuant to the Arrest Order on August 8, 2025. That same day, he filed a Notice of Intent to Seek Review and Application for Supersedeas in the trial court.

As provided in OCGA § 5-6-13 (a), a trial court has no discretion to grant or refuse a supersedeas in cases of contempt where the defendant has submitted written notice indicating his intent to seek review of the adjudication of contempt. See *Binkley v. Flatt*, 256 Ga. App. 263, 265-266 (2) (568 SE2d 95) (2002). "The statute calls a mandatory halt [to punishment for contempt] as a matter of right." *Calvert Enterprises, Inc. v. Griffin-Spalding County Hosp. Auth.*, 197 Ga. App. 727, 729 (1) (399 SE2d 287) (1990). Although the trial court granted Farmer's application for supersedeas on August 11, 2025, it included a supersedeas bond (of $500,000) seemingly in contravention of OCGA § 5-6-46 (a), which states that "it shall not be

DATE FILED 8/12/25
TIME 10:55 AM
CLERK  JUDGE

necessary that a supersedeas bond or other form of security be filed" unless the appellee files a motion seeking one.

Because this issue involves the incarceration of a litigant, which cannot be undone if we find error in a docketed appeal, we (noting the expedited nature of this proceeding) find that it justifies the use of our inherent authority under Court of Appeals Rule 40 (b). We therefore GRANT Farmer's emergency motion and ORDER the trial court, the Probate Court of Oconee County, to VACATE its Order for Supersedeas Bond and issue an order granting Farmer's application for supersedeas without such bond required. We further ORDER that he be released from custody instanter and that enforcement of the contempt order be stayed until such time as the underlying appeal is docketed and resolved on the merits.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 08/12/2025

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Christina Coley Smith_ , Clerk.