## Durden & Mills, P.C.
*Attorneys at Law*
1551 Jennings Mill Road
Suite # 2200B
Watkinsville, GA 30677

*Jon Mills*
*Robert Goff*

(706) 543-4708
Fax (706) 543-3738
www.durdenmillspc.com

July 12, 2023
*By e-mail and Hand Delivery*

Honorable Mike Hunsinger
Judge, Oconee County Probate Court
23 North Main Street, Room 304
Watkinsville, GA 30677

RE:   Estate of Bobby James Farmer
      Oconee County Probate Court
      Case No. F-183

DATE FILED 7/12/23
TIME 10 AM
CLERK/JUDGE

Dear Judge Hunsinger:

I am writing in regards to the above-stated estate and particularly the pending Motion to Compel Surrender of Personal Property filed against Mr. Jason Farmer concerning certain construction equipment. On June 14, 2023, a hearing was held on that motion which resulted in a stipulation among all interested parties regarding the Court's adoption of the terms for a proposed Consent Protective Order.

Present at the hearing were the following:
- Mr. Adam Hebbard, as attorney for Mr. Jason Farmer. Mr. Jason Farmer was not personally in the courtroom. It is my understanding Mr. Jason Farmer's mother-in-law was hospitalized at the time.
- I was present in my capacity as Temporary Administrator for the Estate of Bobby James Farmer;
- Mr. Kevin Epps was present as attorney for Mr. James Dale Farmer. In addition, Mr. James Dale Farmer and several of his immediate family members were present.
- Mr. J. Enrique Morales was present as attorney for Christie Lynn Mitchell.

The transcript from the hearing date is enclosed for your consideration. As set forth therein, the Court was informed of the parties and attorneys present and the capacity for which they were appearing. Mr. Hebbard announced in open court that he had been in contact with his client and they agreed to the terms of the proposed order. See Page 22, Lines 18-23 of the Transcript.

After the transcript was provided from the June 14, 2023 hearing, I prepared a draft order entitled "Consent Protective Order – Construction Equipment". In as much as these cases are highly litigated, I did not find it appropriate to send the first version of the proposed order out to all four attorneys at once since that often times makes it hard to consolidate proposed changes when three different revisions come back at once.

Letter to Judge Hunsinger
July 12, 2023
Page 2

Since Mr. Epps initiated the Motion to Compel Surrender of Personal Property on behalf of Mr. James Dale Farmer to initiate the process regarding the June 14, 2023 hearing, I sent the first draft to him on June 17, 2023 requesting his approval. On June 22, 2023, I received an e-mail from the paralegal for Mr. Epps that the proposed order was approved.

On June 20, 2023, I sent an e-mail to Mr. Hebbard, on behalf of Mr. Jason Farmer, to request his approval1. To the extent Mr. Jason Farmer is the primary interested party obligated by the terms of the proposed order, it seemed appropriate to send it to him second. I did not get a response from Mr. Epps on June 21, 2023 after their scheduled meeting. A follow up e-mail was sent on June 29, 2023 to Mr. Hebbard. It was expressed at that time that I intended to submit the draft order to the Court for review on June 30, 2023 so his prompt attention was requested.

On June 22, 2023, I sent the proposed order via e-mail to Mr. Mark Stuckey and Mr. Enrique Morales on behalf of Christie Mitchell. I sent a follow-up e-mail to them on June 29, 2023 requesting feedback. It was expressed at that time that I intended to submit the draft order to the Court for review on June 30, 2023 so their prompt attention was requested. On June 29, 2023, Mr. Stuckey responded with a proposed change. To avoid any confusion, I sent an e-mail on June 30, 2023 to Mr. Stuckey and the other attorneys to clarify that they approved the proposed order, except for one change. My e-mail included the following:

---

> Mark:
>
> I only notice one addition. Is that correct?
>
> While this was not discussed at the hearing, I do not disagree with the proposed language. Can we please get a response from Kevin and Adam?
>
> > (e) <u>Disposition of Rent Proceeds</u>: Upon the conclusion of the Superior Court litigation, the Estate Representative shall distribute the rent proceeds collected pursuant to this order as follows:
> >
> > i.  If it is determined in the Superior Court litigation that the Subject Equipment is the property of Jason, then the rent proceeds collected by the Estate Representative shall be distributed without deduction to Jason E. Farmer.
> >
> > ii. If it is determined in the Superior Court litigation that the Subject Equipment is not the property of Jason, but instead the property of the Estate of Bobby Farmer and/or the Estate of Judy L. Farmer, then the rent proceeds collected by the Estate Representative shall be distributed outright and without deduction<u>, except for the reasonable attorney's fees and costs necessary to adjudicate this matter</u>, equally among James Dale Farmer, Jason E. Farmer, Jeremy D. Farmer.[1]

---

[1] The actual attachment was inadvertently not included on the e-mail dated June 20, 2023. However, the attachment was promptly sent to Mr. Hebbard on June 22, 2023 when he noticed it was missing. At that time, Mr. Hebbard indicated his client was going to be coming for an office meeting to meet with him on June 23, 2023.

