IN THE PROBATE COURT OF OCONEE COUNTY
STATE OF GEORGIA

IN RE: ESTATE OF )
)
**BOBBY JAMES FARMER,** ) ESTATE NO. F-183
**DECEASED** )

## CONSENT PROTECTIVE ORDER

The above-stated case came before the Court on April 19, 2023 for a show cause hearing on the Motion to Compel Surrender of Personal Property filed by the Temporary Administrator of the above-referenced estate. Present at the hearing was the Movant, Jon Mills, Temporary Administrator for the Estate of Bobby James Farmer and the Respondent, Christie Mitchell, who was represented by Mark Stuckey. In addition, James Dale Farmer was present and represented by Kevin Epps. After the Court considered the stipulation of the Movant and Respondent, IT IS HEREBY ORDERED AS FOLLOWS:

### 1.
### SILVER AND COLLECTOR COINS

As Temporary Administrator, the Movant has asserted that certain collector coins and silver coins ("Subject Coins") are property of the Estate of Bobby James Farmer. The Respondent has opposed the request and claimed to be the owner of the Subject Coins. The Respondent, Christie Mitchell, shall comply with the following until further order:

(a) <u>Description</u>: As used herein, the term Subject Coins includes all of the collector coins and silver coins once located at the Farmer residence located at 2100 Malcom Bridge Road Watkinsville, GA 30677 ("Farmer Residence"). The Subject Coins subject to this order include the following:

   i. Four Yellow Canadian Silver Maple Leaf Monster Boxes (approx. 500 silver coins each);

   ii. Six Green American Silver Eagle Monster Boxes (approx. 500 silver coins each); and

   iii. Three Boxes of Miscellaneous Silver and other Collector Coins

(b) <u>Possession</u>: Until further order of this Court or until the issuance of an order entered by the Oconee County Superior Court declaring the proper owner of the Subject Coins, the Movant, Jon Mills, Temporary Administrator for the Estate of Bobby James Farmer, shall be permitted to take possession and safeguard the Coins for the benefit of the Estate until the ownership issue is resolved.

   i. As of the date of the hearing, the large safe located at the Farmer Residence where the Subject Coins were previously located was locked and the parties were unable to access same. Since that time, the Movant has arranged for a locksmith to assist with the opening of the safe and had the access code changed.


DATE FILED 5/24/23
TIME 8:17AM
CLERK/JUDGE

Page -1-

In Re: Estate of Bobby James Farmer
Estate No. F-183
Consent Protective Order

    ii. The Respondent shall coordinate with the Movant to retrieve the Subject Coins on Friday, May 26, 2023 at 9:00 a.m., or other mutually agreeable time, from the residence of the Respondent. The Movant and Respondent shall conduct a video inventory of the Subject Coins at the time of exchange. The video inventory shall be made available to any interested person upon request. Until the Subject Coins are exchanged, the Respondent shall diligently safeguard same and report any loss to the Movant upon notice.

    iii. After the exchange, the Movant shall transport the Subject Coins to the Farmer Residence and place the Coins in the safe.

    iv. The Parties acknowledge there are other collector coins, including possibly silver coins, at the Farmer Residence that were not removed from the Farmer Residence. The Respondent does not assert direct ownership of those coins. The other coins shall not be comingled with the Subject Coins, but may be kept in the same safe.

(c) Ownership Dispute: The issue concerning ownership of the Subject Coins shall be decided by the Superior Court of Oconee County as the Probate Court lacks jurisdiction to decide same. See: *Cunningham v. Estate of Cunningham*, 304 Ga. App. 608 (2010). The Movant may request a transfer order or initiate an independent Superior Court action to resolve same.

(d) Duration: This protective order shall remain in full force and effect throughout the duration of the Superior Court litigation until the ownership issue is resolved and the Subject Coins are surrendered to the appropriate party.

(e) Disposition: The Court also received testimony from the Respondent concerning the Subject Coins. The Respondent testified that since taking possession of various collector coins and silver coins from the Farmer Residence prior to the death of her mother, the Respondent has not sold or otherwise disposed of any such coins.

## 2.
## VEHICLE

As Temporary Administrator, the Movant has asserted that a certain 2014 Toyota Avalon (VIN No. 4T1BD1EB7EU034297) ("Subject Vehicle") is property of the Estate of Bobby James Farmer. The Respondent has opposed the request and claimed to be the owner of the Subject Vehicle. The Respondent, Christie Mitchell, shall comply with the following until further order:

(a) Possession: Until further order of this Court or until the issuance of an order entered by the Oconee County Superior Court declaring the proper owner of the Subject Vehicle, the Respondent shall be permitted to retain possession and use of the Subject Vehicle.

(b) Use: The Subject Vehicle may only be used by Christie Lynn Mitchell, her husband, Rusty Mitchell, or her daughter, Madelyn Mitchell in a lawful manner. No other person shall be permitted to drive the Subject Vehicle, without exception.

(c) Ownership Dispute: The issue concerning ownership of the Subject Vehicle shall be decided by the Superior Court of Oconee County as the Probate Court lacks jurisdiction to decide same. See: *Cunningham v. Estate of Cunningham*, 304 Ga. App. 608 (2010). The Movant may request a transfer order or initiate an independent Superior Court action to

In Re: Estate of Bobby James Farmer
Estate No. F-183
<u>Consent Protective Order</u>

    resolve same. The Movant and Respondent waive the right to seek a jury trial on issues concerning ownership of the Subject Vehicle. Instead, the issue shall be resolved via bench trial, unless earlier resolved by summary judgment.

(d) <u>Insurance</u>: Respondent shall maintain comprehensive automobile insurance on the Subject Vehicle at her expense until the ownership issue is resolved or further order of the Court. Reasonable proof of the insurance shall be provided by Respondent upon request.

(e) <u>Notice of Insurance Claim</u>: In the event the Subject Vehicle is involved in an accident or other event that results in a possible insurance claim, Respondent shall provide immediate notice thereof to the acting personal representative for the Estate of Bobby James Farmer. Settlement of the claim shall be decided by mutual agreement of Respondent and the personal representative of the Estate. Unless otherwise ordered by the Court, any proceeds shall be held in the IOLTA Trust Account of the attorney for Respondent, if any, and otherwise by the in the IOLTA Trust Account of Movant until the ownership issue is resolved.

(f) <u>Duration</u>: This protective order shall remain in full force and effect throughout the duration of the Superior Court litigation until the ownership issue is resolved and the Subject Vehicle is surrendered to the appropriate party.

SO ORDERED this _23_ day of May, 2023.

_____
Honorable Mike Hunsinger
Judge, Oconee County Probate Court

Prepared by:

_____
Jon Mills
Temporary Administrator
Ga. Bar No. 355356

Consented to by:

*Mark Stuckey*
_____
Mark Stuckey
Attorney for Christie Mitchell
Ga. Bar No. 256603
*(with express permission by J. Mills)*

Page -3-