IN THE PROBATE COURT OF OCONEE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **IN RE: ESTATE OF** | ) |
| | ) |
| **BOBBY JAMES FARMER,** | )   **ESTATE NO. F-183** |
| **DECEASED** | ) |

**PROTECTIVE ORDER – CONSTRUCTION EQUIPMENT**

The above-stated case came before the Court on June 14, 2023 for a show cause hearing on the Motion to Compel Surrender of Personal Property filed by James D. Farmer against Jason E. Farmer. Present at the hearing were the following:
 (1) James D. Farmer, who was represented by Kevin Epps;
 (2) Adam Hebbard on behalf of Respondent, Jason E. Farmer[1];
 (3) J. Enrique Morales on behalf of Christie L. Mitchell; and
 (4) Jon Mills, Temporary Administrator for the Estate of Bobby James Farmer.

As used herein, the term "Interested Parties" shall refer to James D. Farmer, Jason E. Farmer, Christie Mitchell and Jon Mills, in his representative capacity as Temporary Administrator for the Estate of Bobby James Farmer.

To the extent there is a pending petition concerning the appointment of a permanent administrator for the Estate of Bobby James Farmer, the role and rights of the Temporary Administrator set forth herein shall be handled by the permanent personal representative for the Estate of Bobby Farmer upon appointment. This role shall be referred to as "Estate Representative" for all purposes herein.

At the hearing on June 14, 2023, counsel for the parties recited the terms of the stipulation in open court which was thereafter approved by the Court. Thereafter, each of the respective attorneys confirmed in open court their approval of this stipulation and terms for this protective order. This colloquy was recorded by the Court Reporter and later transcribed. The Court and counsel for the parties have had the opportunity to review the transcript and the Court finds that this order is consistent with the terms of the stipulation announced in open court on June 14, 2023. Since that time, Mr. Hebbard, counsel for Jason E. Farmer, has not approved the terms of this order or provided any suggested changes. New counsel for Jason E. Farmer have opposed the entry of this order at this time suggesting Mr. Hebbard did not have authority to agree to some of the terms announced in open court. After considering this matter in a status conference on July 12, 2023 with counsel for all respective parties in attendance, the Court declines to delay entry of this order. The Court further finds Georgia law provides that attorneys have the apparent authority to enter into agreements on behalf of their clients, and those agreements are enforceable against the clients by other settling parties. See: *Groves v. Gibbs*, 367 Ga. App. 730, 732 (2023); O.C.G.A. § 15-19-5.

---

[1] Since the hearing on June 14, 2023, Jason E. Farmer has hired new counsel, Stacey L. Ferris and Sean S. Golan of Broel Law, LLC. They submitted their Entry of Appearance via mail on July 7, 2023. At the present time, Mr. Hebbard has not filed a motion to withdraw as counsel for Jason E. Farmer.

Page -1-

DATE FILED 7/14/23
TIME 8:30 AM
CLERK/JUDGE

In Re: Estate of Bobby James Farmer
Estate No. F-183
Protective Order – Construction Equipment

After the Court considered the stipulation of the Interested Parties as reflected in the transcript from the hearing on June 14, 2023, IT IS HEREBY ORDERED AS FOLLOWS:

1.
**SUBJECT EQUIPMENT**

A claim on behalf of the Estate of Bobby James Farmer has asserted that certain construction equipment ("Subject Equipment") is property of the Estate of Bobby James Farmer. The Respondent, Jason E. Farmer has opposed the request and claimed to be the lawful owner of the Subject Equipment. Notwithstanding the disputed ownership, the Interested Parties have agreed to comply with the following until further order:

