IN THE SUPERIOR COURT OF OCONEE COUNTY
STATE OF GEORGIA

JASON FARMER,

    Petitioner

v.

PROBATE COURT OF OCONEE
COUNTY, STATE OF GEORGIA,
JUDGE MIKE HUNSINGER

    Respondents.

## RULE 40 EMERGENCY MOTION FOR SUPERSEDEAS BOND or MANDAMUS ORDER

Petitioner Jason Farmer, by and through undersigned counsel, files this Emergency Petition for Supersedeas Bond pursuant to O.C.G.A. §§ 5-6-46 and 5-6-13 and request for exercise of the Court's Mandamus jurisdiction pursuant to Rule 40(a-c), showing the Court as follows:

### TIME SENSITIVITY AND NECESSITY

1.     Petitioner is presently incarcerated in the Oconee County Jail pursuant to an August 8, 2025 Bench Warrant and Arrest Order in connection with a judgment of criminal without prior notice or hearing, and without subject matter jurisdiction , judicial power under the Georgia Constitution, or due process. Each day of continued confinement constitutes irreparable harm per se, and this Court's immediate intervention is necessary to preserve its jurisdiction, prevent a continuation of a false arrest and false imprisonment, and abate potential mootness of substantive issues on Appeal.

DATE FILED 8/12/25
TIME 8:00 AM
CLERK JUDGE

2. On August 5th, 2025 the Oconee County Probate Court issued a Rule Nisi setting a hearing three days later on August 8th, 2025[1] as to "why Jason Farmer should not be incarcerated" based on a previous "Interim Order" of contempt.

3. On August 7th, 2025, the Court entered two separate Orders. While purporting to stay the issue of Jason Farmer's incarceration based on an "Order for Continuance" that "…will continue the hearing" as to "…why Jason Farmer should not be incarcerated…until a..date to be determined by the Court.", the Court secretly[2] issued a "Bench Warrant and Arrest Order" commanding the Sheriff to arrest Jason Farmer without a prior hearing or due process.

4. Jason Farmer was seized in Athens-Clarke County at his place of business on August 8th by Athens-Clarke County Police and held there for Deputies of the Oconee County Sheriff's Office, who incarcerated Jason in the Oconee County Jail.

5. Jason Farmer was subjected to a false arrest because **the Probate Court's Orders relating to Jason Farmer's "contempt" were issued without subject matter jurisdiction** over disputed property, or any judicial power conferred by the Georgia Constitution.

> *As the probate court is without jurisdiction to determine matters respecting title to personal property, this issue must be decided in the proper forum in order to confer authority upon the probate court to*

---

[1] In doing so, the Court disregarded its Rules. According to Rule 10.5, "Hearings on contested matters shall be set by the court upon the request of any interested party, at the next available hearing date, and notice shall be given by first class mail at least ten (10) days in advance to all interested parties."

[2] Although the Order for Continuance was emailed to all counsel when it was entered on August 7th, notice of the Bench Warrant and Arrest Order was withheld until it was emailed by the Court to all counsel earlier this morning, August 11, 2025.

> *determine whether such property belongs in the estate, and therefore, in the executor's possession...*
>
> *..An order of contempt cannot be based on noncompliance with a void order. "Where the pleadings show on their face that the court is without jurisdiction of the subject-matter ... any preliminary order or final judgment rendered therein is void; and disobedience of a void mandate, order, or judgment, ... is not contempt of court.*

In re Est. of Adamson, 215 Ga. App. 613, 613, 451 S.E.2d 501, 502 (1994)

6. Petitioner has timely applied for a supersedeas bond and submitted a notice of appeal of the Probate Court's contempt and arrest orders to this Court – including payment of costs - and now seeks supersedeas to stay his incarceration pending appellate review.   (See Exhibits D and E)

7. Petitioner, who has been incarcerated since August 8th, is currently incarcerated in violation of Georgia and Federal law, and absent the grant of supersedeas bond, his liberty will be wrongfully restrained before this Court can consider the merits of his appeal.

7. In *Ramsey v. Ramsey*, 231 Ga. 334, 201 S.E.2d 429 (1973), the Supreme Court of Georgia held that appeals from contempt orders are directly appealable and that supersedeas may issue to stay execution of incarceration pending appellate determination.

8. Even though O.C.G.A. § 5-6-13 expressly requires the Probate Court to grant supersedeas in these circumstances, the Court has refused to issue a reasonable bond since the application for supersedeas was provided to the Court

on August 8, 2025.[3]

9. Without an emergency grant of supersedeas bond or an exercise of the Court's mandamus powers, Petitioner will suffer immediate and irreparable loss of liberty.

10. The equities weigh overwhelmingly in favor of preserving the status quo until jurisdictional and substantive issues can be reviewed on appeal.[4]

11. No prejudice will accrue to Respondent by granting a supersedeas bond, as the matter concerns civil enforcement and alleged property disputes, not ongoing threats to public safety.

