EFILED IN OFFICE
CLERK OF SUPERIOR COURT
OCONEE COUNTY, GEORGIA

**SUCV2024000326**
HPH

AUG 01, 2025 11:38 AM

Angela Elder-Johnson, Clerk
Oconee County, Georgia

IN THE SUPERIOR COURT OF OCONEE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JASON FARMER, MISTY FARMER, LANDON FARMER, and JOHN BAKER, | : |
| Petitioners, | : |
| v. | : CIVIL ACTION NO. |
| JAMES FARMER, and JON MILLS, as Administrator of the Estate of Bobby James Farmer and as Administrator of the Estate of Judy Lenora Farmer, | : SUCV2024000326 |
| Respondents. | : |

## ORDER GRANTING JAMES FARMER'S MOTION TO DISMISS

This matter comes before the Court on Respondent James Farmer's ("Respondent Farmer") November 27, 2024 *Motion to Dismiss Petition for Review to Superior Court* ("Motion to Dismiss") and his June 30, 2025 *Motion for Emergency Hearing or for an Order from the Court on the Pending Motion to Dismiss* ("Motion for Order") (the Motion to Dismiss and the Motion for Order collectively, "Respondent Farmer's Motions"). Having reviewed Respondent's Motions, the brief incorporated into the Motion to Dismiss, and the record, this Court finds as follows:

### FINDINGS OF FACT

The Court finds that the procedural background set forth in the Motion to Dismiss is an accurate statement capturing the procedural posture of the instant matter, to wit:

1) Petitioners, Jason Farmer, Misty Farmer, Landon Farmer, and John Baker, filed this action, styled as a *Petition for Review to Superior Court of Oconee County* ("Petition for Review") and multiple appeals ("Petitioners' Appeals to the COA") to the Georgia Court of Appeals ("Court of Appeals") regarding the same legal claims;

2) Material to the matter before this Court, Petitioners' Appeals to the COA and the Petition for Review, taken as a whole, sought appellate review of the:

   a. July 14, 2023, *Protective Order - Construction Equipment* ("Probate Court Protective Order");

DATE FILED 8/1/25
TIME 12:18 PM
CLERK/JUDGE

    b. September 3, 2024 *Order Denying James Farmer's Special Appearance to Contest Jurisdiction and Quash Subpoenas* ("Probate Court Special Appearance Denial Order"); and

    c. September 3, 2024 *Interim Order Finding Jason Farmer in Contempt Of Court* ("Probate Court Interim Contempt Order")

issued by the Oconee County Probate Court in Estate Nos. F-183 and F-189 ("Estate Actions");[1]

3) As set forth the November 26, 2024 Order issued by the Court of Appeals, Petitioners' Appeals to the COA have been dismissed for want of appellate jurisdiction ("COA Order Denying Appeals");

4) As correctly set forth in Respondent Farmer's Motions, the Court of Appeals unequivocally asserted that this Court lacks appellate review jurisdiction as well;

5) Specifically, in the COA Order Denying Appeals, the Court of Appeals held that

> *[t]he probate court's orders here are not final judgments,* as the estate administration proceedings remain pending before that court. Consequently, because *there is no court in which appellate jurisdiction over the probate court's orders lies,* the appeals in Case Nos. A25A0690 and A25A0691 are hereby DISMISSED for lack of jurisdiction.

(emphasis added).;[2,3]

6) Therefore, as held by the Court of Appeals, the administration of the estates at issue is ongoing. As set forth in the Motion to Dismiss, the Executor has not yet been discharged nor has the Executor been removed as personal representative and estate assets remain undistributed.

## CONCLUSIONS OF LAW

As set forth in the COA Order Denying Appeals, this Court lacks subject-matter jurisdiction over the Petition for Review. Under O.C.G.A. § 5-3-12 (a) (2), the Petition for Review

---

[1] The Probate Court Protective Order was issued in Estate Nos. F-183.

[2] On December 17, 2024, the Court of Appeals denied the Petitioner's December 6, 2024 *Motion for Reconsideration of Dismissal of Direct Appeals*, which such motion, this Court notes, was essentially a mirror image of Petitioners' December 30, 2024 *Brief in Opposition to Motion to Dismiss*. Accordingly, there is essentially no differentiation in Petitioners' arguments to the appellate courts regarding the matter of appellate jurisdiction in this case.

[3] On May 6, 2025, the Georgia Supreme Court denied Petitioners' petition for certiorari.

must be dismissed by the reviewing court if it finds that it lacks jurisdiction. A direct appeal of the Probate Court Special Appearance Denial Order is improper because the estate actions are still pending. O.C.G.A. § 5-3-7 (b) (2) requires a petition for review to be filed within thirty (30) days after the "final judgment" of the lower judicatory. O.C.G.A. § 5-3-3 (4) defines "final judgment" as "a decision of a lower judicatory in *a case that is no longer pending*" (emphasis added).

The Court of Appeals has found that the Superior Court does not have jurisdiction because there is no final order in the Estate Actions. Since the administration of the estates of Bobby Farmer and Judy Lenora Farmer is ongoing, the Estate Actions are still pending in the Oconee County Probate Court, and therefore, there is no final judgment. Georgia law disfavors piecemeal appeals arising out of interlocutory orders. The Court of Appeals has found that the Superior Court does not have jurisdiction because there is no final order in the estate actions.

"[A]ny ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be."[4] Accordingly, this Court is bound by the COA Order Denying Appeals, which constitutes the law of the case on the issues currently before this Court.[5]

For the reasons stated above and in the interest of judicial economy and pursuant the Court's authority provided by Ga. Unif. Super. Ct. 6.2, no reply to the Motion for Order is necessary, nor is their a need for a hearing. Respondent Farmer's Motions are hereby GRANTED. The Petition for Review is DISMISSED for want of jurisdiction.

SO ORDERED this ___1___ day of July, 2025.

_____
Honorable H. Patrick Haggard
Superior Court of Oconee County
State of Georgia

Prepared by:
Kevin E. Epps
Attorney for James Farmer
Georgia Bar No. 785511
1220 Langford Drive, Building 200-101
Watkinsville, Georgia 30677
kevin@ehdhlaw.com

Served: Clerk
Kevin Epps
Kathryn Whitlock
Thomas Widdon
Jon Mills
John Baker
Mark Lefkow

---

[4] See, O.C.G.A. § 9-11-60 (h).

[5] See, S. States Chem. v. Tampa Tank & Welding, Inc., 316 Ga. 701, 716-717 (2023). See also, Hollmon v. State, 305 Ga. 90, 91 (1) (2019); Pirkle v. Turner, 281 Ga. 846, 847 (1) (2007).