IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JASON FARMER, | * | |
| | * | |
| 1Plaintiff, | * | CIVIL ACTION NO. |
| | * | |
| v. | * | 3:25-cv-00154-TES |
| | * | |
| MIKE HUNSINGER, KEVIN EPPS, | * | |
| JON MILLS, and JAMES FARMER, | * | |
| | * | |
| Defendants. | * | |
| | * | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT MILLS**

COMES NOW DEFENDANT JON MILLS in the above-styled action, and, pursuant to Rule 12 (b) of the Federal Rules of Civil Procedure and the Local Rules, files this Brief in Support of his Motion to Dismiss all claims against him in this action.

## INTRODUCTION

**I.  FACTUAL OVERVIEW AS PLEADED AND SHOWN BY STATE COURT RECORDS**

This case arises from a byzantine cluster of estate litigation pending in diverse state courts, including the Oconee County Probate Court, the Oconee County Superior Court, the Georgia Court of Appeals, and a Petition for Certiorari pending in the Georgia Supreme Court. The backdrop and basic details are set forth in motions to dismiss filed by Defendants Epps and Hunsinger, so there is no need to repeat all of the details here. Docs. 4 & 10. Defendant requests the Court to take judicial notice of the state court

litigation that underlies this federal action.[2]

Defendant Mills is the court-appointed County Administrator for two estates under administration in the Oconee County Probate Court. Doc. 1 at ¶¶ 9, 12. The claims in this case relate to Plaintiff's arrest on a bench warrant issued by Judge Hunsinger of the Oconee County Probate Court, following Plaintiff's contempt of court.

### A. The Contempt Order, Bench Warrant and Arrest

On September 3, 2024, the Oconee County Probate Court entered an Interim Order Finding Jason Farmer in Contempt of Court. Doc. 10-7 (Contempt Order). After the Plaintiff failed to purge his contempt, Judge Hunsinger issued a warrant for Plaintiff's arrest. Doc. 10-8 (Bench Warrant). The bench warrant resulted in Plaintiff's arrest on August 8, 2025. Doc. 1 at ¶¶ 68-69.

### B. Post-arrest Events

Plaintiff appealed his incarceration and the Georgia Court of Appeals ordered his release on August 12, 2025, finding that the appeal involves "incarceration of a litigant, which cannot be undone if we find error in a docketed appeal," so "enforcement of the contempt order [is] stayed until such time as the underlying appeal is docketed and resolved on the merits." Doc. 10-2 at 2. The Plaintiff's state court appeal and all other state court litigation remain pending. Nevertheless, Plaintiff filed this civil lawsuit against the Probate Court judge and all of his perceived adversaries from the state court litigation.

## II. PLAINTIFF'S CLAIMS AGAINST DEFENDANT MILLS

From the foregoing scenario, Plaintiff's complaint raises the following claims

---

[2] See *Keith v. DeKalb Cnty., Georgia*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014); *Cunningham v. Dist. Att'y's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010); *Porter v. Ollison*, 620 F.3d 952, 954-55 (9th Cir. 2010).

against Defendant Mills (and all other Defendants):

1. Fourth Amendment Claim (42 U. S. C. § 1983) for false arrest & imprisonment
2. Fourteenth Amendment Claim (42 U.S.C. § 1983) for denial of due process
3. Conspiracy (42 U.S.C. § 1983)
4. False Arrest under state law
5. False Imprisonment under state law

## III.   ARGUMENTS AND CITATIONS TO AUTHORITIES

Briefly summarized, (1) Plaintiff's claims against Defendant Mills should be dismissed for failure to state a claim; (2) quasi-judicial immunity protects Defendant Mills from all claims; (3) qualified immunity bars federal claims; (4) official immunity bars state law claims; (5) plaintiff can only pursue one type of state law abuse of process claim; (6) punitive damages claims must be dismissed; (7) the Court should not retain jurisdiction over state law claims in the absence of a federal question; and (8) Defendant joins arguments by codefendants to the extent such arguments are applicable to Defendant Mills. The standards governing a motion to dismiss are detailed in *PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1286 (11th Cir. 2021).

