# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ATHENS DIVISION

| | | |
|---|---|---|
| **JASON FARMER,** | * | |
| | * | |
| **Plaintiff,** | * | **CIVIL ACTION NO.** |
| | * | |
| **v.** | * | **3:25-cv-00154-TES** |
| | * | |
| **MIKE HUNSINGER, KEVIN EPPS,** | * | |
| **JON MILLS, and JAMES FARMER,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

## BRIEF IN SUPPORT OF PRE-ANSWER MOTION TO STAY

COMES NOW DEFENDANT JON MILLS, by and through undersigned counsel, and respectfully submits this brief in support of his motion to stay by showing the court the following:

## PROCEDURAL HISTORY & FACTUAL OVERVIEW

This case arises from estate litigation pending in multiple state courts, including the Oconee County Probate Court, the Oconee County Superior Court, the Georgia Court of Appeals, and a Petition for Certiorari pending in the Georgia Supreme Court. The backdrop and basic details are set forth in pending motions to dismiss. Docs. 4, 10 & 11.

Defendant Mills is the court-appointed County Administrator for two estates under administration in the Oconee County Probate Court. Doc. 1 at ¶¶ 9, 12. The claims in this case relate to Plaintiff's arrest on a bench warrant issued by Judge Hunsinger of the Oconee County Probate Court, following Plaintiff's contempt of court. Doc. 10-8 (Bench

1

Warrant). The bench warrant resulted in Plaintiff's arrest on August 8, 2025. Doc. 1 at ¶¶ 68-69.

Plaintiff appealed his incarceration and the Georgia Court of Appeals ordered his release on August 12, 2025, finding that the appeal involves "incarceration of a litigant, which cannot be undone if we find error in a docketed appeal," so "enforcement of the contempt order [is] stayed until such time as the underlying appeal is docketed and resolved on the merits." Doc. 10-2 at 2. The Plaintiff's state court appeal and all other state court litigation remain pending. Nevertheless, Plaintiff filed this civil lawsuit against the Probate Court judge and all of his perceived adversaries from the state court litigation.

All Defendants have filed motions to dismiss, based on various defenses that are likely dispositive. Docs. 4, 10 & 11. Most critically, Judge Hunsinger raises judicial immunity. Doc. 10-1. Defendant Mills raises quasi-judicial immunity, qualified immunity and official immunity. Doc. 11-1. Defendant Epps moves for dismissal based on *Younger* abstention, a point that on which all Defendants agree. Doc. 4-1.

<u>**ARGUMENT AND CITATION OF AUTHORITY**</u>

"Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should … be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). That is particularly true where a motion to dismiss raises one or more immunity defenses, asserting immunity from suit.

## I.    DEFENDANTS' IMMUNITY DEFENSES REQUIRE A STAY

In their motions to dismiss, Defendant Hunsinger raises judicial immunity as a basis for dismissal. Defendant Mills raises quasi-judicial immunity, qualified immunity and official immunity. These immunities should warrant a stay while the Court resolves the motions to dismiss.

The Supreme Court repeatedly has stated that officers sued under 42 U.S.C. § 1983 and other federal statutes are entitled to special protection from the burdens of litigation, particularly where they are likely entitled to qualified immunity.

> *Harlow [v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)] and *Mitchell [v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)] make clear that the [qualified immunity] defense is meant to give government officials a right, not merely to avoid "standing trial," but also to avoid the burdens of "such *pretrial* matters as discovery ..., as '[i]nquiries of this kind can be peculiarly disruptive of effective government.' " *Mitchell, supra,* at 526, 105 S.Ct., at 2815 (emphasis added) (quoting from *Harlow, supra,* at 817, 102 S.Ct., at 2738).

*Behrens v. Pelletier*, 516 U.S. 299, 308, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996).

> [O]nce a defendant raises the defense, "the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." *Crawford-El v. Britton,* [523 U.S. 574, 597-598], 118 S.Ct. 1584, 1596, 140 L.Ed.2d 759 (1998).

*Harbert Intern., Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998).

> [I]f the defendant ... pleads[s] the [qualified] immunity defense, the district court should resolve that threshold question before permitting discovery. *Harlow,* 457 U.S., at 818, 102 S.Ct., at 2738. To do so, the court must

determine whether, assuming the truth of the plaintiff's allegations, the official's conduct violated clearly established law.

*Crawford-El*, 523 U.S. at 598 (emphasis supplied).

Judicial and quasi-judicial immunities warrant the same treatment. *Redford v. Gwinnett County Judicial Circuit*, No. 09-10807, 350 Fed. Appx. 341, 2009 WL 3059056, at *3 (11th Cir. 2009) (affirming decision to stay discovery pending resolution of the defendants' motion to dismiss based on a claim of judicial immunity); *Reid v. Evans,* No. 3:22-CV-46 (LAG), 2022 LX 21806, at *4 (M.D. Ga. Aug. 1, 2022) (staying action due to dispositive motions raising judicial immunity and other related defenses); *Mullane v. Almon*, No. 4:21-cv-164-MW/MJF, 2021 U.S. Dist. LEXIS 215874, at *2 (N.D. Fla. Oct. 14, 2021) (staying case pending resolution of motions based on *Younger* and quasi-judicial immunity, *inter alia*).

