IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JASON FARMER,<br><br>    Plaintiff,<br><br>v.<br><br>MIKE HUNSINGER, KEVIN EPPS,<br><br>JON MILLS, and JAMES FARMER<br><br>    Defendants. | 3:25-cv-00154-TES |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT
HUNSINGER'S MOTION TO DISMISS**

**I. PRELIMINARY STATEMENT**

Defendant Mike Hunsinger moves to dismiss on the premise that Plaintiff's lawsuit is merely a collateral attack on probate-court rulings. That premise mischaracterizes both the Complaint and the relief sought.

The Complaint alleges a materially different and independent constitutional injury: Plaintiff's arrest and incarceration on August 8, 2025 pursuant to a purported "Bench Warrant and Arrest Order" that was signed on August 7, 2025, but not entered on the docket until August 11, 2025 - after Plaintiff had already

been arrested, jailed, and deprived of liberty. (Compl. ¶¶ 59–64; Jason Farmer v. Hunsinger, A26E0016, at 1–2 (Ga. Ct. App. Aug. 12, 2025) (order) (Ex. A).)

At the Rule 12 stage, the Court must accept the well-pleaded allegations of the Complaint as true and draw all reasonable inferences in Plaintiff's favor. Those allegations plausibly plead that Defendant Hunsinger (1) acted in the clear absence of all subject-matter jurisdiction by using contempt incarceration to compel surrender of disputed personal property not "belonging to" any estate, and (2) acted outside any judicial capacity through extra-record coordination and execution of an arrest order that was withheld from the docket and executed without notice or hearing.

Because Plaintiff seeks retrospective damages for a completed deprivation of liberty, abstention doctrines, mootness, and the Rooker–Feldman doctrine do not apply. Defendant's Motion to Dismiss should therefore be denied.

## II. STATEMENT OF MATERIAL FACTS

In July 2023, Judge Hunsinger entered a "Protective Order" addressing disputed property. In September 2024, he entered an interim contempt order imposing purge conditions, including a monetary payment, an accounting, and inspection access. (Compl. ¶¶ 37–43; Interim Order Finding Jason Farmer in Contempt (Ex. F).)  A hearing was scheduled for August 8, 2025 to determine whether Plaintiff would be incarcerated for contempt. On August 7, 2025, while

that hearing remained pending, the Probate Court signed an Order for Continuance indicating the hearing would be postponed. (Compl. ¶¶ 53–60.) Also on August 7, 2025, the Probate Court signed a document styled as a "Bench Warrant and Arrest Order," directing the Sheriff of Oconee County to arrest Plaintiff and hold him in jail "until further order of this Court." (Ex. G.) Plaintiff was arrested the following day, August 8, 2025. (Compl. ¶ 1.)

The Georgia Court of Appeals subsequently found that although the arrest order was signed on August 7, 2025, it was not entered on the docket until August 11, 2025 - three days after Plaintiff's arrest. The Court of Appeals further found that Plaintiff filed a notice of intent to seek review and an application for supersedeas in the trial court on August 8, 2025, the day of his arrest, and that after withholding a release order for several days, Defendant conditioned Plaintiff's release on a $500,000 bond. The Court of Appeals vacated that bond requirement and ordered Plaintiff's immediate release on August 12, 2025. (Jason Farmer v. Hunsinger, A26E0016, at 1–2.)

The Complaint further alleges that the property underlying the contempt proceedings was not "belonging to" the Estate of Judy Lenora Farmer, and that the Probate Court therefore clearly lacked subject-matter jurisdiction to adjudicate possession, control, or ownership of that property. (Compl. ¶¶ 31–36.)

## III. OBJECTION TO DEFENDANT'S SELECTIVE USE OF EXTRINSIC MATERIALS

Defendant asks the Court to rely on selected documents from the probate-court record to characterize his conduct as judicial. However, the Complaint expressly challenges the validity, timing, and procedural integrity of the arrest order itself. Where the authenticity or context of a document is disputed, consideration of such materials on a Rule 12(b)(6) motion is improper absent conversion to summary judgment. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Accordingly, Plaintiff respectfully requests that the Court either (1) exclude Defendant's extrinsic materials and rule on the face of the Complaint, or (2) convert the Motion to Dismiss to one for summary judgment pursuant to Rule 12(d) to provide Plaintiff with the opportunity to provide the Court with the *complete* underlying record. That will ensure a disposition of Defendant's motion that is both fair *and* compliant with the Rules of Civil Procedure and due process.

