# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| JASON FARMER,<br><br>    Plaintiff,<br><br>v.<br><br>MIKE HUNSINGER, KEVIN EPPS,<br>JON MILLS, and JAMES FARMER<br><br>    Defendants. | 3:25-cv-00154-TES |

## PLAINTIFF JASON FARMER'S RESPONSE TO DEFENDANT JON MILLS' MOTION TO DISMISS

### I. INTRODUCTION

Defendant Mills' motion seeks prejudicial dismissal on multiple grounds including asserted failure to state a Fourth Amendment claim because Plaintiff was arrested under "a bench warrant," the asserted absence of a federal procedural due process claim due to the existence of appellate remedies, and defenses of quasi-judicial immunity, qualified immunity, and Georgia official immunity. (Ex. 11.) Mills also attacks Plaintiff's state-law tort theories and punitive damages and urges the Court to decline supplemental jurisdiction if any federal claims are dismissed. (Id.) At the

Rule 12(b)(6) stage, however, the Court must accept Plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences in Plaintiff's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Dismissal is improper where, as here, the allegations of the Complaint plausibly support competing inferences about whether the legal process used to seize and detain Plaintiff was tainted, void, or procured through irregular *ex parte* conduct, and whether Mills's conduct went beyond ministerial court administration into affirmative participation in the procurement and maintenance of unlawful arrest and detention. Plaintiff has plausibly alleged a seizure and continued detention pursuant to tainted legal process, deprivation of liberty without constitutionally adequate process, and joint action among Defendants sufficient to support § 1983 liability and corresponding state-law claims. Defendants' motions to dismiss should therefore be denied.

In addition to the allegations of the Complaint the Court is required to accept as true, which are fully adopted herein in this response, Mills asks the Court to take judicial notice at the dismissal stage of the "state court litigation that underlies this federal action" without any qualification or limitation. (Doc. 11 at 1.) That consists of tens of thousands of pages filed

in the records of two petitions to probate wills in Probate Court, six Superior Court actions, seven matters separately docketed in the Georgia Court of Appeals, and two petitions for certiorari review to the Supreme Court of Georgia in the previous five years.

**Under those circumstances, Plaintiff respectfully requests the opportunity to appear before the Court for a hearing in accordance with Federal Rule of Evidence 201 before the Court might consider the records of those cases, or any portion of them, pursuant to judicial notice.**

II. ARGUMENT

A complaint survives a motion to dismiss where it contains enough factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. The Court must draw all reasonable inferences in the plaintiff's favor and may not weigh evidence or resolve disputes about what "really happened." *Iqbal*, 556 U.S. at 678–79. This is particularly important where Defendants ask the Court to decide the "validity" and "regularity" of state-court process and to treat their interpretation of the state-court record as conclusive. (That is not the Rule 12(b)(6) framework.

Mills' motion repeatedly asks the Court to adopt his factual narrative, drawn from selected state-court filings, while rejecting the Complaint's competing allegations. Mills expressly frames his argument around a supposed "factual overview" derived not from the pleadings alone, but from his characterization of state-court records:

> "This case arises from a byzantine cluster of estate litigation pending in diverse state courts… The backdrop and basic details are set forth in motions to dismiss filed by Defendants Epps and Hunsinger, so there is no need to repeat all of the details here."

That framing is improper. The Complaint plausibly alleges at length that the probate court clearly lacked subject-matter jurisdiction, that the contempt order and bench warrant were *void ab initio*, and that Mills participated in coordinated, ex parte conduct leading to Plaintiff's false arrest. Mills does not accept those allegations as true; he asks the Court to resolve them against Plaintiff at the pleading stage. Rule 12 does not permit dismissal by substituting a defendant's preferred narrative for the pleaded facts.

Mills repeatedly argues that Plaintiff's arrest was necessarily lawful because it followed issuance of a bench warrant, asserting: "The fact that a state judge issued a warrant in this case extinguishes Plaintiff's false arrest claim." He further claims: "Probable cause plainly existed to arrest Plaintiff

due to his contemptuous conduct." Those assertions flatly contradict the allegations of the Complaint, which alleges that:

- the probate court clearly lacked jurisdiction to issue the underlying orders;
- the contempt order Defendants engaged in concerted acts to obtain was void;
- the "bench warrant" – issued by a court without any power to issue one – was issued without notice, hearing, or sworn evidence;
- and the warrant was procured through secret, ex parte coordination amongst the above-named Defendants, including Mills.

Whether the warrant issued *in the clear absence of subject-matter jurisdiction* is a fact-intensive that cannot be resolved on a motion to dismiss while discovery and initial disclosures are stayed. Mills's argument requires the Court to assume that the warrant was valid and lawfully issued - precisely what the Complaint denies.

Mills's assertions of quasi-judicial immunity, qualified immunity, and official immunity all rest on factual premises that Plaintiff expressly disputes, including that Mills:

- acted neutrally as a court officer,
- acted within lawful authority,

- lacked malice,
- and did not participate in coordinated conduct leading to Plaintiff's arrest.

For example, Mills asserts that he acted solely "in carrying out court-appointed duties" and that nothing in the record supports malice. The Complaint alleges the opposite, with detailed facts, including Mills' willingness to doctor his own "Oath" form to avoid the legal requirement to follow a will, all to benefit the person who paid him $40,000 through his counsel under the table: James Farmer. Astoundingly, when that issue was raised to Judge Hunsinger in connection with a request to remove Mills, the motion was denied without explanation. Under such circumstances, resolving immunity here would require the Court to decide whose version of events is true, which Rule 12 forbids.

Mills's motion asks the Court to:
- assume the validity of disputed probate-court orders;
- find probable cause despite jurisdictional defects;
- reject pleaded allegations of conspiracy and *ex parte* conduct;
- and credit Mills's explanations over Plaintiff's factual allegations.

Those are classic factual disputes. They cannot be resolved on a motion to dismiss. The motion should be denied on this basis alone.

In regard to abstention, Mills' citation to the *Younger* Doctrine is without application. This action seeks damages and relief for completed constitutional violations related to arrest, detention, and manipulated bond/supersedeas processes. It does not seek to enjoin a pending state prosecution and does fit any exceptional category. At minimum, abstention is not a basis for Rule 12(b)(6) dismissal of damages claims.

Likewise, *Rooker-Feldman* does not bar independent claims for damages based on alleged unconstitutional conduct by defendants, even if the conduct occurred in connection with state-court litigation. Plaintiff's claims are directed to Defendants' conduct - procurement and execution of tainted coercive process and deprivation of constitutionally adequate procedures - not appellate review of the Probate Court's merits. *Rooker-Feldman* therefore does not apply.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Mills' Motion <u>following a hearing on his request for judicial notice of the "state litigation"</u>, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 2nd day of January, 2026.

> /s/ John Baker
> John Baker
> (Ga. Bar No. 033797)
> John Baker Law
> 1551 Jennings Mill Road, Suite 3100B
> Watkinsville, Georgia 30677
> Telephone: (706) 608-2406
> John@JohnBaker.Law
>
> *Attorney for Jason Farmer*

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing upon all counsel of record by electronic filing through the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted this 2nd day of January, 2026.

> /s/ John Baker
> John Baker
> (Ga. Bar No. 033797)
> John Baker Law
> 1551 Jennings Mill Road, Suite 3100B
> Watkinsville, Georgia 30677
> Telephone: (706) 608-2406
> John@JohnBaker.Law
>
> *Attorney for Jason Farmer*