IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JASON FARMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MIKE HUNSINGER, in his ) | |
| individual capacity; ) | CIVIL ATION FILE NO. |
| KEVIN EPPS, individually; ) | Case 3:25-cv-00154-TES |
| JON MILLS, individually, ) | |
| JAMES FARMER, ) | |
| individually ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT JUDGE MIKE HUNSINGER'S
REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS**

Defendant Judge Mike Hunsinger respectfully submits this reply brief in support of his Motion to Dismiss. Plaintiff's opposition does not create an exception to absolute judicial immunity. Even accepting the Complaint's allegations as true, the challenged conduct consists of classic judicial acts taken in an ongoing probate proceeding and within, at minimum, an arguable basis for subject-matter jurisdiction. Alleged procedural defects (including Plaintiff's focus on docketing timing and the continuance of a hearing) do not transform judicial acts into non-judicial conduct, and they do not establish the "clear absence of all jurisdiction" required to pierce immunity. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).

**I. PLAINTIFF'S PROCEDURAL OBJECTION FAILS: THE COURT MAY CONSIDER PUBLIC JUDICIAL RECORDS, AND THE MOTION TO DISMISS SUCCEEDS EVEN ON THE FACE OF THE COMPLAINT.**

Plaintiff asks the Court to exclude "extrinsic materials" referenced in Judge Hunsinger's brief or to convert the motion under Rule 12(d), relying on *Horsley v. Feldt.* 304 F.3d 1125, 1134

(11th Cir. 2002). *Horsley* does not support conversion here for three independent reasons. First, the Court can resolve immunity on the face of the Complaint. Plaintiff's core theory is that (i) a probate-court "Bench Warrant and Arrest Order" was signed on August 7, 2025, (ii) he was arrested on August 8, 2025, (iii) the order was not entered on the docket until August 11, 2025, and (iv) a contempt hearing originally set for August 8, 2025 had been continued on August 7, 2025. (Doc. 17 at 1-3). Even if all of those allegations are true, they do not overcome absolute judicial immunity for the reasons set out below. The Court therefore need not consider any materials outside the pleadings to grant dismissal.

Second, to the extent the Court considers state-court orders and docket entries to establish their existence and procedural posture, such materials are matters of public record appropriate for judicial notice on a Rule 12(b)(6) motion. In *Universal Express, Inc. v. U.S. Securities & Exchange Commission*, the Eleventh Circuit affirmed dismissal where "the only matters on which the district court relied were public records," explaining that "[p]ublic records are among the permissible facts that a district court may consider" without converting a motion to dismiss. 177 F. App'x 52, 52-54 (11th Cir. 2006). *Horsley* addresses a different question; whether a court may consider a private document attached to a motion to dismiss as "central to the plaintiff's claim" and of "undisputed" authenticity. 304 F.3d at 1134. Here, by contrast, the materials referenced in Judge Hunsinger's motion are court records whose existence is not reasonably disputable, and Plaintiff himself incorporates and relies upon them (including the Court of Appeals order and probate orders) in both the Complaint and his opposition. (Doc. 17 at 1-3). Third, Rule 12(d) conversion is warranted only when a court considers extrinsic factual material to resolve contested merits facts. Plaintiff's request for conversion seeks discovery to relitigate the probate-court record and the reasons for state-court rulings. That is precisely what absolute

judicial immunity is designed to prevent: immunity is "an immunity from suit," not merely a defense to liability, and it should be resolved at the earliest stage. *Mireles*, 502 U.S. at 11; *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018). Because Plaintiff's allegations do not fall within either exception to immunity, conversion is improper and unnecessary.

**II. PLAINTIFF'S ALLEGATIONS CONCERN JUDICIAL ACTS; DOCKETING IRREGULARITIES OR ALLEGED PROCEDURAL DEFECTS DO NOT TRANSFORM THEM INTO NON-JUDICIAL CONDUCT.**

Plaintiff next contends that Judge Hunsinger acted "outside any judicial capacity" because the bench-warrant order allegedly was executed before docket entry, after a hearing was continued, and "without notice or hearing." (Doc. 17 at 2, 4, 6-7). That argument misstates the "judicial act" inquiry and is foreclosed by controlling precedent.

**A. Issuing and enforcing contempt and bench-warrant orders are classic judicial acts.**

Under the functional test applied in this Circuit, acts are judicial when they are of a type normally performed by a judge and when the parties dealt with the judge in his judicial capacity. See *Stump*, 435 U.S. at 362; *McCullough*, 907 F.3d at 1330-31. Entering orders in a pending case, adjudicating compliance, holding a party in contempt, and issuing process to compel compliance, including civil incarceration pursuant to a contempt finding, are classic judicial acts. See *McCullough*, 907 F.3d at 1331 (the question is not whether incarceration was "appropriate," but whether "ordering civil incarceration is a judicial activity"); *Sibley v. Lando,* 437 F.3d 1067, 1071-72 (11th Cir. 2005) (issuing a writ of bodily attachment is a judicial act); *Caldwell v. Downs*, 789 F. App'x 183, 186 (11th Cir. 2019) (signing orders and issuing bench warrants are "run-of-the-mill judicial functions").

