# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **JASON FARMER, Plaintiff,**     ) | |
|    **v.**          ) | |
|           ) | **CIVIL ACTION FILE NO.:** |
| **MIKE HUNSINGER, KEVIN**     ) | |
| **EPPS, JON MILLS, and JAMES**     ) | **3:25-cv-00154-TES** |
| **FARMER, Defendants.**     ) | |

## REPLY BRIEF IN SUPPORT OF DEFENDANT MILLS' MOTION TO DISMISS

COMES NOW DEFENDANT JOHN MILLS in this action and files his Reply

Brief in Support of his Motion to Dismiss as follows:

## OVERVIEW

This case involves federal and state claims arising from Plaintiff's arrest on a

contempt order in the context of ongoing state court litigation. Plaintiff responded to this

Defendant's motion to dismiss, and Defendant Mills addresses Plaintiff's arguments

below.

One procedural point bears emphasis. Plaintiff mistakenly asserts that the Court

must take allegations in his complaint at face value, even where those allegations are

legal conclusions and even where objective materials available to the Court say

otherwise. To begin, federal courts may take judicial notice of public records to review a

motion to dismiss. See *Odion v. Google Inc.*, 628 F. App'x 635, 638 (11th Cir. 2015);

*Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010); *Clark v. Bibb Cnty. Bd. of*

*Educ.*, 174 F. Supp. 2d 1369, 1370 (M.D. Ga. 2001) ("A court evaluating a motion to

dismiss for failure to state a claim upon which relief can be granted ... may ... consider

any attachments to the complaint, matters of public record, orders, and items appearing in the record."). Here the Complaint is all about judicial proceedings in state courts, and Plaintiff makes no claim that the records relied upon by Defendant Mills lack authenticity. Where a plaintiff refers to certain documents in the complaint and those documents are central to plaintiff's claims, then the Court may consider the documents part of the pleadings for the purposes of a motion to dismiss. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

Therefore, the Court's ruling on Defendant's motion to dismiss should include consideration of the relevant records from the state court proceedings. And, where there is any conflict between a judicial record and the complaint, the judicial record controls. See *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls."); *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009); *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007) ("Our duty to accept the facts in the complaint as true does not require us to ignore specific factual details of the pleading in favor of general or conclusory allegations."); *Thompson v. Illinois Dept. of Professional Regulation*, 300 F.3d 750, 754 (7th Cir. 2002) ("The fact remains that where a plaintiff attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim.").

With that in mind, Defendant considers Plaintiff's sparse arguments, none of

which are sufficient to overcome Defendant's motion to dismiss.

**ARGUMENTS AND CITATIONS TO AUTHORITY**

**1.      PLAINTIFF OFFERS NO AUTHORITY FOR HIS ASSERTIONS**

The most remarkable aspect of the Plaintiff's response to Defendant Mills' motion

to dismiss is that the response fails to rely upon any legal authority, save the *Twombly*

case that generally governs motion to dismiss procedure. The absence of legal authority

in support of the Plaintiff's position is a strong indication that he has no case against

Defendant Mills. And, when it comes to qualified immunity, the absence of a controlling

case compels the conclusion that the law was not clearly established in Plaintiff's favor.

See § 2 below.

**2.      PLAINTIFF FAILS TO OVERCOME DEFENDANT'S QUALIFIED
         IMMUNITY AGAINST FEDERAL CLAIMS**

For qualified immunity, Plaintiff does not contest that Mills acted within his

discretionary authority. Therefore, "[t]he burden of showing that an officer violated

clearly established law falls on the plaintiff … ." *Estate of Salter v. Mitchell*, 711 F.

App'x 530, 537 (11th Cir. 2017). To overcome qualified immunity, courts "do not require

a case directly on point, but existing precedent must have placed the statutory or

constitutional question beyond debate." *Id.* (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731,

743, 131 S.Ct. 2074 (2011); citing *Taylor v. Barkes*, 575 U.S. 822, 135 S.Ct. 2042

(2015)).

