# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| JASON FARMER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | FILE NO. 3:25-cv-00154-TES |
| | ) | |
| MIKE HUNSINGER, in his individual Capacity; KEVIN EPPS, individually; JON MILLS, individually, JAMES FARMER, individually; | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT JAMES FARMER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS

COMES NOW, Defendant James Farmer, and without waiving any defenses, moves to dismiss Plaintiff Jason Farmer's Complaint [Doc. 1]. Pursuant to Local Rule 7.1, a memorandum of law in support of this Motion is filed simultaneously herewith.

## I. INTRODUCTION

### A. Background Concerning State Litigation, Contempt Order, Bench Warrant, and Post-Arrest Events

As shown by the Motions to Dismiss filed by Defendants Hunsinger, Epps and Mills, the present action is yet another case in the sprawling estate litigation that has gone through the Oconee County Probate Court, the Oconee County Superior Court, the Georgia Court of Appeals and a Petition for Certiorari to the Georgia Supreme Court. [Doc. 4-1,

10-1, and 11-1]. Defendant Farmer requests the Court take judicial notice of the underlying State Court litigation.[1]

The claims presented by Plaintiff in this action arise from Plaintiff's arrest on a bench warrant issued by Judge Hunsinger in the Oconee County Probate Court after the Court found Plaintiff in contempt of court. Defendant Mills' Brief in Support of Motion to Dismiss summarizes the relevant history concerning the Contempt Order, Bench Warrant, Arrest, and Post-Arrest Events. [Doc. 11-1, p. 2].

**B. Plaintiff's Allegations and Claims against Defendant Farmer**

In his Complaint, Plaintiff sets forth approximately 90 paragraphs of "Factual Allegations." [Doc. 1]. Paragraphs 37 to 101 pertain to Plaintiff's allegations regarding the Contempt Order, Bench Warrant, arrest, and post-arrest events. In those 64 paragraphs of factual allegations materially related to the claims in this action, Plaintiff makes passing reference to Defendant Farmer with sweeping legal conclusions regarding Defendant Farmer's alleged conduct. Specifically, Plaintiff asserts a legal conclusion that Defendant Epps acted as an agent for Defendant Farmer. Id. at ¶¶ 48, 52. In other places, Plaintiff provides bare assertions Defendant Farmer acted in concert with the other named defendants. Id. at ¶ 66. These sparse, but sweeping bare assertions and legal conclusions pertaining to Defendant Farmer ultimately culminate with Plaintiff's wholly unsupported legal conclusion that "Defendant James D. Farmer, as principal, is vicariously liable for all

---

[1] See Keith v. DeKalb County, 749 F.3d 1034, 1041 (11th Cir. 2014); Cunningham v. Dist. Att's Office, 592 F.3d 1237, 1255 (11th Cir. 2010); Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010).

actions taken by his agent Defendant Epps in furtherance of this conspiracy." Id. at ¶ 67. Missing from Plaintiff's Complaint are well pleaded factual allegations that Defendant Farmer actually did anything, much less well pleaded factual allegations he did anything wrong. He is not alleged to have spoken with, met with, been in attendance during, or otherwise observed <u>any</u> of the acts that form the basis of Plaintiff's claims in this lawsuit. Nonetheless, Plaintiff asserts the following shotgun allegations against Defendant Farmer:

- Count I – Violation of Fourth Amendment Rights (42 U.S.C. § 1983) for False Arrest and Imprisonment

- Count II – Violation of Fourteenth Amendment Rights (42 U.S.C. § 1983) for Denial of Procedural Due Process

- Count III – Conspiracy to Violate Civil Rights (42 U.S.C. § 1983)

- Count IV – False Arrest (O.C.G.A. § 51-7-1)

- Count V – False Imprisonment (O.C.G.A. § 51-7-20)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires a case be dismissed when the complaint "fails to state a claim upon which relief may be granted." When ruling on a Rule 12(b)(6) motion, the Court must accept the facts set forth in the complaint as true. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 572 (2007). A complaint survives a motion to dismiss only if the facts alleged, accepted as true, state a claim for relief that is plausible on its face. <u>McCullough v. Finley</u>, 907 F.3d 1324, 1333 (11th Cir. 2018). "Although Federal Rule of Civil Procedure 8 does not require detailed factual allegations, it does require 'more than [ ] unadorned, the-defendant-unlawfully-harmed-me accusation[s].'" <u>Ohio Cas. Ins. Co. v.</u>

City of Unadilla, Georgia, 5:23-CV-00062-TES, 2023 WL 2899519, at *2 (M.D. Ga. Apr. 11, 2023) (quoting McCullough, 907 F.3d at 1333).

### III. ARGUMENT AND CITATION TO AUTHORITY

As shown below, Plaintiff's claims against Defendant Farmer should be dismissed: (a) for failure to state a claim; and (b) under the Younger Doctrine. To the extent any state law claims were to survive, the Court should not exercise supplemental jurisdiction in the absence of a federal question.

