# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| JASON FARMER, Plaintiff,<br>v.<br><br>MIKE HUNSINGER, KEVIN EPPS, JON MILLS, and JAMES FARMER, Defendants. | )<br>)<br>)<br>) CIVIL ACTION FILE NO.:<br>)<br>) 3:25-cv-00154-TES<br>)<br>) |

## NOTICE OF ADDITIONAL CONTROLLING AUTHORITY

COMES NOW DEFENDANT MILLS, through counsel, and identifies additional controlling authority ahead of the Court's hearing set for February 11. Counsel discovered this authority after the briefing cycle, and provides it here without significant comment for the benefit of the Court and all parties in connection with the *Younger* doctrine.

\* \* \*

In *Juidice v. Vail*, **430 U.S. 327 (1977),** the Court held that a federal court should have abstained from adjudicating a challenge to a State's contempt process:

> A State's interest in the contempt process, through which it vindicates the regular operation of its judicial system, so long as that system itself affords the opportunity to pursue federal claims within it, is surely an important interest. Perhaps it is not quite as important as is the State's interest in the enforcement of its criminal laws, *Younger*, supra, or even its interest in the maintenance of a quasi-criminal proceeding such as was involved in Huffman, supra. But we think it is of sufficiently great import to require application of the principles of those cases. The contempt power lies at the core of the administration of a State's judicial system, cf. *Ketchum v. Edwards*, 153 N.Y. 534, 539, 47 N.E. 918, 920 (1897).

*Juidice v. Vail,* 430 U.S. 327, 335, 97 S. Ct. 1211, 1217, 51 L.Ed.2d 376, 384 (1977)

In ***Pennzoil Co. v. Texaco Inc.*, 481 US 1 (1987),** the Supreme Court stated:

> "Contempt in these cases, serves, of course, to vindicate and preserve the private interests of competing litigants, . . . but its purpose is by no means spent upon purely private concerns. It stands in aid of the authority of the judicial system, so

that its orders and judgments are not rendered nugatory." [*Juidice,* 430 U.S.] at 336, n. 12 (citations omitted).

The reasoning of *Juidice* controls here. That case rests on the importance to the States of enforcing the orders and judgments of their courts. There is little difference between the State's interest in forcing persons to transfer property in response to a court's judgment and in forcing persons to respond to the court's process on pain of contempt. Both *Juidice* and this case involve challenges to the processes by which the State compels compliance with the judgments of its courts. Not only would federal injunctions in such cases interfere with the execution of state judgments, but they would do so on grounds that challenge the very process by which those judgments were obtained. So long as those challenges relate to pending state proceedings, proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand.

*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13-14, 107 S. Ct. 1519, 1527, 95 L.Ed.2d 1, 17

(1987) (footnotes omitted).

\* \* \*

Respectfully submitted,

WILLIAMS & WAYMIRE, LLC

 */s/ Jason Waymire*  
JASON C. WAYMIRE  
Georgia Bar No. 742602  
Attorney for Defendant Mills

Building 400, Suite A  
4330 South Lee Street, NE  
Buford, Georgia 30518  
(678) 541-0790  
(678) 541-0789  
jason@wmwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

**NOTICE** upon counsel for all parties through the Court's CM/ECF system.

This February 3, 2026.

/s/ *Jason Waymire*  
JASON WAYMIRE