**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| **JASON FARMER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| **MIKE HUNSINGER, in his** | ) |
| **individual capacity;** | )   **CIVIL ATION FILE NO.** |
| **KEVIN EPPS, individually;** | )   **Case 3:25-cv-00154-TES** |
| **JON MILLS, individually,** | ) |
| **JAMES FARMER,** | ) |
| **individually** | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANT JUDGE MIKE HUNSINGER'S OBJECTION AND MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT AS IMPROPERLY FILED AND REQUEST THAT THE COURT PROCEED ON THE PENDING MOTIONS TO DISMISS**

Defendant Judge Mike Hunsinger ("Judge Hunsinger"), through undersigned counsel, objects to and moves to strike Plaintiff's "First Amended Complaint" (Doc. 28) as improperly filed because Plaintiff's time to amend as a matter of course under Federal Rule of Civil Procedure 15(a)(1) expired months ago; at the latest, 21 days after the first Rule 12(b) motion was filed in this case. Plaintiff did not obtain written consent from any defendant and did not seek or obtain leave of Court under Rule 15(a)(2). Because the Court has set a hearing on the pending motions to dismiss, and the amended pleading attempts to change the target of those motions on the eve of the hearing, the Court should strike the amended complaint and proceed on the pending motions directed to the original complaint.

**I.      RELEVANT PROCEDURAL BACKGROUND**

1. Plaintiff filed the original Complaint on October 1, 2025. (Doc. 1).

2. Defendant Kevin Epps filed a motion to dismiss under Rule 12(b) on October 10, 2025. (Doc. 4).

3. Defendant Judge Hunsinger filed his Rule 12(b) motion to dismiss on December 10, 2025. (Doc. 10).

4. Defendant Jon Mills filed his Rule 12(b) motion to dismiss on December 12, 2025. (Doc. 11).

5. Defendant James Farmer filed his motion to dismiss on January 30, 2026. (Doc. 23).

6. On February 2, 2026, the Court entered a Notice of Setting Hearing on the pending motions to dismiss, setting the motion hearing for February 11, 2026 at 11:30 a.m. in Athens before Judge Tilman E. Self, III. (Docket Entry dated Feb. 2, 2026).

7. On February 10, 2026, one day before the hearing, Plaintiff filed an "Amended Document" amending the Complaint (Doc. 28).

## II.   LEGAL STANDARD

Rule 15(a)(1) permits one amendment "as a matter of course" only within a narrow window: (A) within 21 days after serving the pleading, or (B) within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). After that window closes, amendment requires either the opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2).

## III.   ARGUMENT

**A. Plaintiff's time to amend as of right expired 21 days after the first Rule 12(b) motion; it did not restart as additional defendants filed motions.**

In <u>Allen v. Vintage Pharmaceuticals LLC</u>, this Court confronted the same Rule 15(a)(1) issue in a multi-defendant case. The plaintiff filed an amended complaint 24 days after the first defendant filed a Rule 12(b)(6) motion to dismiss and three days after a second defendant filed its own motion. No. 5:18-CV-00329-TES, 2019 WL 542981, at *2 (M.D. Ga. Feb. 11, 2019).

The court explained that courts "differ on when the clock starts" in multi-defendant settings, and it compared how different district courts have decided this issue. Id. at *3. This Court in Allen adopted the approach based on the Advisory Committee Notes: the 21-day amendment periods "are not cumulative," and a later-filed motion "did not commence a new 21-day amendment period." Id. As such, this Court struck the amended complaint as untimely as to all defendants.

As held in Allen, "Given the unqualified language of the advisory committee notes to the latest version of the Rule, the Court agrees with the latter rationale that the ability to amend as a matter of right concludes 21 days after the first defendant files a responsive pleading or a motion under Rule 12(b), (e), or (f)." Id. at *3 (quoting Fed. R. Civ. P. 15(a) advisory committee's note to 2009 amendment). Allen illustrates the practical consequence of this first-filing rule with a simple timeline example: once the first responsive pleading or Rule 12 motion is filed, any later amendment filed outside 21 days is "not binding" (or must be "stricken") even if some later defendants filed motions within 21 days of the amendment. Id. at *3 nn.4–5 (providing examples and explaining that an untimely amendment must be stricken as to all defendants under the non-cumulative rule).

The same conclusion follows here. The first Rule 12(b) motion in this case was filed on October 10, 2025 (Doc. 4). Under Allen, Plaintiff's one-time right to amend as a matter of course expired 21 days later. Later-filed motions by other defendants, including Judge Hunsinger's December 10, 2025 motion (Doc. 10), Mills's December 12, 2025 motion (Doc. 11), and James Farmer's January 30, 2026 motion (Doc. 23), did not restart the amendment clock. Because Plaintiff waited until February 10, 2026 to file the amended complaint (Doc. 28), it is untimely under Rule 15(a)(1) and should be stricken.

**B. Even under a more permissive approach, the amended complaint is ineffective as to Judge Hunsinger because it was filed more than 21 days after his Rule 12(b) motion.**

Even if the Court were to apply a more permissive approach (treating an amendment as effective against defendants whose Rule 12 motions were served within the prior 21 days) the amended complaint is still untimely as to Judge Hunsinger. Judge Hunsinger filed his Rule 12(b) motion to dismiss on December 10, 2025 (Doc. 10). Plaintiff's amended complaint was filed on February 10, 2026 (Doc. 28), well beyond 21 days after Judge Hunsinger's motion. Accordingly, at minimum, the Court should strike the amended complaint as to Judge Hunsinger and proceed to hear and decide his pending motion to dismiss directed to the original complaint.

**C. Plaintiff did not seek leave or consent, and filing an amended complaint on the eve of the scheduled motion hearing is prejudicial and improper.**

Because the Rule 15(a)(1) window closed long ago, Plaintiff was required to obtain either (i) the written consent of the opposing parties, or (ii) leave of Court. Fed. R. Civ. P. 15(a)(2). Plaintiff did neither. Instead, Plaintiff filed the amended complaint one day before the Court's scheduled hearing on the motions to dismiss. This tactical filing undermines the orderly presentation of the pending motions, forces defendants to address new allegations and theories without meaningful time to respond, and risks wasting the Court's time at the scheduled hearing. This Court in Allen granted a motion to strike in similar circumstances and further noted that extensions of time to file briefs under Local Rule 6.2 do not extend the Rule 15(a)(1) amendment period. Id. at *3 & n.3.

**IV.   RELIEF REQUESTED**

For the foregoing reasons, Defendant Judge Mike Hunsinger respectfully requests that the Court:

1. Strike Plaintiff's "First Amended Complaint" (Doc. 28) as improperly filed under Rule 15(a)(1);

2. Confirm that the operative pleading for purposes of the pending motions is the original Complaint (Doc. 1) and proceed with the hearing and adjudication on the pending motions to dismiss; and

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 10th day of February, 2026.

                                Constangy, Brooks, Smith & Prophete, LLP

                                /s/ Casey C. Crumbley
                                Casey C. Crumbley
                                Georgia Bar No. 741428

Highridge Centre
3920 Arkwright Road
Suite 375
Macon, GA 31210
(478) 750-8600
ccrumbley@constangy.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on this date I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notice of such filing to all counsel of record who are registered CM/ECF users.

  This 10th day of February, 2026.

                Constangy, Brooks, Smith & Prophete, LLP

                <u>/s/ Casey C. Crumbley</u>
                Casey C. Crumbley
                Georgia Bar No. 741428

Highridge Centre
3920 Arkwright Road
Suite 375
Macon, GA 31210
(478) 750-8600
ccrumbley@constangy.com