IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JASON FARMER,<br><br>    Plaintiff,<br><br>v.<br><br>MIKE HUNSINGER, KEVIN EPPS,<br>JON MILLS, and JAMES FARMER<br><br>    Defendants. | 3:25-cv-00154-TES |

**PLAINTIFF'S NOTICE OF TIMELY AMENDMENT AS OF RIGHT
AND, IN THE ALTERNATIVE, MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

COMES NOW Plaintiff Jason Farmer ("Plaintiff"), by and through undersigned counsel, and respectfully submits this Notice that his Second Amended Complaint [Doc. 32] was timely filed as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), and in the alternative, moves for leave to amend pursuant to Rule 15(a)(2).

### I. THE AMENDMENT WAS TIMELY FILED AS OF RIGHT

Federal Rule of Civil Procedure 15(a)(1)(B) provides that a party may amend its pleading once as a matter of course within "21 days after service of **a motion** under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). (emphasis added)  Reading "a motion" as "the first motion filed by any defendant" rewrites the text.

On January 30, 2026, Defendant James Farmer filed a Motion to Dismiss pursuant to Rule 12(b). Plaintiff filed his Second Amended Complaint on February 11, 2026 - twelve (12) days after service of Defendant James Farmer's Rule 12(b) motion and well within the twenty-one (21) day period prescribed by Rule 15(a)(1)(B).

Because Plaintiff's First Amended Complaint [Doc. 22] is the operative pleading, each Rule 12(b) motion directed at it triggers a fresh twenty-one day amendment window. The Second Amended Complaint was therefore filed as a matter of course and requires no leave of court.

## II.  IN THE ALTERNATIVE, LEAVE SHOULD BE GRANTED

Should the Court determine that leave is required, Plaintiff respectfully requests leave to file the Second Amended Complaint under Rule 15(a)(2). Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has held that leave should be granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

None of these factors counsel against amendment here. The case is in its early stages, initial disclosures were stayed unilaterally even though an answer was already filed, no scheduling order has been entered, no discovery has been conducted, and Defendants will suffer no prejudice from addressing the Second Amended Complaint rather than the First.  The amendments are not futile, as they refine and strengthen claims already pleaded.   They are also necessary and appropriate in light of Defendants' request for the Court to take judicial notice of the records of at least a dozen underlying state cases.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Clerk accept and docket the Second Amended Complaint [Doc. 32] as timely filed pursuant to Rule 15(a)(1)(B), or in the alternative, that the Court grant Plaintiff leave to file the Second Amended Complaint.

Respectfully submitted this 11th day of February, 2026.

/s/ *John Baker*
John Baker
Georgia Bar No. 033797
John Baker Law
1021 Deerfield Trail
Watkinsville, Georgia 30677
Telephone: (706) 510-0000
Email: john@johnbakerlaw.com
*Attorney for Plaintiff Jason Farmer*

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record.

Respectfully submitted this 11th day of February, 2026.

>
> */s/ John Baker*
> John Baker
> Georgia Bar No. 033797
> John Baker Law
> 1021 Deerfield Trail
> Watkinsville, Georgia 30677
> Telephone: (706) 510-0000
> Email: john@johnbakerlaw.com
> *Attorney for Plaintiff Jason Farmer*