**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **JASON FARMER, Plaintiff,**      ) <br>    **v.**                          ) <br>                                 ) <br> **MIKE HUNSINGER, KEVIN**   ) <br> **EPPS, JON MILLS, and JAMES**   ) <br> **FARMER, Defendants.**         ) <br>                                 ) | **CIVIL ACTION FILE NO.:** <br><br> **3:25-cv-00154-TES** |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE**
**TO FILE AMENDED COMPLAINT BY DEFENDANT MILLS**

COMES NOW Defendant JON MILLS and files this response in opposition to Plaintiff's latest motion for leave to file a second amended complaint (Doc. 44), showing the Court as follows:

**INTRODUCTION**

As currently pleaded this case involves federal claims under 42 U.S.C. § 1983 for false arrest, false imprisonment and denial of procedural due process. Doc. 1. The case arises from estate litigation pending in diverse state courts, including the Oconee County Probate Court, the Oconee County Superior Court, the Georgia Court of Appeals,[1] and a Petition for Certiorari pending in the Georgia Supreme Court.

Defendant Mills is the court-appointed County Administrator for two estates under administration in the Oconee County Probate Court. Doc. 1 at ¶¶ 9, 12. The claims in this case relate to Plaintiff's arrest on a bench warrant issued by Judge Hunsinger of the

---

[1] Plaintiff apparently withdrew his appeal to the Georgia Court of Appeals concerning the arrest underlying this case.

Oconee County Probate Court, following Plaintiff's contempt of that court.

The Court previously directed the Defendants to respond to the Plaintiff's motion to amend by focusing on whether the judicial immunity doctrine, applicable to Defendant Hunsinger, renders the Plaintiff's latest proposed amended complaint futile. Accordingly, that is the primary gist of this response. Defendant Mills submits that no well-pleaded allegation in the proposed amended complaint provides a basis for federal jurisdiction over him, particularly when all of the legal jargon is stripped away.

As detailed below, the Court should deny Plaintiff's motion for leave to amend the complaint because the proposed amendment is futile.

## ARGUMENT AND CITATION TO AUTHORITY

### I. MOTION TO AMEND STANDARDS

Leave to amend a complaint should be denied "when the amendment would be futile . . . ." *Nolin v. Douglas County*, 903 F.2d 1546, 1550 (11th Cir.1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). For the reasons discussed below, Plaintiff's motion to amend should be denied because the proposed amendment does not state a valid federal claim against Defendant Mills or anyone else.

### II. THE SECOND AMENDED COMPLAINT IS FUTILE AS AGAINST DEFENDANT MILLS

Initially, Defendant sees no basis in the proposed amended complaint that even arguably evades the judicial immunity doctrine. The material *factual*

allegations of the amended complaint against Judge Hunsinger solely involve his judicial acts relating to a party (Plaintiff) in a case over which the judge was appointed to preside. The case materials filed as exhibits to the proposed amended complaint confirm that point. The actual facts in this matter check all the boxes for the judicial immunity doctrine. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). So, Judge Hunsinger should not be a party to the case.

Moving to the implications of that point for Defendant Mills, the proposed amended complaint asserts that Mills is liable for actions as an attorney in Georgia state courts. Doc. 37-1 at 10-11. The law is clear that lawyer action in connection with representing a client in court proceedings is not action "under color of law" within the meaning of 42 U.S.C. § 1983. "Use of the courts by private parties does not constitute an act under color of state law." *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992).

That is true even where the attorney is appointed by the court, which is the case for Defendant Mills. A court appointed attorney does not act under the color of state law. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); see also *Pearson v. Myles*, 189 F. App'x 865, 866 (11th Cir. 2006) (*per curiam*) (a court appointed attorney does not act under the color of state law).

It follows that Defendant Mills' involvement and interaction with a judge in connection with litigation does not convert the conduct Mills into action "under color of law."

To get around his obvious problem with the "color of law" element, Plaintiff invokes *Dennis v. Sparks*, 449 U.S. 24, 101 S. Ct. 183 (1980), where "the judge [was] properly dismissed from the suit on immunity grounds." *Id*. at 27. However, "the action against the private parties accused of conspiring with the judge" was allowed to proceed. *Id.*

In *Dennis,* the reason why the case could proceed against non-judges was that "the allegations were that an official act of the defendant judge was the product of a corrupt conspiracy involving bribery of the judge. Under these allegations, the private parties conspiring with the judge were acting under color of state law; and it is of no consequence in this respect that the judge himself is immune from damages liability." *Id*. at 27-28. The upshot is that, under extreme circumstances like bribery of a judge, private parties who corruptly conspire with a judge to bring about judicial action may have acted "under color of law", even if the judge is not a party to the case.

Turning to this case, there is no well-pleaded allegation that Defendant Mills bribed Judge Hunsinger, or otherwise conspired with him in order to bring about a corrupt result. Rather, the allegations are that Defendant Mills acted as counsel for

a party in litigation and he filed materials that Judge Hunsinger considered in connection with judicial rulings. Mills undertook prototypical attorney action that does not qualify as conduct "under color of law" and does not come close to the extreme exception in *Dennis*.

It follows that the proposed amended complaint is futile as against Defendant Mills, regardless whether Judge Hunsinger has immunity or remains a Defendant in the case.

## **CONCLUSION**

Plaintiff's proposed amended complaint merely seeks to provide extra embellishment to lawsuit that has no business in federal court. The Court should deny Plaintiff's motion to amend because it is futile.

Respectfully submitted,

**WILLIAMS & WAYMIRE, LLC**

/s Jason Waymire_____
JASON C. WAYMIRE
Georgia State Bar No. 742602
Attorneys for Defendant Mills

4330 South Lee St., NE
Building 400, Suite A
Buford, Ga 30518-3027
Telephone: (678) 541-0790
Facsimile: (678) 541-0789
jason@wmwlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this date served all counsel in the foregoing action with a true and correct copy of the foregoing **RESPONSE** by email to counsel for all parties through the Court's CM/ECF system.

This 20 day of March, 2026.

/s Jason Waymire_____
JASON C. WAYMIRE