# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
### ATHENS DIVISION

| | | |
|---|---|---|
| JASON FARMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MIKE HUNSINGER, in his | ) | |
| individual capacity; | ) | CIVIL ACTION FILE NO. |
| KEVIN EPPS, individually; | ) | Case 3:25-cv-00154-TES |
| JON MILLS, individually, | ) | |
| JAMES FARMER, | ) | |
| individually | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT JUDGE MIKE HUNSINGER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendant Hon. Mike Hunsinger ("Judge Hunsinger") submits this Response in Opposition to Plaintiff's Renewed Motion for Leave to File a Second Amended Complaint (Doc. 37) and the proposed Second Amended Complaint (Doc. 37-1).

Although Rule 15 reflects a liberal amendment policy, leave is not automatic. It may be denied where amendment would be futile, where the movant has delayed unduly, or where amendment would prejudice the opposing party. Here, Plaintiff's proposed pleading continues to seek damages from Judge Hunsinger for entering and enforcing orders in a pending probate matter, adjudicating noncompliance, and issuing process to compel compliance. Those acts are judicial in nature. Absolute judicial immunity bars claims based on such conduct, and Plaintiff's new labels and added detail do not change that conclusion. Because the proposed claims against Judge Hunsinger would still be subject to dismissal, amendment is futile as to him and should be denied.

**STANDARD**

Once amendment as a matter of course is unavailable, a plaintiff may amend only with consent or leave of court. Fed. R. Civ. P. 15(a)(2). Although leave should be "freely give[n] when justice so requires," the Supreme Court has long held that leave may be denied for "undue delay, bad faith or dilatory motive," "repeated failure to cure deficiencies," "undue prejudice," or "futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). In the Eleventh Circuit, amendment is futile where the amended complaint would still be subject to dismissal. Sibley v. Lando, 437 F.3d 1067, 1073–74 (11th Cir. 2005); Chang v. JPMorgan Chase Bank, N.A., 845 F.3d 1087, 1094 (11th Cir. 2017).

**ARGUMENT**

**I.      AMENDMENT IS FUTILE AS TO JUDGE HUNSINGER BECAUSE ABSOLUTE JUDICIAL IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST HIM.**

Judicial immunity is "an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). Judges are absolutely immune from damages for acts performed in their judicial capacity unless they act in the clear absence of all jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356–57 (1978); Sibley, 437 F.3d at 1070. The doctrine is functional. The question is not whether the judge acted correctly, lawfully, or even fairly, but whether the challenged conduct is judicial in nature and tied to a matter before the court. Mireles, 502 U.S. at 12–13; Stump, 435 U.S. at 362. Allegations that a judge acted maliciously, erred, exceeded authority, or committed "grave procedural errors" do not defeat immunity. Mireles, 502 U.S. at 11–13; Stump, 435 U.S. at 356–57, 359.

The proposed Second Amended Complaint continues to challenge contempt enforcement, arrest/incarceration process, and related orders entered during the probate proceedings. Those are paradigmatic judicial acts. The Eleventh Circuit has held that civil incarceration and a writ of

bodily attachment are judicial acts protected by immunity. <u>Sibley</u>, 437 F.3d at 1071–73. It has likewise held that signing orders and issuing a bench warrant are "run-of-the-mill judicial functions." <u>Caldwell v. Downs</u>, 789 F. App'x 183, 186 (11th Cir. 2019). And in <u>McCullough v. Finley</u>, the Eleventh Circuit held that municipal judges were entitled to absolute judicial immunity despite allegations that they participated in a broader scheme to jail indigent offenders for nonpayment, because the challenged conduct (probation procedures, indigency determinations, appointment of counsel, and sentencing) consisted of functions normally performed by a judge and was therefore judicial in nature. 907 F.3d 1324, 1330–34 (11th Cir. 2018).

If the judges were immune in <u>McCullough</u>, where plaintiffs alleged a systemic scheme involving incarceration for nonpayment, Judge Hunsinger is likewise immune here, where Plaintiff's claims arise from routine adjudicative and enforcement functions in a pending case.

