# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | | |
|---|---|---|
| JASON FARMER, Plaintiff,<br>   v.<br><br>MIKE HUNSINGER, KEVIN EPPS, JON MILLS, and JAMES FARMER, Defendants. | ) ) ) ) ) ) ) ) | CIVIL ACTION FILE NO.:<br><br>3:25-cv-00154-TES |

## BRIEF CONCERNING APPLICATION OF THE
## *ROOKER-FELDMAN* DOCTRINE BY DEFENDANT MILLS

COMES NOW DEFENDANT MILLS, through counsel, and provides the following evaluation of the Court's subject matter jurisdiction following dismissal of the Plaintiff's state court appeal from an order of the Oconee County probate court holding the Plaintiff in contempt. Defendant submits that this case fits squarely within the parameters of the *Rooker-Feldmen* doctrine, requiring dismissal of this action for lack of subject matter jurisdiction. See *Casale v. Tillman*, 558 F.3d 1258, 1261 (11th Cir. 2009) (concluding that *Rooker-Feldman* barred challenge to state-court contempt orders in divorce proceeding and explaining that if the plaintiff "believed the state court's result was based on a legal error, the proper response was the same one open to all litigants who are unhappy with the judgment of a trial court: direct appeal.").

## ARGUMENT AND AUTHORITIES

"Under *Rooker—Feldman*, a United States District Court has no authority to review the final judgments of a state court, except in the context of an application for a writ of habeas corpus or general constitutional challenge to a state rule or statute." *Wilson v. Oglethorpe Superior Court*, No. 3:25-cv-00026-TES, 2025 LX 196828, at *5 (M.D. Ga. Mar. 27, 2025) (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476-82, 103 S. Ct. 1303 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149 (1923)).

> [T]he *Rooker-Feldman* doctrine . . . reflects the fact that federal courts other than the Supreme Court do not possess appellate jurisdiction over state-court judgments. See *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84, 125 S. Ct. 1517, 1521, 161 L.Ed.2d 454 (2005). The *Rooker-Feldman* rule bars "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 114 S. Ct. 2647, 2654, 129 L.Ed.2d 775 (1994).

*Rohe v. Wells Fargo Bank, N.A.*, 988 F.3d 1256, 1262–63 (11th Cir. 2021).

"In order for the doctrine to apply: (1) the party in federal court must be the same as in the state court; (2) the state court ruling must be a final judgment on the merits; (3) the plaintiff in federal court had a reasonable opportunity to raise his claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or inextricably

intertwined with the state court's judgment." *Carey v. Free*, 272 F. App'x 875, 876 (11th Cir. 2008) (citing *Amos v. Glynn County Bd. of Tax Assessors*, 347 F.3d 1249, 1265-66 n.11 (11th Cir. 2003)). The four conditions are considered in turn. All of them are met in this case.

**1. Plaintiff is a party in both state and federal court.**

That Plaintiff is a party in both state and federal court is beyond dispute.

**2. The state court judgment is final on the merits.**

The state court judgment is a contempt order of the Oconee County Probate Court. It is an order on the merits finding Plaintiff in contempt of a prior court order and ordering incarceration. Docs. 10-7 (arrest order); 10-8 (bench warrant); 32-1 at 51 *et seq.* (prior order finding contempt). Plaintiff took a direct appeal from the contempt order to the Georgia Court of Appeals. Then Plaintiff withdrew the appeal. Doc. 46-1. That rendered the contempt order final and not subject to any further appellate review in the Georgia court system.

The contempt order is now final and no longer subject to appellate review because under Georgia law "a party is not entitled to a second appeal from a single order." *Massey v. Massey*, 294 Ga. 163, 165 (2), 751 SE2d 330 (2013). That is the case even if the first appeal was dismissed without consideration of its merits. *Edwards v. City of Warner Robins*, 302 Ga. 381, 385

(2) (807 SE2d 438) (2017) (appellant was barred from appealing same order in later appeal after first appeal was dismissed for failure to follow discretionary appeal procedures); *Houston County v. Harrell*, 287 Ga. 162, 163-64, 695 SE2d 29 (2010) (appeal dismissed as untimely operated as a final appellate judgment).[1]

Accordingly, the second *Rooker-Feldman* condition is met.

