# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
### ATHENS DIVISION

| | | |
|---|---|---|
| JASON FARMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MIKE HUNSINGER, in his | ) | |
| individual capacity; | ) | **CIVIL ACTION FILE NO.** |
| KEVIN EPPS, individually; | ) | **Case 3:25-cv-00154-TES** |
| JON MILLS, individually, | ) | |
| JAMES FARMER, | ) | |
| individually | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT JUDGE MIKE HUNSINGER'S SUPPLEMENTAL BRIEF REGARDING THE APPLICABILITY OF THE ROOKER-FELDMAN DOCTRINE**

Defendant Hon. Mike Hunsinger ("Judge Hunsinger") submits this supplemental brief in response to the Court's request for briefing on the effect of the dismissal of Plaintiff's state appeal on the applicability of the Rooker-Feldman doctrine to this federal case. As to the claims asserted against Judge Hunsinger, the dismissal of the appeal removes Younger v. Harris abstention (hereinafter referred to as "Younger abstention") from the picture, but it does not create federal subject-matter jurisdiction. It leaves in place the Probate Court's contempt-related rulings as the operative state-court adjudication, and Plaintiff's claims against Judge Hunsinger remain an effort to obtain federal review of those rulings in the guise of constitutional and damages claims.

The point can be stated simply. Plaintiff's theory against Judge Hunsinger is that the Probate Court's protective orders, contempt adjudication, and ensuing warrant-and-incarceration process were void, unconstitutional, and entered without jurisdiction. If this Court accepted that theory, it would necessarily be deciding that the Probate Court got Plaintiff's case wrong as a matter of jurisdiction or federal law. That is exactly what lower federal courts may not do under

Rooker v. Fidelity Trust Co. and District of Columbia Court of Appeals v. Feldman. 263 U.S. 413 (1923); 460 U.S. 462 (1983).

I. **THE WITHDRAWAL OF THE STATE APPEAL DOES NOT CREATE FEDERAL JURISDICTION; IT LEAVES THE PROBATE COURT'S CONTEMPT-RELATED RULINGS IN PLACE AS THE OPERATIVE STATE-COURT ADJUDICATION.**

The Georgia Court of Appeals granted Plaintiff's motion to withdraw his appeal and released jurisdiction back to the trial court. In the motion to withdraw, Plaintiff described the appeal as arising from the Probate Court's contempt-related orders and expressly stated that he wished to preserve in federal court his arguments concerning the alleged jurisdictional invalidity of those orders and the asserted due-process defects surrounding his arrest and incarceration. Thus, even after the withdrawal of the appeal, Plaintiff continues to target the same state-court rulings and the same alleged injuries produced by those rulings.

With the withdrawal of the state appeal, Younger abstention no longer applies because there is no ongoing state proceeding with which this Court's exercise of jurisdiction would interfere. 401 U.S. 37, 43–45 (1971). That does not, however, create federal subject-matter jurisdiction to review the Probate Court's contempt-related rulings. It simply shifts the analysis from abstention to the distinct jurisdictional bar against lower federal court review of final state-court adjudications. As to Judge Hunsinger, Plaintiff's claims remain exactly that: an impermissible collateral attack on the Probate Court's orders.

II. **ROOKER AND FELDMAN BAR LOWER FEDERAL COURTS FROM EXERCISING DE FACTO APPELLATE REVIEW OF FINAL STATE-COURT JUDGMENTS.**

In Rooker, the Supreme Court held that federal district courts possess strictly original jurisdiction and have no authority to entertain what is, in substance, appellate review of a state-court judgment. 263 U.S. 413, 415–16 (1923). If a state court had jurisdiction over the parties and

the subject matter, then its decision, whether right or wrong, remains conclusive unless and until reversed through the appropriate appellate process. Id. A litigant may not evade that rule by filing a new federal action to have the state judgment declared void based on alleged constitutional errors committed by the state court in the exercise of its jurisdiction; such errors do not render the judgment void, but at most subject to appellate review. Id.

In Feldman, the Supreme Court reaffirmed that lower federal courts lack subject-matter jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings, even when those challenges are framed in constitutional terms. 460 U.S. 462, 482–86 (1983). The Court explained that where a federal claim is "inextricably intertwined" with a state court's decision in a particular case, the district court is, in substance, being asked to review that decision, which it may not do. Id. At the same time, the Court distinguished between such case-specific challenges and general attacks on rules promulgated in a nonjudicial capacity. While federal district courts lack jurisdiction to review judicial decisions in particular cases, they may exercise jurisdiction over general challenges to the constitutionality of rules that do not require review of a final state-court judgment. Id.

