IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JASON FARMER | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MIKE HUNSINGER, | ) | Civil Action No. 3:25-cv-00154-TES |
| JON MILLS, | ) | |
| KEVIN EPPS, | ) | |
| JAMES DALE FARMER, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S BRIEF ON THE APPLICABILITY OF THE ROOKER-FELDMAN DOCTRINE**

The injury Plaintiff Jason Farmer seeks to redress in this action is not any probate court order.  He does not ask this Court to reverse or modify any state court decision. He asks this Court to award damages for the deprivation of four days of physical liberty that began with a *warrantless* false arrest by Athens-Clarke County Police as a result of Defendants' coordinated conduct.  The injury is the physical seizure and imprisonment of his person. That injury was caused by Defendants' acts. It was not caused by a state court judgment adverse to him that Athens-Clarke County Police did not even have in their possession at the time he was arrested.

1

*Rooker-Feldman* bars federal review of state court judgments, but it does not bar independent federal constitutional claims about the conduct that produced an arrest. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Defendants' representations of "finality" based on the withdrawal of an appeal *pending at the time of the filing of this action*[1] contravene the record of state proceedings they seek judicial notice of.   The estate proceedings remain active, contested, and back before the trial court, even though each of the four Defendants chose to omit that in their briefs.   In fact, a motion to remove Jon Mills as Administrator of the Estate of Bobby James Farmer and Judy Lenora Farmer is currently scheduled for a hearing on June 5th, 2026.   See *Superior Court of Oconee County Case No. SUCV2025000332, In Re:  Estate of Judy Lenora Farmer, Deceased and In Re:  Estate of Bobby James Farmer, Deceased.*[2]   Furthermore, the Petition for Declaratory Judgment and Other Relief filed by Jon Mills relating to the very same property forming the subject of the "contempt orders" remains pending in Oconee County Superior Court.   See *Superior Court of Oconee County Case No. SUCV2023000327, Mills. v. Farmer et al.*

---

[1] A subject matter jurisdiction analysis relates to one particular snapshot in time when the complaint is filed, and Plaintiff has located no exceptions to that rule for withdrawn appeals pending at the time of filing, or otherwise.  See *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004)

[2] In an attempt to assist the court, Plaintiff is compiling a comprehensive exhibit appendix for the Court including all filings in all related state actions to be filed with his reply briefs on the motion for leave to amend complaint.

Perhaps more concerning,  Defendant Epps – on behalf of Defendant Farmer – took the position when requesting dismissal of appeals in Superior Court and the Georgia Court of Appeals that the same contempt orders that are allegedly "final" for purposes of Rooker-Feldman here were merely "interlocutory" in another court. ("As the Estate of Bobby Farmer remains pending in the Oconee County Probate Court, the [contempt order] is clearly an interlocutory order.", See *Georgia Court of Appeals Case No. A25D0084)*

In terms of the March 4, 2026 order of the Georgia Court of Appeals, that order did not affirm a judgment, enter a merits ruling, or finally terminate the estate litigation. It granted a motion for permission to withdraw the appeal and released jurisdiction back to the trial court.  A withdrawal order that returns jurisdiction to the trial court does not establish that the underlying proceedings have ended; it shows the opposite.  The matter is back in the trial court for further proceedings, and it is not clear why Defendants failed to disclose that to the Court.

Plaintiff has separately argued that the challenged arrest process was issued by a probate court acting in the clear absence of subject matter jurisdiction. Although a court of limited jurisdiction requires it, Defendants' briefs do not answer that point with a Georgia constitutional or statutory source authorizing the specific arrest process at issue here. That omission is substantial. The Georgia Constitution makes probate courts courts of limited jurisdiction, and provides that probate courts

have only such jurisdiction as is provided by law. Ga. Const. art. VI, § I, ¶ I; art. VI, § III, ¶ I. The probate court's statutory jurisdiction is set out in O.C.G.A. § 15-9-30. Subject-matter jurisdiction cannot be supplied by consent. O.C.G.A. § 15-1-2.

That matters because 28 U.S.C. § 1738 gives a state judicial act only the same force it would receive in the courts of the rendering state. Georgia law is explicit: "[t]he judgment of a court having no jurisdiction of the person or the subject matter or which is void for any other cause is a mere nullity." O.C.G.A. §§ 9-12-16, 17-9-4.  At a minimum, defendants cannot carry a jurisdictional defense by ignoring the threshold question whether the challenged process is the sort of valid state-court judgment to which Rooker-Feldman could attach at all. Their briefing says "final." It does not identify the source of the probate court's subject-matter authority to issue the challenged arrest process, and it does not engage the Georgia statutes that treat acts entered without jurisdiction as nullities. That omission independently defeats any request to dismiss for lack of subject-matter jurisdiction.

*Behr* and *Efron* draw the line defendants blur. *Behr* holds that *Rooker-Feldman* is narrow and bars only claims complaining of injuries caused by the judgment itself. 8 F.4th at 1210-13. The Eleventh Circuit emphasized that the doctrine is not a broad device for dismissing every claim that bears some relation to state litigation.  *Id.* at 1213.  *Efron* applied the doctrine because the plaintiff's own allegations made the point unmistakable: his rights could be restored only "by the

abrogation of the Aponte decision," and there was "no distinguishing between the damages" sought and the state-court disposition itself. *Efron v. Candelario*, 110 F.4th 1229, 1235, 1237 (11th Cir. 2024).  Critically, the "Aponte decision" in *Efron* was <u>issued by a court of general and competent jurisdiction</u> to issue it, whether it was decided right, or wrong.

Plaintiff does not seek reversal, vacatur, or modification of a state-court order that was a mere nullity to begin with.   He seeks damages for defendants' alleged procurement and execution of an unlawful, warrantless arrest, imprisonment, and the issuance of a bond conditioned on payment of a Half-Million Dollars for a purported violation of "civil contempt" committed outside the presence of the Court. A damages judgment on those claims would not require this Court to sit in appellate review over the probate court.   It would require this Court to decide what *Behr* says federal courts must remain free to decide: whether defendants inflicted a federal injury ancillary to a mere nullity in the form of a "Bench Warrant" providing for indefinite incarceration by a probate court.   Defendants' theory would transform a narrow jurisdictional doctrine into a broad bar against any federal damages action that arises in the vicinity of a state probate dispute.  That is not the law in this Circuit. *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1281 (11th Cir. 2018).

**CONCLUSION**

Has the state proceeding actually ended? Is there a cognizable state-court judgment to which the doctrine can attach? And does plaintiff ask this Court to review and reject that judgment? On this record, the answer to each question is no.

Respectfully submitted this 30th day of March, 2026.

JOHN BAKER LAW

*/s/ John H. Baker*
John H. Baker
Georgia Bar No. 033797
1551 Jennings Mill Road
Suite 3100B
Watkinsville, Georgia 30677
(706) 608-2406
john@johnbaker.law

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that I have filed the foregoing **PLAINTIFF'S BRIEF ON THE APPLICABILITY OF THE ROOKER-FELDMAN DOCTRINE** using the Court's CM/ECF system, which will send electronic notice to all counsel of record.

Respectfully submitted this 30th day of March, 2026.

JOHN BAKER LAW

*/s/ John H. Baker*
John H. Baker
Georgia Bar No. 033797
1551 Jennings Mill Road
Suite 3100B
Watkinsville, Georgia 30677
(706) 608-2406
john@johnbaker.law

*Counsel for Plaintiff*