**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **JASON FARMER, Plaintiff,** | ) | |
| v. | ) | |
| | ) | |
| | ) | **CIVIL ACTION FILE NO.:** |
| **MIKE HUNSINGER, KEVIN** | ) | |
| **EPPS, JON MILLS, and JAMES** | ) | **3:25-cv-00154-TES** |
| **FARMER, Defendants.** | ) | |
| | ) | |

**BRIEF IN SUPPORT OF MOTION FOR FEES AND EXPENSES**

COMES NOW Defendant MILLS in the above-styled civil action, and

supports his Motion for Attorney's Fees and Expenses, showing as follows:

**RELEVANT FACTUAL OVERVIEW**

Plaintiff contended in his filings that Defendant is liable based on his

arrest under a bench warrant for contempt. The court is thoroughly familiar

with the complicated circumstances underlying the case, which reveals that

Plaintiff's claims against Defendant Mills are frivolous.

As supported by counsel's Declaration, Defendant Mills seeks

attorney's fees in accordance with the table below, which reflects attorney

work and billing through the date of this supplement. Post-motion work also

is compensable, but of course cannot be tabulated here. Counsel's declaration

and attachment provide the required support for the hourly rate and specific

work performed to represent the Movant in this case.

1

| Attorney | Hours |
|---|---|
|  |  |
| J. Waymire | 35.1 |
| Expense: $71.55 ||
| **Hourly Rates:** | **$205 - $215, see Ex. A for specific time frames** |
|  |  |
| **TOTAL:** | **$ 7,549.05** |

## ARGUMENTS AND CITATIONS TO AUTHORITY

### I.    DEFENDANT SHOULD BE AWARDED COSTS AND FEES AS A PREVAILING PARTY

Plaintiff asserted federal claims against Defendant based on 42 USC 1983. See Doc. 1 (Complaint).

Defendant is a prevailing party because his  motion to dismiss resulted in the termination of this action in his favor. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007); *Sheets v. Yamaha Motors Corp.*, 891 F.2d 533, 539 (5th Cir. 1990); *Cadkin v. Loose*, 569 F.3d 1142, 1150 (9th Cir. 2009) ("[A] defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court.").

The Supreme Court established the standard for awarding attorney's fees to prevailing defendants in *Christiansburg Garment Co. v. EEOC*, 434

2

U.S.412, 98 S. Ct. 694 (1978). *Christiansburg* holds that "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg*, 434 U.S. at 421, 98 S. Ct. at 700.

In *Sullivan v. School Board of Pinellas County*, 773 F.2d 1182 (11th Cir. 1985), the Eleventh Circuit identified three guiding factors for determining whether a claim is frivolous, unreasonable or without foundation:

(1) whether the plaintiff established a prima facie case;

(2) whether the defendant offered to settle; and

(3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.

*Sullivan*, 773 F.2d at 1188.

An additional fourth factor considered "particularly important is whether there was enough support for the claim to warrant close attention by the court." *Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1302 (11th Cir. 2021).

In *Quintana v. Jenne* the Eleventh Circuit reiterated the significance of these factors and their role in assessing fees to a prevailing defendant, stating

3

that the three factors "are general guidelines only, not hard and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis." *Quintana v. Jenne*, 414 F.3d 1306, 1309 (11th Cir. 2005) (quoting *Sullivan*, 773 F.2d at 1189).

In *Quintana*, a deputy sheriff asserted civil rights discrimination and retaliation claims against a Sheriff. On summary judgment motions, the district court dismissed the plaintiff's claims, finding insufficient evidence to support a discrimination claim and not even a *prima facie* case of retaliation. *Id*. at 1309. Thereafter, the sheriff moved for attorney's fees as the prevailing party and the district court awarded the prevailing defendant $73,890 in attorney's fees. *Id*.

On appeal, the Eleventh Circuit affirmed the award as to the retaliation claim and reversed as to the discrimination claim. *Id.* With respect to the retaliation claim, the Court concluded that the district court had not abused its discretion in awarding the prevailing defendant attorney's fees, even though only two of the *Sullivan* factors had been satisfied.

The Court of Appeals noted that the district court, in ruling on the summary judgment motion, concluded that the plaintiff failed to make out a *prima facie* case of retaliation, thereby satisfying the first prong of the *Sullivan* test. *Id*. at 1310. And, because the motion for summary judgment

4

was granted in the defendant's favor—as opposed to the defendant prevailing after a lengthy trial—the third prong of the test was met. *Id*. It was of little significance to the Eleventh Circuit that no evidence existed of settlement offers, since "[i]n the absence of evidence of an offer of a substantial amount in settlement, this factor does not support either party." *Quintana*, 414 F.3d at 1310.