Letter to Judge Hunsinger
July 12, 2023
Page 3

Mr. Stuckey promptly responded on June 30, 2023 to say "That's correct". Mr. Epps subsequently responded on July 9, 2023 stating he did not approve the edit proposed by Mr. Stucky.
On July 9, 2023, I sent an e-mail to all counsel. I requested a response from Mr. Hebbard by noon on July 10, 2023 since we had already been waiting several weeks. I also requested a response from Mr. Stuckey regarding his willingness to withdraw the proposed edit since it was not approved by Mr. Epps and is not consistent with the transcript. To date, I have received no response from Mr. Stuckey or Mr. Morales regarding their willingness to remove the proposed edit.

It appears Mr. Jason Farmer has hired Stacey L. Ferris and Sean S. Golan of Georgia Probate Law Group to represent him in the matters related to the Farmer Estates and the Farmer Trust. They filed an Entry of Appearance in the related Superior Court litigation on July 7, 2023. Similarly, they submitted an Entry of Appearance via mail for the Judy Farmer estate and the Bobby Farmer estate in the Oconee County Probate Court.

It has now come to my attention that Jason Farmer is opposing entry of the proposed Consent Protective Order – Construction Equipment. Although we have not been provided with any explanation as to the disputed terms, it was alleged by Ms. Ferris on July 11, 2023 that Mr. Jason Farmer did not approve the terms of the proposed order. While Mr. Farmer may be unsatisfied with the agreed upon terms, his legal counsel, Mr. Adam Hebbard, has the legal authority to bind his client.

Under well-established Georgia law, attorneys have the apparent authority to enter into agreements on behalf of their clients, and those agreements are enforceable against the clients by other settling parties. *Groves v. Gibbs*, 367 Ga. App. 730, 732 (2023); *Progressive Mountain Ins. Co. v. Butler*, 364 Ga. App. 439, 441 (2022); O.C.G.A. § 15-19-5. Put another way, unless an opposing party has been made aware of express restrictions on the attorney's authority to settle, that authority "may be considered plenary by the court and opposing parties," and the attorney's assent to an agreement will bind the client. If it alleged that an attorney "oversteps" the bounds of his agency in negotiating on the client's behalf and reaches an agreement he did not authorize, the client's remedy for that problem is to seek redress against the attorney. *Progressive* at 425-26.

On behalf of the Estate of Bobby Farmer, I am kindly asking the Court to address this matter without further delay. A stipulation was entered and approved by the court on June 14, 2023. The ongoing delays are continuing to expose the estate to unnecessary financial risk. The delay is also impacting our ability to proceed with the Superior Court litigation regarding the actual ownership dispute.

As the Court may recall, a similar Motion to Compel Surrender of Personal Property filed against Christie Lynn Mitchell regarding silver coins and a certain 2014 Toyota Avalon vehicle. A Consent Protective Order was issued requiring the prompt surrender of the silver coins and protective terms regarding the subject vehicle.

It is most frustrating that the these ongoing delays and failures to communicate timely are negatively impacting my ability to move the process forward. Similarly, the complications are increasing the time and expenses necessary to handle this estate which lacks liquidity to cover expenses.

Letter to Judge Hunsinger
July 12, 2023
Page 4

I have enclosed the following for your rereview.

1. Transcript from June 14, 2023

2. *Proposed* Consent Protective Order – Construction Equipment (approved by Mr. Epps and myself)

3. *Proposed* Consent Protective Order – Construction Equipment (edited by Mr. Stuckey, but opposed by Mr. Epps and myself since it is not consistent with the transcript)

All of the relevant parties will be present and/or represented at the hearing later today on the Estate of Bobby Farmer concerning the Petition for Letters of Administration with Will annexed (Will Previously Probated). If deemed appropriate, the Court may want to have an impromptu status conference regarding the pending order. Alternatively, I ask the Court to consider signing the ccc.

I would like to thank you in advance for assistance in this matter. If you have any questions regarding this matter, I may be reached by telephone at (706) 543-4708 or e-mail at jon@durdenmillspc.com.

Sincerely,

Jon Mills

cc: Mark Stuckey, Attorney for Christie Mitchell (by e-mail)
    J. Enrique Morales, Attorney for Christie Mitchell (by e-mail)
    Kevin Epps, Attorney for James Farmer (by e-mail)
    Adam Hebbard, Attorney for Jason Farmer (by e-mail)
    Stacey L. Ferris, Attorney for Jason Farmer (by e-mail)
    Sean S. Golan, Attorney for Jason Farmer (by e-mail)