(a) <u>Description</u>: As used herein, the term Subject Equipment shall include the following items:

| Item Description | VIN/SN |
|---|---|
| 1986 P & H Omega 50 Ton Crane | |
| 1999 Skytrack 8042 | |
| 1986 GMC Dump Truck ME6500 | 1GBT7D4G6GV115050 |
| 1994 Hooper Gooseneck Trailer | |
| LS 180 2003 New Holland Skid Steer | |
| LS 180 New Holland Skid Steer | |
| Exmark Zero Turn Lawn Mower | |
| Kubota B9200 Tractor | |
| Horton Black Enclosed Trailer | |
| Bandsaw from Shop | |
| Tension Control Wrench | |
| Forks for Skid Steer | |
| Auger for Skid Steer | |
| 12" Bit for Skid Steer | |
| 24" Bit for Skid Steer | |
| Ranger Mig Welder | |
| Skid Steer Trencher | |
| Part for Purabga Metal Fabrication Machine | |
| 1980 Loarrian 35 Ton Trane | 6101550104 |
| 1979 P & H Omega 30 Ton Crane (60k lbs) | |

(b) <u>Possession</u>: Until further order of this Court or until the issuance of an order entered by the Oconee County Superior Court declaring the proper owner of the Subject Equipment and

In Re: Estate of Bobby James Farmer
Estate No. F-183
Protective Order – Construction Equipment

subject to the lease terms set forth in subsection (d) below, the Estate Representative shall be permitted to take possession and safeguard the Subject Equipment for the benefit of the Estate until the ownership issue is resolved.

(c) <u>Ownership Dispute</u>: The issue concerning ownership of the Subject Equipment shall be decided by the Superior Court of Oconee County as the Probate Court lacks jurisdiction to decide same. See: *Cunningham v. Estate of Cunningham*, 304 Ga. App. 608 (2010). The Estate Representative may request a transfer order or initiate an independent Superior Court action to resolve same. The Interested Parties waive the right to seek a jury trial on issues concerning ownership of the Subject Equipment. Instead, the issue shall be resolved via bench trial, unless earlier resolved by summary judgment.

   i. <u>No Admission Concerning Ownership</u>: The Interested Parties agree that the consent to this Protective Order is done solely for the purposes of compromise and shall not be construed as an admission by Jason E. Farmer concerning ownership of the Subject Equipment.

(d) <u>Lease Option</u>: It is acknowledged by the Interested Parties that Jason E. Farmer ("Jason") uses the Subject Equipment in his steel building business operation. Jason operates his fabrication business under his personal name and through his limited liability company known as LBF Welding, LLC (collectively referred to as "Jason's Business").

   i. <u>Use</u>: Subject to full compliance with the terms of this Order, Jason shall be permitted to continue to utilize the Subject Equipment in his fabrication business.

   ii. <u>Original Rent Payments</u>: Jason acknowledges that prior to the passing of his father, Bobby James Farmer, in April 2020, he paid his father $5,000.00 per job for the benefit of utilizing his father's equipment to complete the job. After his father passed, Jason continued with the same arrangement and made the payments to his mother, Judy Lenora Farmer. As of the entry of this order, Jason acknowledges he owes $5,000.00 to the Estate of Judy Farmer related to a job that he was working in July 2020 prior to the purported transfer of the equipment in July 2020. This amount should be paid by Jason to the Estate of Judy L. Farmer within thirty (30) days.

   iii. <u>Inspection</u>: The Estate Representative shall be authorized to inspect the Subject Equipment at any time and at any location with or without notice. Jason authorizes the Estate Representative and any designated representatives to visit and inspect any of the Subject Equipment at such times and as often as may reasonably be desired and with or without reasonable advance notice.

   iv. <u>Notice Prior to Relocation</u>: Jason shall be obligated to provide notice to the Estate Representative via e-mail prior to relocating any of the Subject Equipment. The notice shall provide detailed information regarding the location where the Subject Equipment will be moved and the name of the project. This notice requirement is mandatory and intended to provide accountability regarding the project count for purposes of calculating the required rent. If all of the Subject Equipment is not located at the same job site or storage location, an itemized report shall be provided.