12. Mandamus lies in this Court rather than in superior court because this relief is necessary to protect the Court of Appeals' jurisdiction over Petitioner's direct appeal from the contempt order. The Probate Court's refusal to grant a mandatory statutory supersedeas directly impairs this Court's ability to decide the appeal.

WHEREFORE, Petitioner respectfully requests that this Court:

a. Immediately grant this Emergency Petition for Supersedeas Bond, or, in the alternative, exercise its Mandamus powers to compel the Probate Court to issue a Supersedeas Bond;

b. Stay all proceedings to execute the Probate Court's arrest order pending

---

[3] Just as Petitioner was set to e-file this Petition, he received a purported "Order for Supersedeas Bond" conditioning release on payment of "$500,000.00", which is attached hereto as an exhibit.

[4] Although other procedural aspects of this dispute were previously litigated in this Court without reaching the merits, this is the first request for relief in connection with the Probate Court's "Bench Warrant" issued on August 7th, 2025 issued without subject matter jurisdiction or judicial power and resulting in the false arrest of Jason Farmer.

resolution of Petitioner's appeal; and

c.    Grant such other and further relief as this Court deems proper.

Respectfully submitted this 11th day of August, 2025.

/s/ **John Baker**
John Baker
Georgia Bar No. 033797
JOHN BAKER LAW
1551 Jennings Mill Rd. Suite 3100B
Watkinsville, GA 30677
(706) 608-2406
john@johnbaker.law
Attorney for Jason Farmer

## CERTIFICATE OF SERVICE

I hereby certify that I have this 11 day of August, 2025, served a copy of the foregoing Emergency Petition upon Respondents and all counsel of Record by depositing it for mailing with the United States Postal Service with proper postage attached thereto, and addressed to the following:

Judge Mike Hunsinger
Oconee County Probate Court
23 N. Main St.
Watkinsville, GA 30677

Jon Mills
Durden & Mills
1551 Jennings Mill Rd.
Watkinsville, GA 30677

Mark Stuckey
Hughes & Associates
390 West Crogan Street, Suite 230
Lawrenceville, GA 30046-6913

Kevin Epps
1220 Langford Drive
Bldg 200 Suite 101
Watkinsville, GA 30677

Respectfully submitted this 11th day of August, 2025.

/s/ John Baker
John Baker
Georgia Bar No. 033797
JOHN BAKER LAW
1551 Jennings Mill Rd. Suite 3100B
Watkinsville, GA 30677
(706) 608-2406
john@johnbaker.law
Attorney for Jason Farmer

IN THE PROBATE COURT OF OCONEE COUNTY
STATE OF GEORGIA

In Re: Estate of Bobby James Farmer,

Deceased

Estate No. F-183

IN THE PROBATE COURT OF OCONEE COUNTY
STATE OF GEORGIA

In Re: Estate of Judy Lenora Farmer,

Deceased

Estate No. F-189

### JASON FARMER'S NOTICE OF APPEAL TO THE GEORGIA COURT OF APPEALS

COME NOW Jason Farmer and, pursuant to OC.G.A. §§§§ 5-6-13, 5-6-34(d), 5-6-35, 5-6-48(d)), 15-9-120, 15-9-123 and cases construing them, files his Notice of Appeal to the Georgia Court of Appeals.

Appellant appeals from the **void** September 3, 2024 Order providing for his incarceration for criminal contempt, and which did result in Appellant's false arrest and incarceration for criminal contempt without a show cause hearing or other due process on August 8, 2025.

DATE FILED 8/11/25
TIME 10:16 AM
CLERK/JUDGE

1

Appellants will pay costs of appeal upon presentment of the same by the Court and/or Clerk.

> "the ... notice of appeal serves as supersedeas when all costs in the trial court are paid. This automatic supersedeas deprives the trial court of jurisdiction to modify or alter the judgment in the case pending the appeal." ... Therefore, any "subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect."

*Lawyers Title Ins. Corp. v. Griffin*, 302 Ga. App. 726, 728-729 (2010) (internal citations omitted).

The Clerk will please transmit to the Court of Appeals the entire record from the Probate Court of Oconee County.

Respectfully submitted this 8th day of August, 2025.

JOHN BAKER LAW

/s/ John Baker*
*by KSW w/ express permission
JOHN BAKER*
Georgia Bar No. 033797
1551 Jennings Mill Road
Suite 3100B
Watkinsville, Georgia 30677
(706) 608-2406
john@johnbaker.law
*Attorney for Petitioner Jason Farmer*

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Jason Farmer and John Baker's Notice of Appeal to Court of Appeals* shall be served upon all counsel of record via electronic mail notification to all counsel of record.

This the 8th day of August, 2025.

JOHN BAKER LAW

/s/ John Baker*
*by KSW w/ express permission
JOHN BAKER*
Georgia Bar No. 033797
1551 Jennings Mill Road
Suite 3100B
Watkinsville, Georgia 30677
(706) 608-2406
john@johnbaker.law
*Attorney for Petitioner Jason Farmer*