**1.   THE COMPLAINT FAILS TO STATE A VALID CLAIM AGAINST DEFENDANT MILLS**

### A. Plaintiff's Arrest on a Bench Warrant Bars His Fourth Amendment Claims

In Count 1 Plaintiff asserts Fourth Amendment false arrest and false imprisonment claims arising out of this arrest incident, where he was arrested under a bench warrant. The bench warrant is fatal to this claim. A "claim of false arrest or imprisonment under the Fourth Amendment concerns seizures without legal process, such as warrantless arrests." *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020); *Smith v. Gonzales*,

670 F.2d 522, 526 (5th Cir. 1982) ("Where an arrest is made under authority of a properly issued warrant, the arrest simply is not a false arrest.").

Accordingly, "[t]he fact that a state judge issued a warrant in this case . . . extinguishes [Plaintiff's] false arrest claim. Any objection [he has] must necessarily be towards the legal process, rather than the absence of legal process." *Spinnenweber v. Williams*, 825 F. App'x 730, 732-33 (11th Cir. 2020).

On this ground Count 1 must be dismissed.

### B.  Plaintiff Has No Federal Procedural Due Process Claim

Count 2 raises a federal procedural due process claim under the Fourteenth Amendment, based on allegations of deficient process surrounding issuance of the bench warrant and his arrest. The basic problem for this claim is that the State of Georgia provides adequate processes to remedy any procedural deficiencies, including the appeal that Plaintiff currently is pursuing in the Georgia Court of Appeals.

Since Plaintiff had an adequate means to remedy the alleged procedural deprivation(s) in the state court litigation, there can be no due process violation regardless whether the Plaintiff availed himself of any such remedy. *Cotton v. Jackson*, 216 F.3d 1328, 1331 n.2 (11th Cir. 2000) ("procedural due process violations do not even exist unless no adequate state remedies are available"); *Horton v. Board of County Commissioners of Flagler County*, 202 F.3d 1297, 1300 (11th Cir. 2000) (if adequate state court remedy for procedural deprivation exists, "then there is no federal procedural due process violation"); *Reams v. Irvin*, 561 F.3d 1258, 1266-67 (11th Cir. 2009) ("Because we conclude that available state remedies were adequate to cure any erroneous deprivation of [the plaintiff's] protected interest in her equines, [the plaintiff] has failed to

4

establish that her procedural due process rights were violated"); *Foxy Lady, Inc. v. City of Atlanta*, 347 F.3d 1232, 1238 (11th Cir. 2003) ("[E]ven if a procedural deprivation exists . . ., such a claim will not be cognizable under § 1983 if the state provides a means by which to remedy the alleged deprivation"); *Lambert v. Board of Trustees*, 793 Fed.Appx. 938, 943 (11th Cir. Nov. 25, 2019) ("when state law provides an adequate means to remedy the alleged procedural deprivation, there is no due process violation regardless of whether the plaintiff availed himself of that remedy").

On this ground Count 2 must be dismissed.

### C. Plaintiff's Federal Conspiracy Claim Fails For Lack of any Underlying Federal Claim

Count 3 asserts that Defendant Mills is liable as part of a conspiracy to violate Plaintiff's federal rights. For this type of claim to survive there must be an actual violation of a federal right. Because no underlying constitutional violation survives this motion (for the reasons detailed above), Plaintiff's conspiracy claim also fails. See *Grider v. City of Auburn*, 618 F.3d 1240, 1260 (11th Cir. 2010) (to state a section 1983 claim for conspiracy, a plaintiff must show, among other things, that the alleged conspiracy "resulted in the actual denial of some underlying constitutional right."); *Valentine v. Robinson*, 601 F. App'x 778, 783 (11th Cir. 2015) (dismissing conspiracy claim for lack of an underlying constitutional claim). On this ground County 3 must be dismissed.

### 2. QUASI-JUDICIAL IMMUNITY BARS PLAINTIFF'S CLAIMS

The Eleventh Circuit consistently has held that judicial immunity extends not only to judges, but to other persons whose "official duties have an integral relationship with the judicial process." *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir.1994) (internal

citation and quotation omitted). Accordingly, courts have extended quasi-judicial immunity to various court-appointed officers who carry out functions required for proper judicial case administration. See *Chua v. Ekonomou*, 1 F.4th 948, 954 (11th Cir. 2021) (explaining that "court-appointed receivers enjoy judicial immunity for acts taken within the scope of their authority."); *Property Management & Invest., Inc. v. Lewis*, 752 F.2d 599, 602 (11th Cir. 1985) (holding that a receiver was immune from a suit alleging defamation, conversion, and embezzlement arising out of the course of administering the receivership); *Coleman v. Fla. Dep't of Child. & Fam. Servs.*, No. 14-61019-CIV, 2017 U.S. Dist. LEXIS 131499, 2017 WL 11886003, at *14 (S.D. Fla. Aug. 16, 2017), R&R adopted sub nom. Coleman v. Guerrero, No. 14-61019-CIV, 2017 WL 11885998 (S.D. Fla. Sept. 28, 2017) (collecting cases wherein courts have extended absolute judicial immunity to "non-judicial" medical practitioners appointed by courts to conduct examinations and holding that the court-appointed psychologist-defendant "enjoys absolute immunity from [the] Plaintiff's federal claims" because the psychologist "was a non-judicial person, i.e., a court-appointed psychologist, performing a quasi-judicial functions, and thus was an officer of the court with functions intimately related to the judicial process").