Accordingly, Defendant Mills requests the Court to "exercise its discretion in a way that protects the substance of the ... immunity defense[s]," *Crawford-El,* 523 U.S. at 597-598, and grant this motion to stay.

## II.    THE COURT SHOULD STAY BASED ON *YOUNGER* ABSTENTION

The alleged conduct forming the basis of the Plaintiff's Section 1983 claims is at issue in the underlying probate contempt proceeding. In that proceeding, the Plaintiff will have an opportunity to raise any arguments that might exist (including federal constitutional challenges) to the contempt charge he challenges in this federal case, and this Court should refrain from this proceeding until that case is resolved.

In *Younger v. Harris*, the Supreme Court held that absent extraordinary circumstances federal courts should abstain from interfering with ongoing state proceedings. *Id.* at 41, 53. *Younger* abstention applies if (i) there are pending state proceedings at the time of the federal action, (ii) the state proceedings implicate important state interests, and (iii) the state proceedings provide an adequate opportunity to raise federal constitutional questions. *For Your Eyes Alone, Inc. v. City of Columbus*, 281 F.3d 1209, 1217 (11th Cir. 2002) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515 (1982)). The state case does not have to predate the federal action for *Younger* abstention to apply. Federal courts are to abstain if the state case commenced before any proceedings of substance on the merits have taken place in the federal court, or if the federal litigation is in an embryonic stage and no contested matter has been decided. *For Your Eyes Alone, Inc.*, 281 F.3d at 1217.

Here, the contempt proceeding against the Plaintiff commenced long before any proceedings began in the instant action. The parties have not taken discovery in this case, the Court has not held any hearings, and the parties have not brought any substantive disputes before the Court. Because there have been no proceedings of substance on the merits in this case, and no contested matter has been decided by the Court, *Younger*'s first prong is satisfied. *See generally Hicks v. Miranda*, 422 U.S. 332, 349, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975) ("[W]e now hold that where state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of *Younger v. Harris* should apply in full force.").

*Younger*'s second prong is satisfied because the contempt proceedings against Plaintiff clearly implicate important state interests. See *For Your Eyes Alone, Inc.,* 281 F.3d at 1217.

Finally, the legitimacy of the bench warrant underlying Plaintiff's arrest is a central issue in the state litigation, and therefore the state proceeding already provides an adequate opportunity for Plaintiff to raise any claimed constitutional violations. In *Doby v. Strength*, a prisoner brought claims under § 1983 for violations of his Fourth Amendment rights during an allegedly illegal arrest and search and seizure at his residence. *Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). The prisoner previously raised the Fourth Amendment violations at his state criminal proceeding, and his conviction for armed robbery was being reviewed by the state appellate court at the time of the § 1983 action. The Eleventh Circuit held that "**federal abstention is proper until the state appellate court has decided the relevant issues**." *Id.* at 1406; see also *Gilbertson v. Albright*, 381 F.3d 965, 979 n. 13 (9th Cir. 2004) (collecting authorities); *Simpson v. Rowan*, 73 F.3d 134, 137-139 (7th Cir. 1995); *Suggs v. Brannon*, 804 F.2d 274, 279 -280 (4th Cir. 1986).

Here, the Plaintiff seeks monetary damages on grounds that his arrest under a bench warrant was invalid, and the issue of the bench warrant's legitimacy is an integral part of the case now pending before the Georgia Court of Appeals. Therefore, the issues raised by Plaintiff's § 1983 claims substantially impact and may be adjudicated in the pending state proceedings, satisfying the third and final prong for *Younger* abstention. Accordingly, this action should be stayed pending resolution of the underlying state

proceedings.

## III.   A STAY IS APPROPRIATE BASED ON THE MOTIONS TO DISMISS

Regardless of any immunity, the Federal Rules of Civil Procedure encourage a trial court to act *sua sponte* or on the motion of a party to limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

The Court "must limit the frequency or extent of discovery" when such a determination is made. *Id.* This provision gives trial courts broad discretion to alter the sequence of discovery for the parties' convenience "and in the interests of justice." Fed. R. Civ. P. 26(d); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1558–59 (11th Cir. 1985) (decisions to limit discovery under Rule 26 are reviewed for abuse of discretion).

The Eleventh Circuit has instructed that, when a pending motion challenges the legal sufficiency of a claim, discovery should be stayed until the motion is resolved. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *accord Shuman*, 762 F.2d at 1560 (noting courts' "broad discretion to stay discovery pending a decision on a dispositive motion").

Here, the Court should stay all procedural and discovery deadlines, pending the outcome of Defendants' motions to dismiss. Because the motions to dismiss may dispose of the claims against these Defendants or significantly narrow their scope, discovery

while the motion is pending would likely be inefficient and waste resources.  Likewise, Defendants should not be prejudiced by the imposition or passage of any procedural deadlines while their motion to dismiss is pending.

## **CONCLUSION**

For the above and foregoing reasons, Defendant Mills respectfully requests the Court to stay this action until the Court rules on the pending motions to dismiss.

WILLIAMS & WAYMIRE, LLC

/s/ Jason Waymire
Jason C. Waymire
Georgia Bar No. 742602
Attorney for Defendant Mills

Bldg. 400, Suite A
4330 South Lee Street
Buford, Georgia 30518
678-541-0790
678-541-0789(f)
jason@wmwlaw.com

8