## IV. LEGAL ARGUMENT

Judicial immunity is not absolute. It does not apply where a judge acts (1) in the clear absence of all subject-matter jurisdiction or (2) outside a judicial capacity. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Mireles v. Waco*, 502 U.S. 9 (1991). Plaintiff plausibly pleads both.

### A. Defendant Acted in the Clear Absence of All Subject-Matter Jurisdiction

The distinction between an "excess of jurisdiction" and a "clear absence of all jurisdiction" is dispositive. As the Supreme Court explained: "[I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction." *Stump v. Sparkman*, 435 U.S. at 357 n.7.   Furthermore,

> *if a probate court, invested only with authority over wills and the settlement of estates of deceased persons, should proceed to try parties for public offences, jurisdiction over the subject of offences being entirely wanting in the court, and this being necessarily known to its judge, his commission would afford no protection to him in the exercise of the usurped authority.*

*Bradley v. Fisher*, 80 U.S. 335, 341, 20 L. Ed. 646 (1871)

Georgia probate courts are courts of limited jurisdiction, created and constrained by statute. O.C.G.A. § 15-9-30. They possess no general authority to adjudicate disputes over property that is not part of a decedent's estate, and no authority to incarcerate a litigant for indirect criminal contempt arising from such disputes.

Here, the Complaint alleges that the property at issue was not an asset of any estate, and that Defendant nonetheless used incarceration to compel surrender and accounting of that property. Where a court lacks subject-matter jurisdiction, its

orders are *void ab initio*. O.C.G.A. § 9-11-60(a). Because the underlying orders were issued without jurisdiction, Defendant was not enforcing a valid judicial decree when he authorized Plaintiff's arrest. He was exercising power where none existed in the clear absence of jurisdiction.

### B. The Issuance and Execution of the Arrest Order Were Non-Judicial Acts

Even apart from the absence of jurisdiction, the acts challenged here were not judicial in nature. The Eleventh Circuit applies a functional test to determine whether conduct qualifies as a judicial act, including whether the act is a normal judicial function and whether it arises from a pending adjudicative proceeding. *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).

The Complaint alleges that while a contempt hearing was formally continued, Defendant nonetheless signed and executed an arrest order for that same alleged contempt, without notice, without hearing, and without docket entry. At the time of execution, there was no pending adjudicative proceeding authorizing incarceration. Under Georgia law, indirect criminal contempt requires notice and an opportunity to be heard. *Ramirez v. State*, 279 Ga. 13, 14–15 (2005). Summary incarceration in the absence of those procedures may not be regarded as a normal judicial function. Accepting the allegations as true, Defendant's conduct falls outside the scope of acts protected by judicial immunity.

## V. DEFENDANT'S AUTHORITY IS INAPPOSITE

Defendant relies on general judicial-immunity cases, including those involving courts of general jurisdiction acting within pending proceedings. None involve a probate judge incarcerating a litigant over non-estate property pursuant to an arrest order executed before entry on the docket and after the underlying hearing was continued. That is why those cases are neither controlling, nor even instructive to the issues presented by Defendant's Motion.

## VI. CONCLUSION

Plaintiff has plausibly alleged that Defendant Hunsinger authorized Plaintiff's arrest and incarceration:

1. Without subject-matter jurisdiction;

2. Without notice or hearing;

3. Pursuant to an order not entered on the docket until after the arrest; and

4. Outside any pending adjudicative proceeding.

*At the Rule 12 stage*, these allegations are sufficient to defeat absolute judicial immunity, and Defendant's Motion to Dismiss should therefore be denied.

Respectfully submitted this 31st day of December, 2025.

>*/s/ John Baker*
>Georgia Bar No. 033797
>JOHN BAKER LAW
>1551 Jennings Mill Road, Suite 3100B
>Watkinsville, GA 30677
>john@johnbaker.law

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of December, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted this 31st day of December, 2025.

*/s/ John Baker*
Georgia Bar No. 033797
JOHN BAKER LAW
1551 Jennings Mill Road, Suite 3100B
Watkinsville, GA 30677
john@johnbaker.law