Indeed, even where a judge's manner of enforcing an order is alleged to be improper, the act remains judicial. In *Mireles v. Waco*, the Supreme Court held that a judge was immune from

suit for allegedly ordering officers to bring an attorney before the court; the Court explained that the relevant inquiry is the *nature and function* of the act (directing the presence of a party or attorney in a pending case is a judicial function) and allegations that the order was carried out with excessive force or improper means do not render the act non-judicial. 502 U.S. at 11–13. Accordingly, Judge Hunsinger's actions fall squarely within the core judicial functions of enforcing court orders and controlling proceedings before the court; acts defined by their nature and function, not by the manner in which they are alleged to have been carried out. *Id.* at 12–13.

**B. Plaintiff's docket-entry and "lack of notice/hearing" allegations are classic examples of procedural-error arguments that do not defeat judicial immunity.**

Plaintiff's emphasis on docket timing is also foreclosed by *Stump v. Sparkman*. There, the Supreme Court rejected the argument that a judge's action was non-judicial because the proceeding lacked standard formalities - including that the petition "was not given a docket number, was not placed on file with the clerk's office," and was approved "without notice," "without a hearing," and "without the appointment of a guardian ad litem." 435 U.S. at 360-61. The Court held that such lack of formality and alleged procedural violations did not transform the judge's action into a non-judicial act for immunity purposes. *Id.*

Likewise, in *Figueroa v. Blackburn*, the Third Circuit held that a municipal judge was entitled to absolute judicial immunity for ordering a contempt sentence "executed on the spot," even though a court rule provided for a five-day stay. 208 F.3d 435, 442-45 (3d Cir. 2000). The court reasoned that a judge does not lose immunity merely because he allegedly failed to follow proper procedures or committed an error that could not later be remedied on appeal. *Id.* Plaintiff's allegations here that an arrest order was allegedly withheld from docket entry for a period of days or executed without the procedures Plaintiff believes were required are, at most,

procedural-error allegations. Under the aforementioned analysis, such allegations do not remove the conduct from the realm of judicial acts.

**C. The continued-hearing allegation does not plead non-judicial conduct.**

Plaintiff also asserts that because a hearing scheduled for August 8, 2025 was continued on August 7, 2025, there was "no pending adjudicative proceeding authorizing incarceration." (Doc. 17 at 5-6). But Plaintiff's own narrative confirms the opposite: he alleges an ongoing probate dispute, a prior protective order, and an "interim contempt order imposing purge conditions," with the court supervising compliance. (Doc. 17 at 2). A continuance of a hearing date does not erase the court's previous contempt adjudication or its authority to enforce compliance with its orders. Even if Plaintiff is correct that the court should not have proceeded in the manner alleged, "grave procedural errors" do not defeat immunity. *Stump*, 435 U.S. at 359-60. As such, said immunity forecloses Plaintiff's asserted claims against Judge Hunsinger.

**III. PLAINTIFF HAS NOT PLAUSIBLY ALLEGED A "CLEAR ABSENCE OF ALL JURISDICTION."**

Plaintiff's primary effort to invoke the jurisdictional exception rests on his assertion that the probate court "clearly lacked subject-matter jurisdiction" because the property at issue was not ultimately part of the estate. (Doc. 17 at 2–6). But even if Plaintiff is correct about the property's status, that allegation describes, at most, an asserted error in the exercise of jurisdiction, not the "clear absence of all jurisdiction" required to overcome absolute judicial immunity.

**A. The "clear absence" exception is extremely narrow and turns on subject-matter jurisdiction, not merits errors.**

The Supreme Court has long distinguished between actions in "excess of jurisdiction" and actions in the "clear absence of all jurisdiction." *Bradley v. Fisher*, 80 U.S. 335, 351-52

(1871). Only the latter defeats immunity. *Id.*; *Stump*, 435 U.S. at 356-57. As the Eleventh Circuit explained in *McCullough v. Finley*, a judge acts in the "clear absence of all jurisdiction" only if he "lacked subject-matter jurisdiction," and that is a "rare circumstance." 907 F.3d at 1332. Plaintiff relies on dicta describing a hypothetical probate judge trying a criminal case. (Doc. 17 at 4-5 (quoting *Stump*, 435 U.S. at 357 n.7, and *Bradley*, 80 U.S. at 352)). That hypothetical illustrates how far Plaintiff's allegations fall from the narrow exception. No one alleges that Judge Hunsinger tried Plaintiff for a public offense or exercised criminal jurisdiction foreign to the probate court. Plaintiff alleges that Judge Hunsinger supervised estate administration, entered protective and contempt-related orders in that probate proceeding, and issued an arrest order to enforce compliance. (Doc. 17 at 2). Those are actions within the subject matter of probate administration and court-order enforcement, even if Plaintiff disputes their correctness.