"[A] defendant cannot be said to have violated a clearly established right unless

the right's contours were sufficiently definite that any reasonable official in the

defendant's shoes would have understood that he was violating it." *Plumhoff v. Rickard,*

572 U.S. 765, 778–79, 134 S. Ct. 2012, 2023 (2014). Where "[n]o controlling precedent put [Defendant's] alleged violation beyond debate," qualified immunity is required. *Echols v. Lawton*, 913 F.3d 1313, 1324 (11th Cir. 2019).

Here, Plaintiff does not identify any legal authority, much less a specific case to support liability against Defendant Mills. That dearth of authority normally requires qualified immunity, particularly in an unusual case like this one where federal law is murky at best. See, *e.g.*, *Charles v. Johnson*, 18 F.4th 686, 700 (11th Cir. 2021) (finding qualified immunity appropriate where no case law clearly established that defendants acted illegally). Accordingly, qualified immunity requires dismissal of all federal claims against Defendant Mills.

## 3. PLAINTIFF OFFERS NO BASIS TO OVERCOME QUASI-JUDICIAL IMMUNITY

As with qualified immunity, Plaintiff provides no basis that would tend to refute Defendant's quasi-judicial immunity from suit. Quasi-judicial immunity derives from judicial immunity, which "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Hyland v. Kolhage*, 267 Fed. Appx. 836, 839-40 (11th Cir.2008). Likewise, quasi-judicial immunity applies except in circumstances where there is "a clear absence of all jurisdiction [and] . . . even when the [Defendant's] acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). Plaintiff has no answer for quasi-judicial immunity, which bars all claims against Defendant Mills.

**4.** **PLAINTIFF'S ALLEGATIONS AGAINST THE VALIDITY OF THE BENCH WARRANT DO NOT SUPPORT HIS FEDERAL FALSE ARREST AND FALSE IMPRISONMENT CLAIMS**

In his original brief, Defendant Mills pointed out the well-settled rule that an arrest under a warrant does not support a claim for false arrest or false imprisonment, as a matter of law. See *Spinnenweber v. Williams*, 825 F. App'x 730, 732-33 (11th Cir. 2020). Plaintiff's responsive argument is that the arrest warrant was invalid due to lack of jurisdiction and/or deficient process. As pointed out above, Plaintiff provides no legal authority for his contentions

In regard to subject matter jurisdiction, every Georgia probate court has authority to punish parties for contempt. See *In re Orenstein*, 265 Ga. App. 230, 232 (1) (593 SE2d 690) (2004) ("Constitutional courts of Georgia have inherent and legislative authority to punish for contempt, any person in disobedience of its judgments, orders, and processes."). Here, the probate court found Plaintiff in contempt following a hearing. Doc. 10-7 (Contempt Order). This Court is not the proper forum for Plaintiff to dispute that finding or challenge the jurisdiction of the probate court.

In regard to procedure, Plaintiff complains that the bench warrant was entered based on *ex parte* proceedings. The fact is that most arrest warrants are based on *ex parte* information and procedure, which has long been approved by the Supreme Court. *Baker v. McCollan*, 443 U.S. 137, 143, 99 S. Ct. 2689 (1979) ("[A]n adversary hearing is not required [for issuance of a warrant], and since the probable cause standard for pretrial detention is the same as that for arrest, a person arrested pursuant to a warrant issued by a magistrate on a showing of probable cause is not constitutionally entitled to a separate

judicial determination that there is probable cause to detain him pending trial."); see also

*Kersh v. Shy*, 883 F.2d 75 (6th Cir. 1989) ("Kersh shows no reason why an *ex parte*

hearing on a motion to hold a party who has ignored a valid subpoena in civil contempt is

a violation of due process."). So, even under the Plaintiff's contentions, the bench

warrant is valid as a matter of federal substantive law. As such, Plaintiff has no federal

claim for false arrest or false imprisonment. Count 1 must be dismissed.