**A. The Complaint Fails to State a Valid Claim against Defendant Farmer**

Plaintiff's Complaint fails to state a claim against Defendant Farmer because: (1) the arrest on a bench warrant bars the Fourth Amendment claims; (2) Plaintiff has no Federal procedural due process claim; (3) Plaintiff's Federal conspiracy claim fails for lack of any underlying Federal claim; and (4) Plaintiff's Complaint does not comply with the standards set forth in Twombly and Iqbal.

**1. Plaintiff's Arrest on a Bench Warrant Bars his Fourth Amended Claims**

As Defendant Mills rightly identified for the Court, in Count I Plaintiff asserts a Fourth Amendment false arrest and imprisonment claim under 42 U.S.C. § 1983 that arises from an arrest under a bench warrant. [Doc. 11-1]. The issuance of the bench warrant bars Plaintiff's claim. A "claim of false arrest or imprisonment under the Fourth Amendment concerns seizures without legal process, such as warrantless arrests." Williams v. Aguirre, 965 F.3d 1147, 1158 (11th Cir. 2020); Smith v. Gonzales, 670 F.2d 522, 526 (5th Cir.

1982) ("Where an arrest is made under authority of a properly issued warrant, the arrest simply is not a false arrest.").

"The fact that a state judge issued a warrant in this case . . . extinguishes [Plaintiff's] false arrest claim. Any objection [he has] must necessarily be towards the legal process, rather than the absence of legal process." Sinnenweber v. Williams, 825 F. App'x 730, 732-733 (11th Cir. 2020). Therefore, Count I of Plaintiff's Complaint must be dismissed.

## 2. Plaintiff has no Federal Procedural Due Process Claim

Similar to Count I, in Count II Defendant Mills also properly identifies that Plaintiff's due process claim fails because the State of Georgia provides adequate processes to remedy any procedural deficiencies, which includes Plaintiff's pending appeal in in the Georgia Court of Appeals. [Doc. 11-1].

Plaintiff has an adequate State Court remedy, which he is pursuing. This means there cannot be a due process violation. Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir. 2000) ("procedural due process violations do not even exist unless no adequate state remedies are available."); Horton v. Board of County Commissioners of Flagler County, 202 F.3d 1297, 1300 (11th Cir. 2000) (if adequate state court remedy for procedural deprivation exists, "then there is no federal procedural due process violation"); Reams v. Irvin, 561 F.3d 1258, 1266-67 (11th Cir. 2009) ("Because we conclude that available state remedies were adequate to cure any erroneous deprivation of [the plaintiff's] protected interest in her equines, [the plaintiff] has failed to establish that her procedural due process rights were violated"); Foxy Lady, Inc. v. City of Atlanta, 347 F.3d 1232, 1238 (11th Cir. 2003) ("[E]ven if a procedural deprivation exists . . ., such a claim will not be cognizable

under § 1983 if the state process a means by which to remedy the alleged deprivation"); Lambert v. Board of Trustees, 793 Fed.Appx. 938, 943 (11th Cir. Nov. 25, 2019) ("when state law provides an adequate means to remedy the alleged procedural deprivation, there is no due process violation regardless of whether the plaintiff availed himself of that remedy"). Therefore, Count II of Plaintiff's Complaint must be dismissed.

### 3. Plaintiff's Federal Conspiracy Claim Fails for Lack of Any Underlying Federal Claim

Defendant Mills also correctly identifies that for Plaintiff's claim of a conspiracy to violate federal rights to survive, he must have a violation of a federal right. [Doc. 11-1]. As shown above, Plaintiff cannot show any violation of a federal right. Therefore, Count III of Plaintiff's Complaint must be dismissed. See Grider v. City of Auburn, 618 F.3d 1240, 1260 (11th Cir. 2010) (to state a section 1983 claim for conspiracy, a plaintiff must show, among other things, that the alleged conspiracy "resulted in the actual denial of some underlying constitutional right."); Valentine v. Robinson, 601 F. App.'x 778, 783 (11th Cir. 2015) (dismissing conspiracy claim for lack of an underlying constitutional claim).

### 4. Plaintiff Has Not Satisfied the Pleading Requirements of Fed. R. Civ. P. 8

Fed. R. Civ. P. 12(b)(6) requires a complaint meet the pleading standards of Fed. R. Civ. P. 8 so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (citations omitted). In other words, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for

the misconduct alleged." Lanfear v. Home Depot, Inc., 718 F. Supp. 2d 1364, 1372 (N.D. Ga. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1254 (11th Cir. 2012).

A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Courts need not accept as true "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Iqbal, 556 U.S. at 678. Instead, courts must conduct a context-specific inquiry and rely on "judicial experience and common sense" to determine if a plaintiff's "well-pleaded factual allegations . . . plausibly give rise to an entitlement to relief." Id. at 679.

Plaintiff's Complaint does not meet these pleading requirements with respect to Defendant Farmer. As mentioned, Plaintiff sets forth approximately 90 paragraphs of "Factual Allegations," with Paragraphs 37 to 101 pertaining to the material allegations regarding the Contempt Order, Bench Warrant, arrest, and post-arrest events.