**A.      Plaintiff does not plausibly allege the narrow "clear absence of all jurisdiction" exception.**

Plaintiff's primary attempt to avoid immunity is to assert that the probate court "clearly lacked subject-matter jurisdiction" because the property at issue was not ultimately estate property and because probate courts allegedly cannot impose what he characterizes as "criminal contempt." That theory fails as a matter of law. The "clear absence of all jurisdiction" exception is narrow. The exception applies only where the judge acts in the clear absence of all subject-matter jurisdiction; it does not apply where the judge is alleged to have misconstrued the scope of his authority, committed legal error, or acted in excess of his authority in a case properly before the court. <u>Dykes v. Hosemann</u>, 776 F.2d 942, 947–49 (11th Cir. 1985) (en banc); <u>McCullough</u>, 907 F.3d at 1332. <u>Dykes v. Hosemann</u> is especially important here because it explains that the relevant inquiry is subject-matter jurisdiction, not defects in personal jurisdiction, service, or procedure. 776 F.2d at 943. A judge "enjoys absolute immunity where he or she had subject matter jurisdiction

over the matter forming the basis for such liability." <u>Id</u>. Thus, even if Plaintiff were right about notice, service, docketing, timing, or hearing defects, those allegations would not defeat immunity so long as the court had subject-matter jurisdiction over the proceeding itself.

That is exactly what <u>Stump</u> holds. There, the Supreme Court rejected the argument that a judge lost immunity based on serious procedural defects, including the absence of notice or a hearing. The Court explained that judicial immunity is not overcome by such alleged errors, even if the action was taken improperly or in excess of authority, so long as the judge acted in a matter within the court's subject-matter jurisdiction. <u>Stump</u>, 435 U.S. at 356–57, 359. Plaintiff's argument here is the same argument repackaged. At most, he alleges that Judge Hunsinger exercised jurisdiction incorrectly in a probate matter involving estate administration, protective orders, contempt, and enforcement. That is not a "clear absence of all jurisdiction."

Recent district authority in this Circuit makes the same point. In <u>Jackson v. Leftridge-Harris</u>, the plaintiff argued that state-court judges lost immunity because their rulings were unconstitutional and illegal. 2025 WL 949994, at *1–3 (N.D. Ga. Mar. 28, 2025). The district court rejected that argument, explaining that a litigant's disagreement with a judge's rulings does not plausibly allege conduct falling within either exception to judicial immunity. <u>Id</u>. That reasoning applies here. Plaintiff's proposed amended complaint amounts to an assertion that the judge "got it wrong," but judicial immunity exists to bar precisely that type of collateral damages challenge to judicial decisions. Thus, any amendment is futile and must be denied.

**B.** **Plaintiff's "criminal contempt" and due-process theories do not transform judicial acts into non-judicial acts.**

Plaintiff devotes substantial argument to characterizing the contempt/incarceration as "criminal in substance" and to invoking due-process and criminal-procedure authorities. (Doc. 37 at 9.) But that does not change the immunity analysis. The judicial-immunity question is not

whether the court followed the correct procedures; it is whether the court was performing a judicial function. <u>Mireles</u>, 502 U.S. at 12–13; <u>Stump</u>, 435 U.S. at 362. Actions such as issuing a writ of bodily attachment, ordering confinement to compel compliance, and signing orders or issuing a bench warrant in a pending case are functions normally performed by judges. <u>Sibley</u>, 437 F.3d at 1071–73; <u>Caldwell</u>, 789 F. App'x at 185–86. Even if Plaintiff could show that the court should have proceeded differently or committed legal error, that would not strip judicial immunity. <u>Stump</u>, 435 U.S. at 356–57, 359; <u>Mireles</u>, 502 U.S. at 11–13.

Nor does the fact that law enforcement executed the court's order convert the judge's conduct into executive action. <u>Mireles</u> expressly rejects that argument. There, the Supreme Court held that a judge remained immune even where he allegedly ordered officers to use excessive force to bring an attorney before the court, because the relevant inquiry is the nature and function of the act, not the fact that executive officers carried it out. 502 U.S. at 11–13. That principle defeats Plaintiff's effort to turn a bench warrant and contempt enforcement process into "non-judicial" conduct. (Doc. 37 at 13).

**C.      Plaintiff's attempt to reframe service, docketing, and clerk activity as "administrative" does not avoid immunity.**

Plaintiff also invokes O.C.G.A. § 15-9-36 and attempts to characterize aspects of service, docketing, and clerk conduct as "administrative." (Doc. 37 at 13-14.) That statute provides that probate judges are clerks of their own courts, may appoint clerks, and are responsible for their conduct; it also distinguishes between acts clerks may perform that are "not judicial in their nature" and judicial functions reserved to the judge. O.C.G.A. § 15-9-36(a)–(c). But that distinction does not help Plaintiff. His proposed pleading does not seek damages from Judge Hunsinger for an independent personnel or recordkeeping decision. Instead, it seeks damages for the issuance and

enforcement of orders in a pending case. O.C.G.A. § 15-9-36 does not convert those adjudicative acts into administrative ones.