**3. Plaintiff had a reasonable opportunity to raise his claims in state court.**

In the operative complaint (Doc. 1) and the proposed amended complaint (Doc. 37-1), Plaintiff asserts that procedural irregularities tainted the contempt order proceedings. On that basis Plaintiff likely will contend that, as pleaded, he had no reasonable opportunity to litigate his present grounds for relief in state court.

The most serious problem with that hypothetical argument is that Plaintiff filed an appeal, where he had full opportunity to litigate the issues he raises in this action. That is, Plaintiff could have argued to the Georgia Court of Appeals that the contempt order was a product of an improper conspiracy, he was not really in contempt, he was denied procedural due process and so forth.

---

[1] The Georgia rule effectively operates as res judicata, in that "All issues which were or could have been raised in a prior appeal will not be considered in a subsequent appeal in the same case." *Kent v. A.O. White, Jr., Consulting Eng'r, Inc.*, 279 Ga. App. 563, 566, 631 S.E.2d 782, 785 (2006).

In fact under Georgia appellate rules, Plaintiff's appeal allowed him to attack any prior ruling in the probate court case, not just the order that resulted in the bench warrant and his arrest. See O.C.G.A § 5-6-34 (a)(2) & (d) (allowing direct appeal from contempt orders, and providing for appeal of all prior orders in a direct appeal, even if those prior orders were not themselves directly appealable).

Because Plaintiff had the opportunity in state court to litigate the issues that he has brought to federal court, the third *Rooker-Feldman* condition is met.

### 4. The issues in this case are identical to issues in state court.

The crucial issue in this case turns on the validity of the probate court contempt order and resulting bench warrant. If the contempt order is valid, then Plaintiff was lawfully arrested under a legitimate warrant and his federal claims for false arrest, false imprisonment, denial of procedural due process, and the derivative conspiracy claim, all fail. See *Spinnenweber v. Williams*, 825 F. App'x 730, 732-33 (11th Cir. 2020) ("[t]he fact that a state judge issued a warrant in this case . . . extinguishes [Plaintiff's] false arrest claim. Any objection [he has] must necessarily be towards the legal process, rather than the absence of legal process."); *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982) ("Where an arrest is made under authority of a properly issued warrant, the arrest simply is not a false arrest."); *Grider v. City of Auburn*, 618 F.3d

1240, 1260 (11th Cir. 2010) (to state a section 1983 claim for conspiracy, a plaintiff must show, among other things, that the alleged conspiracy "resulted in the actual denial of some underlying constitutional right."); *Valentine v. Robinson*, 601 F. App'x 778, 783 (11th Cir. 2015) (dismissing conspiracy claim for lack of an underlying constitutional claim).

The issues were the same in the state court litigation. Specifically, Plaintiff's state court appeal allowed him the opportunity for full review of any basis he had to challenge the the contempt order and resulting bench warrant. Accordingly, the final *Rooker-Feldman* condition is satisfied.

## CONCLUSION

This Court lacks subject matter jurisdiction to entertain what is in all but name an unauthorized appeal, where the Plaintiff asks this Court to review and invalidate a final state court judgment. This type of situation is precisely what the *Rooker-Feldman* doctrine is designed to prevent.

Respectfully submitted,

WILLIAMS & WAYMIRE, LLC

*/s/ Jason Waymire* _____
JASON C. WAYMIRE
Georgia Bar No. 742602
Attorney for Defendant Mills

Building 400, Suite A
4330 South Lee Street, NE
Buford, Georgia 30518
(678) 541-0790

(678) 541-0789
jason@wmwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **BRIEF** upon counsel for all parties through the Court's CM/ECF system.

This March 30, 2026.

/s/ *Jason Waymire*_____
JASON WAYMIRE