In Exxon Mobil Corp. v. Saudi Basic Industries Corp., the Supreme Court clarified that the Rooker-Feldman doctrine is confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district-court review and rejection of those judgments. 544 U.S. 280, 284 (2005). The Eleventh Circuit applies the doctrine in its narrow, post-Exxon form, barring claims that seek what is, in substance, appellate review of a state-court judgment in federal district court. See Rohe v. Wells Fargo Bank, N.A., 988 F.3d 1256, 1262–63 (11th Cir. 2021). The aforementioned authority applies directly to the facts before the Court, and a review in accordance with Plaintiff's claims

amount to the Court exercising de facto appellate review of final state-court judgments. Therefore, it must be denied.

**III. PLAINTIFF'S CLAIMS AGAINST JUDGE HUNSINGER ARE BARRED BECAUSE THEY SEEK RELIEF FROM INJURIES CAUSED BY THE PROBATE COURT'S OWN ORDERS.**

Plaintiff's claims against Judge Hunsinger fall squarely within the core of the Rooker-Feldman doctrine because they seek relief from injuries allegedly caused by the Probate Court's own orders. Plaintiff alleges that the Probate Court entered protective orders and contempt-related orders without jurisdiction, misused contempt, and caused his arrest and incarceration through an invalid judicial process. The alleged injury, therefore, is not independent of the state-court adjudication; it is the product of that adjudication. The relief Plaintiff seeks depends on the premise that the Probate Court's orders were void or unconstitutional.

Once that is recognized, the jurisdictional consequence follows. This Court could not grant relief against Judge Hunsinger without first determining that the Probate Court's contempt-related rulings were wrongly entered, unconstitutional, or beyond the court's authority. But a federal district court lacks subject-matter jurisdiction to review and reject a state court's judgment in that manner. Feldman, 460 U.S. at 482 n.16, 486–87; Rooker, 263 U.S. at 415–16.

The procedural posture of this case confirms the point. Plaintiff pursued appellate review in the Georgia Court of Appeals but voluntarily withdrew that appeal, leaving the Probate Court's rulings in place as the operative state-court adjudication. He now seeks to obtain in federal court what he chose not to pursue through the state appellate process; namely, a determination that those rulings were invalid. That is precisely the type of de facto appellate review the doctrine prohibits. See Rohe, 988 F.3d at 1262–63. The Eleventh Circuit's decision in Casale v. Tillman is directly on point. 558 F.3d 1258, 1260–61 (11th Cir. 2009). There, the court held that Rooker-Feldman

barred a federal challenge to state-court contempt orders where the plaintiff's claims were "inextricably intertwined" with those orders and would succeed only if the state court had wrongly decided the issues. Id. at 1260–61. Because the plaintiff's claims effectively sought to nullify the state-court judgment, the court concluded that federal jurisdiction was lacking and that any challenge to the validity of the contempt orders had to be pursued through the state appellate process. Id. That is this case. Plaintiff pursued an appeal, abandoned it, and now asks this Court to decide the same issues indirectly through a federal damages action against the judge who issued the challenged orders.

Because Plaintiff's claims against Judge Hunsinger require this Court to review and reject the Probate Court's rulings in his particular case, they are barred by the Rooker-Feldman doctrine.

## IV. PLAINTIFF'S DAMAGES LABEL DOES NOT SAVE CLAIMS THAT REQUIRE THIS COURT TO REVIEW AND REJECT THE PROBATE COURT'S ORDERS

Plaintiff may argue that he seeks only damages and therefore presents an independent Article III controversy. But the Rooker-Feldman doctrine does not turn on the form of relief requested. The dispositive inquiry is whether the plaintiff is a state-court loser complaining of injuries caused by a state-court judgment and inviting the district court to review and reject that judgment. Exxon Mobil Corp., 544 U.S. 280, 284 (2005). Likewise, a federal court lacks jurisdiction where the claims are "inextricably intertwined" with a state-court judgment; meaning that the claims succeed only to the extent the state court wrongly decided the issues or where relief would effectively require review of that decision. Feldman, 460 U.S. at 482 n.16, 486–87 (1983).