### A. PLAINTIFF FAILED TO MAKE A *PRIMA FACIE* CASE

As in *Quintana*, here Plaintiff failed to establish a *prima facie* federal claim against Defendant Mills. Nevertheless, Defendant had to engage in extensive dismissal proceedings, which Plaintiff contested. The Court's dismissal order revealed that the claims were objectively frivolous and without any legitimate basis. Consequently, this factor weighs in favor of awarding Defendant his costs and attorney's fees.

### B.    DEFENDANT NEVER OFFERED TO SETTLE

No offer was tendered to Plaintiff by this Defendant. This factor favors Defendant.

### C. THIS CASE WAS DISMISSED PRIOR TO TRIAL

Similar to *Quintana*, Plaintiff's lawsuit against Mills was dismissed prior to trial following Defendant's Motion to Dismiss. Plaintiff's multiple filings contesting that motion demonstrated the lack of merit in his case

against Mills. As in *Quintana*, this factor weighs in favor of awarding Defendant his costs and attorney's fees.

### D.   THE CLAIMS DID NOT WARRANT  THE COURT'S SCRUTINY OF THE MERITS

While the Court and the parties expended considerable resources on this case, the fact remains that the claims were fundamentally frivolous. The resource expenditure was due to Plaintiff's obfuscation and futile attempts to cling to federal jurisdiction.

The fact is that the claims against Mills lacked "enough support for the claim to warrant close attention by the court," in the sense that there was no need for evaluation of the case beyond filings in the public record. See *Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1302 (11th Cir. 2021). Plaintiff's claims were completely meritless. The Court's extensive analysis on the way to that determination is a testament to the Court's conscientious attention to detail and desire to explain its reasoning sufficiently, not an endorsement that the claims had enough merit to "warrant close attention." This "particularly important" factor also favors awarding Defendant fees and expenses.

## II.    THE LODESTAR

The "lodestar" consists of "the number of hours (tempered by billing

6

judgment) spent in the legal work on the case, multiplied by a reasonable market rate in the local area. [T]he court has the opportunity to adjust the lodestar to account for other considerations that have not yet figured in the computation … ." Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir. 2000) (citations omitted).

### A.    REASONABLE LOCAL RATE

> Courts have found that the best evidence of the market rate is the rate which the attorney actually charges his client, although that rate is not conclusive. See Dillard v. City of Greensboro, 213 F.3d 1347, 1354–55 (11th Cir.2000) ("What [the attorney] charges clients is powerful, and perhaps the best evidence of his market rate; that is most likely to be what he is paid 'as determined by supply and demand.' "); see also National Assoc. of Concerned Veterans v. Secretary of Def., 675 F.2d 1319, 1325 (D.C.Cir.1982) ("The best evidence would be the hourly rate customarily charged by the affiant himself or by his law firm."). Ultimately, the "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman v. Housing Auth., 836 F.2d 1292, 1303 (11th Cir.1988).

Billings v. Winder Police Dept., 2011 WL 2618928, 1-2 (N.D.Ga.2011).

Here, the hourly rate sought is between $205 and $215 per hour (depending on the time frame), which is well below the hourly rates awarded to attorneys with far less experience in comparable litigation in the local market. See McDearis v. Grill, No. 3:20-cv-93-CDL, 2022 U.S. Dist. LEXIS 234565, at *6 (M.D. Ga. Dec. 16, 2022) (awarding rates of rate of $320 per hour for partner and $230 per hour for associates); Landers v. Moore, No.

2:23-CV-00133-SCJ, 2023 LX 24971, at *3 (N.D. Ga. Oct. 24, 2023) ($300 per hour in Gainesville); Nash v. Bosco, Inc., Civil Action No. 2:22-CV-7-RWS, 2023 U.S. Dist. LEXIS 238481, at *7 (N.D. Ga. Dec. 7, 2023) (approving $400 per hour rate for attorneys with significantly less experience, in Gainesville); see Williams v. City of Atlanta, Georgia, No. 1:17-CV-1943-AT, 2018 WL 2284374, at *12 (N.D. Ga. Mar. 30, 2018) (awarding fees at rate of $325 per hour for work of "junior associate" attorney admitted to practice in late 2016).

## B.    REASONABLE NUMBER OF HOURS

The fee applicant "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303; accord Coastal Fuels Marketing, Inc. v. Florida Exp. Shipping Co., Inc., 207 F.3d 1247, 1252 (11th Cir.2000).  Defendant has met that burden, and the numbers are summarized in the table above.

## CONCLUSION

In light of the baseless claims asserted against Mills in this action, legal authority, justice and fairness support an award of attorney's fees and costs from Plaintiff. For the reasons set forth herein, Defendant respectfully requests the Court to award his attorney's fees and costs.

WILLIAMS & WAYMIRE, LLC

/s/ *Jason Waymire*
Jason C. Waymire
Georgia Bar No. 742602

Bldg. 400, Suite A
4330 South Lee Street
Buford, Georgia 30518
678-541-0790
678-541-0789
jason@wmwlaw.com