In Re: Estate of Bobby James Farmer
Estate No. F-183
Protective Order – Construction Equipment

    v.    <u>Monthly Reports</u>: Jason shall be obligated to provide the Estate Representative with a sworn monthly report each month concerning the specific location / project where the equipment was located through the proceeding month. The monthly report shall be sent via e-mail to the Estate Representative on or before the 10th day of the following month. For example, the report for June 2023 shall be due on or before July 10, 2023. If all of the Subject Equipment is not located at the same job site or storage location, an itemized report shall be provided.

    vi.    <u>Rent Payment Obligation</u>: Jason shall pay rent for use of the Subject Equipment in the amount of $5,000.00 per job. The rent payable for a particular job shall be "booked" based on the month the job is substantially completed and/or when the Subject Equipment is removed from the job site whichever is earlier.

        i.    It is anticipated that one or more jobs will be completed by Jason and/or Jason's Business each month. In the event there is no rent allocated for a job completion in a particular month, a minimum monthly rent of $2,500.00 shall be due and payable consistent with the rent due for completed jobs.

        ii.    <u>Due Date</u>: The rent due for each month shall be paid to the Estate Representative on or before the 10th day of the following month. For example, the rent payment for June 2023 shall be due on or before July 10, 2023.

        iii.    <u>Calculation of Monthly Rent</u>: The Monthly Report described in subjection (V) above shall also include a calculation for the rent amount owed pursuant to this Order for the month.

    vii.    <u>Prior Accounting</u>: Jason acknowledges that rent has not been paid for the Subject Equipment since July 4, 2020. Jason acknowledges an obligation to pay rent of $5,000.00 per job since July 4, 2020 remains outstanding. Jason shall provide a sworn accounting to identify the jobs completed by Jason and/or Jason's Business since July 4, 2020 with the Subject Equipment. The accounting shall be provided to the Estate Representative on or before August 15, 2023.

    viii.    <u>Insurance</u>: Jason and/or Jason's Business shall maintain comprehensive insurance on the Subject Equipment at his expense until the ownership issue is resolved or further order of the Court. The insurance shall provide adequate coverage to the reasonable satisfaction of the Estate Representative for general liability coverage, plus comprehensive physical damage coverage for the Subject Equipment. Reasonable proof of the insurance shall be provided to the Estate Representative by Jason upon request. The Estate of Bobby James Farmer shall be listed as an "Additional Insured" on the insurance policy(s) regarding the Subject Property.

    ix.    <u>Notice of Insurance Claim</u>: In the event the Subject Equipment is involved in an accident or other event that results in a possible insurance claim, Jason shall provide immediate notice thereof to the Estate Representative. Settlement of the claim shall be decided by mutual agreement of Jason and the Estate Representative. Unless otherwise ordered by the Court, any proceeds shall be held in the IOLTA Trust Account of the attorney for Estate Representative until the ownership issue is resolved. Any funds would be distributed pursuant to the Superior Court litigation.

In Re: Estate of Bobby James Farmer
Estate No. F-183
Protective Order – Construction Equipment

      x.    **No Transfers or Encumbrances**: Jason and/or Jason's Businesses shall not encumber, pledge, hypothecate, or otherwise transfer any interest in the Subject Equipment. It is acknowledged that the Subject Property is currently free and clear of all encumbrances.

(e) **Disposition of Rent Proceeds**: Upon the conclusion of the Superior Court litigation, the Estate Representative shall distribute the rent proceeds collected pursuant to this order as follows:

    i.    If it is determined in the Superior Court litigation that the Subject Equipment is the property of Jason, then the rent proceeds collected by the Estate Representative shall be distributed without deduction to Jason E. Farmer.

    ii.    If it is determined in the Superior Court litigation that the Subject Equipment is not the property of Jason, but instead the property of the Estate of Bobby Farmer and/or the Estate of Judy L. Farmer, then the rent proceeds collected by the Estate Representative shall be distributed outright and without deduction equally among James Dale Farmer, Jason E. Farmer, Jeremy D. Farmer.[2]

    iii.    This provision regarding the distribution of rent proceeds is not intended to resolve any issues or claims not specifically addressed herein.