Georgia law has the same basic doctrine. *Withers v. Schroeder*, 304 Ga. 394, 399, 819 S.E.2d 49, 54 (2018); *Housing Authority of City of Augusta v. Gould*, 305 Ga. 545, 550 (2) (826 SE2d 107) (2019) (explaining that quasi-judicial immunity extends to "the performance of judicial acts under authority conferred [by a court] upon other persons, boards, or tribunals" (citation and punctuation omitted)).

In Georgia the probate court must appoint a County Administrator to oversee estate administration for unrepresented estates and those not likely to be represented. See

6

O.C.G.A. § 53-6-35. In carrying out those court-appointed duties the County Administrator is the functional equivalent of a receiver, with most of the same basic duties to collect, preserve and distribute property in accordance with legal requirements. See O.C.G.A. § 53-7-1 *et seq*. Under *Chua v. Ekonomou*, 1 F.4th 948, 954 (11th Cir. 2021) and *Property Management & Invest., Inc. v. Lewis*, 752 F.2d 599, 602 (11th Cir. 1985), quasi-judicial immunity requires dismissal of all claims against Defendant Mills.

### 3.   QUALIFIED IMMUNITY BARS PLAINTIFF'S FEDERAL CLAIMS

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002). Defendant Mills is the County Administrator for Oconee County, Georgia. Defendant Mills acted within his discretionary duties as a public officer because he is sued for actions in connection with administration of estates over which he was appointed administrator.[3] Therefore, "the burden of persuasion [to defeat qualified immunity] is on the Plaintiff." *Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997).

For the reasons explained above in § 1, the Complaint fails to state any viable federal claim against Defendant Mills, and it follows that Plaintiff has not stated any violation of any clearly established federal right. That in turn means that qualified immunity bars all claims.

In regard to qualified immunity, the Complaint does not allege facts sufficient to support a violation of clearly established law by Defendant Mills, particularly when the

---

[3] See generally *Harbert Intern., Inc. v. James*, 157 F.3d at 1283 (looking to state law to determine whether the relevant function is within officer's discretionary authority).

actual state court filings are considered. To overcome qualified immunity, Plaintiff bears the burden to show that "it would be clear to a reasonable officer that [his] conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 2156 (2001) (emphasis supplied). This requires proof that "existing precedent … placed the statutory or constitutional question beyond debate." *Reichle v. Howards*, 132 S.Ct. 2088, 2089 (2012) (emphasis supplied). No such precedent exists for Plaintiff's claims, and in a general sense binding precedent supports Defendant Mills.

For qualified immunity against illegal detention claims, an officer needs only *arguable* probable cause. *Grider v. City of Auburn,* 618 F.3d 1240, 1257 (11th Cir.2010). Arguable probable cause is present where reasonable officers in the same circumstances and possessing the same knowledge as the defendant *could have believed* that probable cause existed. *Id.* Put differently, each Plaintiff "must demonstrate that *no reasonable officer* could have found probable cause under the totality of the circumstances." *Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir.2004) (emphasis supplied). As discussed above in § 1, probable cause plainly existed to arrest Plaintiff due to his contemptuous conduct.

In regard to claims for excessive force, the record reveals only *de minimis* force in connection with lawful arrests, so qualified immunity bars the claims. *J.I.W. v. Dorminey*, No. 21-12330, 2022 U.S. App. LEXIS 33203, at *18 (11th Cir. 2022) (granting qualified immunity and stating "Handcuffing is a *de minimis* use of force.").

Accordingly, qualified immunity protects Defendant Mills from all federal claims because the Complaint does not reveal that he violated the clearly established federal rights of Plaintiff. The Court should dismiss all federal claims.