**B. Plaintiff's "non-estate property" allegation is, at most, a dispute about the merits of a probate determination, not a jurisdictional void.**

Plaintiff attempts to convert a merits dispute (whether particular personal property should be treated as estate property or subject to interim control during administration) into a jurisdictional defect. Courts routinely reject that reframing for immunity purposes. *Stump* itself held that "neither the procedural errors [the judge] may have committed nor the lack of a specific statute authorizing his approval of the petition" deprived him of immunity. 435 U.S. at 359-60. Similarly, *Figueroa* held that even a judge of limited jurisdiction is entitled to immunity for contempt enforcement within the general scope of his authority, despite allegations of legal error. 208 F.3d at 443-44.

The Complaint's allegation that the disputed property was not "belonging to" an estate does not plausibly allege that the probate court lacked subject-matter jurisdiction over the probate proceeding and the parties before it. Georgia probate courts have statutory subject-matter

jurisdiction over estate administration, O.C.G.A. § 15-9-30, and express authority to punish for contempt, O.C.G.A. § 15-9-34(a). It alleges, at most, that Plaintiff believes the probate court made incorrect determinations regarding the administration and protection of disputed assets. Any alleged error in the handling of the underlying proceeding must be pursued through the ordinary review process, not through federal damages claims against the presiding judge, because judicial immunity applies to orders entered and actions taken in a case pending before the court. See *Holt v. Crist*, 233 F. App'x 900, 902–03 (11th Cir. 2007).

## IV. PLAINTIFF'S ATTACK ON ABSTENTION/MOOTNESS DOES NOT SALVAGE HIS CLAIMS; IMMUNITY AND STATUTORY LIMITS INDEPENDENTLY REQUIRE DISMISSAL.

Finally, Plaintiff argues that because he seeks retrospective damages for a completed incarceration, abstention doctrines, mootness, and *Rooker-Feldman* do not apply. (Doc. 17 at 2-3). Regardless of how those doctrines might apply in the abstract, Plaintiff's claims against Judge Hunsinger fail at the threshold because absolute judicial immunity bars damages claims arising from judicial acts. *Mireles*, 502 U.S. at 11.

To the extent Plaintiff's Complaint could be construed to seek declaratory or injunctive relief against Judge Hunsinger for acts taken in his judicial capacity, § 1983 itself permits such relief only in narrow circumstances not alleged here, i.e., where "a declaratory decree was violated" or "declaratory relief was unavailable." 42 U.S.C. § 1983. And Plaintiff's opposition underscores that he is already pursuing, and has pursued, state appellate remedies arising from the same contempt orders and custody determination, confirming that declaratory relief is available in state court. (Doc. 17 at 1-3). Courts dismiss claims where a plaintiff attempts to reframe disagreement with state-court rulings as federal constitutional violations, because "the-

judge-got-it-wrong" arguments do not satisfy either exception to absolute judicial immunity.

*Jackson v. Leftridge-Harris*, 2025 WL 949994, at 2–3 (N.D. Ga. Mar. 28, 2025).

**CONCLUSION**

For the foregoing reasons, Defendant Judge Mike Hunsinger respectfully requests that the Court grant his Motion to Dismiss and dismiss all claims against him with prejudice.

Respectfully submitted this 13th day of January, 2025.

                                              James Bates Brannan Groover LLP
                                              */s/ Casey C. Crumbley*
                                              Casey C. Crumbley (Ga. Bar No. 741428)
                                              Attorney for Defendant Hon. Mike Hunsinger

1 Press Place, Suite 200
Athens, GA 30601
(706) 215-8330
ccrumbley@jamesbatesllp.com

## CERTIFICATE OF SERVICE

I certify that on this date I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically notify all registered counsel of record.

This 13th day of January, 2025.

                                                 James Bates Brannan Groover, LLP

                                                 *s/ Casey C. Crumbley*
                                                 Casey C. Crumbley
                                                 Ga Bar No. 741428
                                                 Attorney for Defendant Hon. Mike Hunsinger

1 Press Place, Suite 200
Athens, GA 30601
706-215-8330
ccrumbley@jamesbatesllp.com