**5.      PLAINTIFF'S DUE PROCESS CLAIM FAILS BECAUSE ADEQUATE STATE REMEDIES EXIST AND HAVE NOT BEEN EXHAUSTED**

According to Plaintiff, his arrest and detention was not in accord with required

procedures under Georgia law. If that is so, and assuming for the sake of discussion that

the procedure leading to issuance of the bench warrant was in violation of *federal* due

process (it was not, as shown in the prior section), the claim still fails because a

"procedural due process violation is only cognizable under § 1983 when the state refuses

to provide a process sufficient to remedy the procedural deprivation." *Collier v. Conway*,

672 F. App'x 950, 952 (11th Cir. 2016) (quoting *McKinney v. Pate*, 20 F.3d 1550, 1557

(11th Cir. 1994) (*en banc*)). "[T]he state's action is not complete until and unless it

provides or refuses to provide a suitable [post-deprivation] remedy." *Hudson v. Palmer*,

468 U.S. 517, 533, 104 S. Ct. 3194 (1984).

Here, Georgia law provides Plaintiff with both appellate remedies and potential

tort remedies for an arrest accomplished under defective process. See *Perry v. Brooks*,

175 Ga. App. 77, 78, 332 S.E.2d 375, 377 (1985) (explaining that false arrest is the

proper cause of action where arrest is under legal process that is not followed by a

prosecution); O.C.G.A. § 51-7-1. Accordingly, Plaintiff has no federal claim for violation

of his alleged procedural due process rights. *Birdwell v. Livingston*, 327 F. App'x 457, 460 (5th Cir. 2009) (dismissing procedural due process claim where "Texas law affords adequate remedies for procedural due process violations resulting from false imprisonment . . . ."); *Hood v. Chicago,* 927 F.2d 312, 314 (7th Cir. 1991) ("the existence of false arrest and imprisonment actions (intentional torts) provided adequate state law remedies" in the context of procedural due process claims); *Wadhams v. Procunier*, 772 F.2d 75, 77-78 (4th Cir. 1985) (adequate state remedy defeats due process claim arising from deprivation of liberty).

## 6. PLAINTIFF FAILS TO OVERCOME DEFENDANT'S OFFICIAL IMMUNITY AGAINST STATE LAW CLAIMS

Plaintiff offers no contention that Defendant's actions in this incident were "ministerial" for purposes of Georgia's official immunity doctrine. There is no serious dispute that Mills' action as an officer of the court engaged in the work as the County Administrator was discretionary as a matter of law. See *Wallace v. Greene Cty.*, 274 Ga. App. 776, 779, 618 S.E.2d 642, 646 (2005) (county attorney's action in seeking TRO was discretionary).

Accordingly, to overcome official immunity Plaintiff had to plead facts to support that Mills acted with illegal intent to harm him in this incident. Neither the Complaint nor the Plaintiff's Brief reflect any such thing. Plaintiff simply claims that the process that led to his arrest was defective, but that does not add up to actual malice by Defendant Mills. See *Black v. Wigington*, 811 F.3d 1259, 1266 (11th Cir.2016) (explaining the high actual malice standard and stating "Even recklessly illegal conduct does not support an inference of actual malice."). Therefore, the Court should dismiss all state law claims

against Defendant Mills based on official immunity.

## CONCLUSION

For each of the foregoing reasons, and as discussed more thoroughly in Defendant

Mills' initial Brief, the Court should dismiss all claims against this Defendant.

Respectfully submitted,

WILLIAMS & WAYMIRE, LLC

*/s/ Jason C. Waymire*
JASON C. WAYMIRE
Georgia Bar No. 742602
Attorney for Defendant Mills

Building 400, Suite A
4330 South Lee Street, NE
Buford, Georgia 30518
(678) 541-0790
(678) 541-0789
jason@wmwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

**REPLY BRIEF** upon all parties to all counsel through the Court's CM/ECF system.

This January 30, 2026.

/s/ *Jason Waymire*
JASON WAYMIRE
Georgia Bar No. 742602