In those 64 paragraphs of factual allegations materially related to the claims in this action, Plaintiff makes only passing reference to Defendant Farmer. Essentially Plaintiff pleads sweeping legal conclusions as to Defendant Farmer. Specifically, Plaintiff asserts a legal conclusion that Defendant Epps acted as an agent for Defendant Farmer. Id. at ¶¶ 48, 52. Plaintiff asserts a legal conclusion that Defendant Farmer acted in concert with the other named defendants. Id. at ¶ 66. Finally, Plaintiff broadly concludes "Defendant James

D. Farmer, as principal, is vicariously liable for all actions taken by his agent Defendant Epps in furtherance of this conspiracy." Id. at ¶ 67.

Wholly omitted from Plaintiff's Complaint are any well pleaded factual allegations as to Defendant Farmer. Plaintiff does not allege Defendant Farmer spoke with, met with, attended, or otherwise observed or ratified any of the acts that form the basis of Plaintiff's claims against him.

Generally, a client is not liable for the actions of his or her counsel, rather "general retention of an attorney to do all things necessary to pursue a claim or defense . . . should in legal contemplation mean the attorney has authority to do all things legal and proper, not otherwise." Plant v. Trust Co. of Columbus, 168 Ga. App. 909, 310 S.E.2d 745, 747 (1983). The Court in Plant went further, stating "[w]e will not presume a direction or authority or permission to commit a tortious or illegal act inheres in the usual attorney-client relationship." Id.

In the present case, Plaintiff's Complaint does the opposite. It contains no sufficient well pleaded factual allegations as to Defendant Farmer's actual conduct. Rather, Plaintiff just concludes the alleged conduct of Defendant Epps makes Defendant Farmer vicariously liable because of an attorney-client relationship. That is not the law in Georgia and Plaintiff has not pled sufficient factual allegations against Defendant Farmer to give him fair notice and allow the Court to draw the reasonable inference that defendant is liable for the actions alleged. For the foregoing reasons, Plaintiff's Complaint should be dismissed.

### B. The Younger Doctrine applies and the Court should refrain from interfering in pending State Court proceedings

While Defendant Farmer maintains the Court has proper grounds to dismiss the Complaint for the reasons above, the abstention set forth in Younger v. Harris, 401 U.S. 37 (1971) and then Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013) should apply to this action. In Younger, the United States Supreme Court identified a class of cases where "federal-court abstention is required." Jacobs at 72. In Jacobs, the Court further defined the Younger doctrine to include cases "that implicate a State's interest in enforcing the orders and judgments of its courts." Id.

The underlying litigation giving rise to this action is such a case. The Oconee County Probate Court issued a number of orders, culminating in a Contempt Order and a Bench Warrant leading to Plaintiff's arrest. Enforcement of those orders is currently on appeal before the Georgia Court of Appeals. Therefore, the Court should dismiss this action and refrain from interfering in the Georgia Courts enforcing the orders and judgments of its courts. This Court should exercise its discretion in abstaining on ruling in this case to avoid placing itself in the position of issuing a ruling contrary to the Georgia Court of Appeals or any other Georgia state court concerning this matter.

### C. The Court Should Decline to Exercise Supplemental Jurisdiction Over Any State Law Claims

Defendant Farmer joins Defendant Mills in requesting that if the Court dismisses the federal claims it should decline to exercise supplemental jurisdiction over any state law tort claims. See 28 U.S.C. § 1367(c)(3); see United Mine Workers of America v. Gibbs, 383

U.S. 715, 86 S.Ct. 1130, 1139 (1966); Raney v. Allstate Ins. Co., 370 F.3d 1086-1088-89 (11th Cir. 2004).

## IV. CONCLUSION

Based upon the foregoing, Defendant James Farmer is entitled to dismissal of all claims against him.

This 30th day of January, 2026.

                Respectfully submitted,

                **MARSH ATKINSON & BRANTLEY, LLC**

                By:   */s/ Joseph Angersola*
                         Joseph J. Angersola
                         Georgia State Bar No. 890572
                         Lee Clayton
                         Georgia State Bar No. 601004
                         *Attorneys for James Farmer*

271 17th Street NW, Ste. 1600
Atlanta, GA  30363
Telephone 404-282-5050
Fax 404-282-3030
joseph.angersola@mablawfirm.com
lee.clayton@mablawfirm.com

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing **DEFENDANT JAMES FARMER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 30th day of January, 2026.

    Respectfully submitted,

**MARSH ATKINSON & BRANTLEY, LLC**

By: */s/ Joseph Angersola*
Joseph J. Angersola
Georgia State Bar No. 890572
Lee Clayton
Georgia State Bar No. 601004
*Attorneys for James Farmer*

271 17th Street NW, Ste. 1600
Atlanta, GA  30363
Telephone 404-282-5050
Fax 404-282-3030
joseph.angersola@mablawfirm.com
lee.clayton@mablawfirm.com