Indeed, <u>Forrester v. White</u> underscores why Plaintiff's argument fails; specifically, it held that a judge was not absolutely immune for demoting and firing a probation officer because those employment decisions were administrative, not adjudicative. 484 U.S. 219, 229–30 (1988). The Court emphasized that immunity turns on "the nature of the function performed," not the identity of the actor. <u>Id</u>. Here, the functions at issue are adjudicative and coercive case-management functions such as entering orders, determining contempt, and issuing process in aid of compliance and not employment or office-administration decisions. Properly understood, <u>Forrester</u> helps Judge Hunsinger, not Plaintiff.

## II. PLAINTIFF'S ARGUMENTS FAIL TO ESTABLISH ANY BASIS TO AVOID JUDICIAL IMMUNITY

Plaintiff argues that Judge Hunsinger allegedly acted in a "prosecutorial" or otherwise non-judicial role and cites <u>Forrester</u>. (Doc. 37 at 13-14) But <u>Forrester</u> does not concern contempt enforcement or judicial process; it concerns a judge's management of court personnel. 484 U.S. at 229–30. The Supreme Court drew a line between adjudicative acts, which are absolutely immune, and administrative acts, which are not. <u>Id</u>. The conduct challenged here falls on the adjudicative side of that line.

Plaintiff's reliance on <u>Dennis v. Sparks</u> is also misplaced; specifically, the court held that private parties allegedly conspiring with a judge may, in appropriate circumstances, be treated as acting under color of state law, even though the judge himself is immune. 449 U.S. 24, 27–29 (1980). But <u>Dennis</u> did not abrogate judicial immunity. To the contrary, the Supreme Court explained that the judge had been "properly dismissed" on immunity grounds, and that the immunity of the judge did not alter the color-of-law analysis as to the private defendants. <u>Id</u>. at

27–28. Thus, even if <u>Dennis</u> has implications for claims against other defendants, it does nothing to make Plaintiff's damages claims against Judge Hunsinger viable.

**III.     THE COURT SHOULD DENY LEAVE TO AMEND AS TO JUDGE HUNSINGER AND DISMISS ALL CLAIMS AGAINST HIM WITH PREJUDICE.**

Plaintiff's proposed Second Amended Complaint continues to seek damages from Judge Hunsinger based on actions taken in his judicial capacity in a case properly before the court. Those claims are barred by absolute judicial immunity and would be subject to dismissal under Rule 12(b)(6). Because the proposed amendment does not cure this dispositive legal defect, amendment is futile and leave should be denied as to Judge Hunsinger. <u>Foman</u>, 371 U.S. at 182; <u>Sibley</u>, 437 F.3d at 1073–74.

If the Court permits amendment as to any other defendant, it should deny leave as to Judge Hunsinger, or, alternatively, dismiss him upon the filing of any amended pleading, and terminate him from this action with prejudice.

<u>**CONCLUSION**</u>

For the foregoing reasons, Judge Hunsinger respectfully requests that the Court deny Plaintiff's Renewed Motion for Leave to Amend insofar as it seeks to assert claims against him and dismiss all claims against him with prejudice as barred by absolute judicial immunity.

Respectfully submitted, this 23rd day of March, 2026.

<u>*/s/ Casey C. Crumbley*</u>
Casey C. Crumbley
Georgia Bar No. 741428
Attorney for Defendant Judge
Mike Hunsinger

Constangy, Brooks, Smith & Prophete, LLP
Highridge Centre
3920 Arkwright Road, Suite 375
Macon, GA 31210
706-510-7025
ccrumbley@constangy.com

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the

CM/ECF system, which will automatically send notice of such filing to all counsel of record who

are registered CM/ECF users.

This 23rd day of March, 2026.

*/s/ Casey C. Crumbley*
Casey C. Crumbley
Georgia Bar No. 741428
Attorney for Defendant Judge
Mike Hunsinger

Constangy, Brooks, Smith & Prophete, LLP
Highridge Centre
3920 Arkwright Road, Suite 375
Macon, GA 31210
706-510-7025
ccrumbley@constangy.com