Here, the damages theory against Judge Hunsinger cannot be separated from the validity of the Probate Court's rulings. Plaintiff's false-arrest, false-imprisonment, due-process, and conspiracy theories all rest on the contention that the contempt order and resulting process were void or constitutionally defective. If the Probate Court's contempt-related rulings stand, then

Plaintiff's alleged federal injury as to Judge Hunsinger disappears. If Plaintiff prevails, it will be only because this Court has first decided that the Probate Court acted unlawfully in Plaintiff's case. That is the prohibited de facto appeal. To the extent Plaintiff asks this Court to invalidate that state-court judicial process in order to recover against the judge who issued and enforced it, the Court lacks subject-matter jurisdiction to do so.

**V.      THIS IS NOT A GENERAL, FORWARD-LOOKING CHALLENGE TO A RULE OF DECISION; IT IS A CASE-SPECIFIC ATTACK ON WHAT THE PROBATE COURT DID TO PLAINTIFF.**

Feldman recognizes a limited category of cases over which federal district courts retain jurisdiction: general challenges to rules promulgated by a court acting in a nonjudicial capacity. 460 U.S. at 482–86. Such claims do not require review of a state court's decision in a particular case and therefore fall outside the bar on lower federal court review of state-court judgments. But that is not what Plaintiff pleads against Judge Hunsinger. Plaintiff does not mount a general, facial challenge to a rule governing probate practice. Instead, he alleges that, in his case, the Probate Court lacked jurisdiction, violated due process, misused contempt powers, and caused his arrest and incarceration through invalid orders. That distinction is critical. Under Feldman, federal district courts lack jurisdiction over claims that seek review of "state court decisions in particular cases arising out of judicial proceedings," even when those claims are framed as constitutional violations. Id. at 486–87. By contrast, jurisdiction exists only where the plaintiff presents a general challenge to a rule that can be adjudicated without reviewing the state court's application of that rule in a specific case.

Because Plaintiff's claims require this Court to determine that the Probate Court's orders in his case were erroneous or invalid, they fall squarely within the category of case-specific challenges that Feldman places beyond this Court's jurisdiction.

**VI. EVEN IF THE COURT CONCLUDES THAT SOME PORTION OF THE CASE IS NOT JURISDICTIONALLY BARRED, JUDGE HUNSINGER STILL MUST BE DISMISSED BECAUSE THE CLAIMS AGAINST HIM ARE BARRED BY ABSOLUTE JUDICIAL IMMUNITY.**

The Court specifically requested briefing on subject-matter jurisdiction, and Judge Hunsinger respectfully submits that Rooker-Feldman bars Plaintiff's claims against him to the extent those claims require review and rejection of the Probate Court's contempt-related rulings. But even if the Court were to conclude that some narrower portion of Plaintiff's federal pleading is not barred by Rooker-Feldman, the claims against Judge Hunsinger still fail for a separate reason: absolute judicial immunity.

Plaintiff's claims arise from acts taken by Judge Hunsinger in his judicial capacity in a pending probate matter; specifically, entering orders, adjudicating compliance, enforcing those orders through contempt, and issuing process to compel compliance. Those are core judicial functions. The Court therefore may dismiss Judge Hunsinger on jurisdictional grounds, immunity grounds, or both. Either way, Plaintiff cannot proceed against him.

**VII. CONCLUSION**

For these reasons, Judge Hunsinger respectfully submits that the withdrawal of the state appeal does not confer subject-matter jurisdiction on this Court. It leaves in place the Probate Court's contempt-related rulings as the operative state-court adjudication, and Plaintiff's claims against Judge Hunsinger remain a forbidden effort to obtain federal review and rejection of those rulings. The Court should dismiss all claims against Judge Hunsinger for lack of subject-matter jurisdiction to the extent those claims function as a de facto appeal of the Probate Court's orders. In any event, Judge Hunsinger should be dismissed because the claims against him are independently barred by absolute judicial immunity.

Respectfully submitted, this 30th day of March, 2026.

*/s/ Casey C. Crumbley*
Casey C. Crumbley
Georgia Bar No. 741428
Attorney for Defendant Judge
Mike Hunsinger

Constangy, Brooks, Smith & Prophete, LLP
Highridge Centre
3920 Arkwright Road, Suite 375
Macon, GA 31210
706-510-7025
ccrumbley@constangy.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the

CM/ECF system, which will automatically send notice of such filing to all counsel of record who

are registered CM/ECF users.

This 30th day of March, 2026.

*/s/ Casey C. Crumbley*
Casey C. Crumbley
Georgia Bar No. 741428
Attorney for Defendant Judge
Mike Hunsinger

Constangy, Brooks, Smith & Prophete, LLP
Highridge Centre
3920 Arkwright Road, Suite 375
Macon, GA 31210
706-510-7025
ccrumbley@constangy.com