(f) **Violation of Order**:

    i.    **General Non-Compliance**: In the event it is determined by Estate Representative that Jason and/or Jason's Business have not complied with any obligation pursuant to this order, the Estate Representative shall provide prompt notice thereof to Jason with a copy to Jason's legal counsel, if any, via e-mail. Thereafter, Jason shall have five (5) days to cure any deficiency. If the deficiency is not cured within the permitted period, then Jason's privilege to lease the Subject Equipment from the Estate of Bobby James Farmer shall be terminated indefinitely.

    ii.    **Intentionally Misrepresentation**: Notwithstanding the forgoing, in the event it is determined by Estate Representative that Jason and/or Jason's Business has misrepresented any fact issue concerning the whereabouts of the Subject Equipment, use of the Subject Equipment for a job, and/or the project count for calculating the outstanding rent owed, then Jason's privilege to lease the Subject Equipment from the Estate of Bobby James Farmer shall be terminated indefinitely.

    iii.    **Return of Equipment**: Upon termination of Jason's privilege to lease the Subject Equipment from the Estate of Bobby James Farmer, the Subject Equipment shall be returned to the control and possession of the Estate Representative. Upon notice of same, Jason and Jason's Business shall be responsible for promptly returning all of the Subject Equipment to the location designated by the Estate Representative. Additionally, the Estate Representative shall be permitted to take appropriate action to reclaim the Subject Equipment from wherever it is located to safeguard and return to the Farmer property on Malcom Bridge Road.

---

[2] This allocation is based on the terms of the Irrevocable Trust of Judy Lenora Farmer dated August 12, 2020.

In Re: Estate of Bobby James Farmer
Estate No. F-183
Protective Order – Construction Equipment

   (g) <u>Duration</u>: This protective order shall remain in full force and effect throughout the duration of the Superior Court litigation until the ownership issue is resolved and the Subject Equipment is surrendered to the appropriate party.

   SO ORDERED this ____ day of July, 2023, nunc pro tunc to June 14, 2023.

                                        */s/ Mike Hunsinger*
                                        Honorable Mike Hunsinger
                                        Judge, Oconee County Probate Court

| Consented to by: | Consented to by: |
|---|---|
| *Kevin E. Epps* | *See Transcript 06-14-23* |
| Kevin E. Epps | Adam Hebbard |
| Attorney for James D. Farmer | Attorney for Jason E. Farmer |
| Ga. Bar No. 785511 | Ga. Bar No. 221050 |
| *(by J. Mills with express permission)* | |
| | |
| Prepared by: | Consented to by: |
| *Jon Mills* | *Mark Stuckey* |
| Jon Mills | Mark Stuckey/J. Enrique Morales |
| Temporary Administrator | Attorney for Christie Mitchell |
| Ga. Bar No. 355356 | Ga. Bar No. 256603/480978 |
| | *(by J. Mills with express permission)* |

Page -6-

In Re: Estate of Bobby James Farmer
Estate No. F-183
Protective Order – Construction Equipment

    (g) <u>Duration</u>: This protective order shall remain in full force and effect throughout the duration of the Superior Court litigation until the ownership issue is resolved and the Subject Equipment is surrendered to the appropriate party.

SO ORDERED this __14__ day of July, 2023, nunc pro tunc to June 14, 2023.

                                                        _/s/ Mike Hunsinger_
                                                  Honorable Mike Hunsinger
                                                  Judge, Oconee County Probate Court

| Consented to by: | Consented to by: |
|---|---|
| *Kevin E. Epps* | *See Transcript 06-14-23* |
| Kevin E. Epps | Adam Hebbard |
| Attorney for James D. Farmer | Attorney for Jason E. Farmer |
| Ga. Bar No. 785511 | Ga. Bar No. 221050 |
| *(by J. Mills with express permission)* | |

| Prepared by: | Consented to by: |
|---|---|
| *Jon Mills* | *Mark Stuckey* |
| Jon Mills | Mark Stuckey/J. Enrique Morales |
| Temporary Administrator | Attorney for Christie Mitchell |
| Ga. Bar No. 355356 | Ga. Bar No. 256603/480978 |
| | *(by J. Mills with express permission)* |