4.   **OFFICIAL IMMUNITY BARS PLAINTIFF'S STATE LAW CLAIMS**

A public officer is "entitled to official immunity" from state law tort claims unless Plaintiff shows that the official, "while performing a discretionary act within [his] official functions, acted with actual malice or an intent to injure." *Patrick v. Andrews*, 356 Ga. App. 801, 805, 849 S.E.2d 241, 245 (2020).

Here, Defendant Mills is the County Administrator and he undertook discretionary actions in handling estate administration for Oconee County. If ever there was a discretionary function, it is law-related practice as a court-appointed officer. There is no well-pleaded allegation that would support actual malice by Defendant Mills. See *Black v. Wigington*, 811 F.3d 1259, 1266 (11th Cir.2016) (explaining the high actual malice standard and stating "Even recklessly illegal conduct does not support an inference of actual malice."). Accordingly, official immunity bars all state law tort claims.

5.   **PLAINTIFF CAN ONLY PURSUE ONE TYPE OF STATE LAW ABUSE OF PROCESS CLAIM**

Between false arrest and false imprisonment, Georgia law provides only one cause of action to a plaintiff. *Reese v. Clayton Cty.*, 185 Ga. App. 207, 207, 363 S.E.2d 618, 619 (1987). Here, Plaintiff was arrested on a bench warrant so under Georgia law his claim is for false arrest. *Ferrell v. Mikula*, 295 Ga. App. 326, 329 (2), 672 S.E.2d 7 (2008) (warrantless arrest gives rise to false imprisonment claim only); *Perry v. Brooks*, 175 Ga. App. 77, 78, 332 S.E.2d 375, 377 (1985) (explaining that false arrest is the proper cause of action where arrest is under legal process that is not followed by a prosecution).

So, under state law Plaintiff can only pursue a claim for false arrest. The false imprisonment claim must be dismissed.

## 6. PUNITIVE DAMAGES CLAIMS SHOULD BE DISMISSED

The Complaint seeks punitive damages against Defendant Mills, whose conduct consists of handling administration duties as a court-appointed County Administrator. The judicial filings show there is absolutely no basis for punitive damages.

Federal punitive damages are authorized only upon a showing of "conduct … motivated by evil motive or intent, or … reckless or callous indifference to the federally protected rights" of the plaintiff. *Smith v. Wade*, 461 U.S. 30, 56 (1983). Georgia law has a similarly high standard, which must be supported by clear and convincing evidence. O.C.G.A. § 51-12-5.1(b). Even when the record is viewed in the light most favorable to Plaintiff, there is nothing about Defendant Mills' conduct that supports punitive damages.

As a matter of law circumstances underlying Plaintiff's arrest plainly establish that Mills' conduct did not rise to the level of a tort, much less that required to support punitive damages. Accordingly, Plaintiff's punitive damages claim must be dismissed.

## 7. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIM(S)

In the event that federal claims are dismissed, the Court should decline to exercise supplemental jurisdiction over any state law tort claims. See 28 U.S.C. § 1367(c)(3); see *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 1139 (1966) ("Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well."); *Raney v. Allstate Ins. Co.,* 370 F.3d 1086, 1088–89 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been

dismissed prior to trial.").

## 8. DEFENDANT JOINS RELEVANT ARGUMENTS BY CODEFENDANTS

Defendant adopts and relies upon the arguments, evidentiary materials and authorities set forth in dispositive motions by co-Defendants (Docs. 4 & 10), to the extent that those grounds are (a) applicable to any claim directed against this Defendant and (b) consistent with the arguments and authorities detailed in this Brief. Those primarily consist of arguments concerning *Younger* abstention, the *Rooker-Feldman* doctrine and other federal doctrines that prohibit or strongly counsel against federal involvement with ongoing state court litigation.

Additionally, to avoid any appearance of waiver, Defendant hereby reserves the right to specifically rely upon any or all defenses discovered or made apparent over the course of this action, whether or not such defense(s) are relied upon in the present motion.

## CONCLUSION

For each of the foregoing reasons, Defendant Mills is entitled to dismissal of all claims against him. Defendant requests the Court to certify any dismissal as final under Rule 54(b).

        Respectfully submitted,

        WILLIAMS& WAYMIRE, LLC

        /s/ *Jason Waymire*
        JASON C. WAYMIRE
        Georgia Bar No. 742602
        Attorneys for Defendant Mills

Bldg. 400, Suite A
4330 South Lee Street
Buford, GA 30518
T: 678-541-0790
F: 678-541-0789
jason@wmwlaw.com