# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### ATHENS DIVISION

JASON FARMER,

    Plaintiff,

v.

MIKE HUNSINGER, in his
individual capacity; KEVIN EPPS,
individually; JON MILLS,
individually; and JAMES FARMER,
individually,

    Defendants.

CIVIL ACTION
FILE NO. **3:25-cv-00154-TES**

**PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AND TO
VACATE THE COURT'S MAY 14, 2026 ORDER PURSUANT TO
FED. R. CIV. P. 59(e), AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW Plaintiff Jason Farmer ("Plaintiff"), by and through undersigned counsel, and, pursuant to Federal Rule of Civil Procedure 59(e), respectfully moves this Court to alter or amend the judgment entered in this action and to vacate its May 14, 2026 Order Denying Plaintiff's Renewed Motion for Leave to File Amended Complaint and Granting Defendants' Motions to Dismiss [Doc. 54] (the "Order"). This Motion is filed within twenty-eight days

of the entry of the Order and of any judgment entered thereon, and is therefore timely. Fed. R. Civ. P. 59(e).

## I.

### LEGAL STANDARD

Rule 59(e) exists so that a district court may "correct its own errors" in the period immediately following judgment, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Banister v. Davis*, 590 U.S. 504, 508 (2020) (citation omitted). In this Circuit, "[t]he only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted); *accord Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). This Motion is directed to manifest errors of law and fact in the Order.

## II.

### INTRODUCTION

Every dispositive ruling in the Order - judicial immunity for Defendant Hunsinger, the collapse of the state-actor and conspiracy theories as to Defendants Mills, Epps, and James Farmer, the futility holding, and the

declination of supplemental jurisdiction - rests on a single factual premise: that Plaintiff consented, through counsel, to the July 14, 2023 "Protective Order" entered in the Probate Court of Oconee County. The Order states that premise as an adjudicated fact: "At the hearing on the proposed order, Plaintiff's then-attorney *indisputably* approved the terms of the order." [Doc. 54, p. 7 (emphasis added)]; *see also* [id. at p. 8 ("Critically, Plaintiff, through his lawyer, agreed to it.")]; [id. at p. 31 ("Plaintiff's attorney bound him to an agreement to which he didn't like.")].

Plaintiff pleaded the opposite. In the original Complaint and in every proposed amendment, Plaintiff alleged that he never agreed to the terms of the July 14, 2023 order, that his then-attorney lacked authority to bind him to those terms, and that the order purported to restrain property Plaintiff owns - disputed property over which the Probate Court itself had disclaimed jurisdiction. *See, e.g.*, [Doc. 1, ¶¶ 37, 43, 97]; [Doc. 37-1]. At the Rule 12(b)(6) stage - and at the Rule 15 futility stage, which applies the same standard - those allegations were entitled to the presumption of truth. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008).

The Order inverted that standard. It resolved the consent question against Plaintiff - conclusively, at the pleading stage, without an evidentiary

record[1] - by taking "judicial notice" of the Probate Court's dockets and crediting the recitations in the state-court papers for the truth of the matters asserted. [Doc. 54, p. 5 n.1]. It then declared Plaintiff's contrary allegations false: "But, as the timeline of events above shows, these allegations are not true." [Id. at p. 29]. A federal court cannot find a plaintiff's well-pleaded allegations "not true" on a motion to dismiss. That is the summary-judgment function - or the jury's - performed without notice, without Defendants' initial disclosures, without discovery, and without evidence. It is manifest error twice over: once under Rule 12(b)(6), and once under Federal Rule of Evidence 201.

### III.

### ARGUMENT AND CITATION OF AUTHORITIES

**A.     The Order Committed Manifest Legal Error by Taking Judicial Notice of Disputed Facts and Crediting State-Court Recitations for Their Truth.**

---

[1] The Court cut Plaintiff off from facts that might be adduced in Defendants' statutory initial disclosures, much less discovery, when it granted a motion to stay before Plaintiff could respond to it. As a result, Plaintiff was deprived of any and all means to obtain facts from Defendants related to his claims before they were adjudicated in Defendants' favor based on a finding of insufficient facts. That is not merely unfair, or in conflict with the Federal Rules of Civil Procedure; it deprived Plaintiff of his claims – his "property" – without the due process and the right to a civil jury trial guaranteed by the Fifth and Seventh Amendments.

Federal Rule of Evidence 201(b) confines judicial notice to facts "not subject to reasonable dispute." The Eleventh Circuit enforces that limit strictly in this precise posture. A court ruling on a motion to dismiss may notice public filings "for the purpose of determining what statements the documents contain," but "not to prove the truth of the documents' contents." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). And as to another court's orders specifically: "a court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation" - not for the truth of any fact recited within it. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

The Order crossed that line systematically. Footnote 1 announces that "[t]he full context of this case is important and not contained in Plaintiff's proposed complaint," and that the Court therefore "draws much of its factual background from the probate court records." [Doc. 54, p. 5 n.1]. The Order then treats the Probate Court's recitations as established historical fact on every contested issue: that Plaintiff's counsel "indisputably approved" the protective order's terms [id. at p. 7]; that the order merely "memorialized the arrangement" Plaintiff had made [id. at p. 8]; that Plaintiff "admitted to being in contempt" [id. at p. 29]; and that Plaintiff's procedural-due-process allegations

"are not true" [id.]. Each of those propositions is drawn from the recitals of the very orders whose validity Plaintiff's complaint challenges because they were drafted by Defendant Epps and/or Mills, and entered by Defendant Hunsinger. Under *Bryant* and *Jones*, the Court could notice that the Probate Court entered those orders; it could not notice that what the orders say happened actually happened - least of all where the complaint directly alleges the contrary.

Rule 201 supplies its own remedy: "On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the court takes notice before notifying a party, the party, on request, is still entitled to be heard." Fed. R. Evid. 201(e). Instead of waiving that right in regard to judicial notice or other proceedings regarding these parties and causes of action, the record confirms that Plaintiff explicitly demanded it in boldface type:

> **...Plaintiff respectfully requests the opportunity to appear before the Court for a hearing in accordance with the Federal Rule of Evidence 201 before the Court might consider records of those cases, or any portion of them, pursuant to judicial notice.**

Doc. 18 at 3.

Despite Plaintiff's unambiguous request for a hearing – or conversion to summary judgment - the Court took notice of the probate dockets and the disputed "facts" recited within them without prior notice to Plaintiff. Plaintiff hereby makes the request Rule 201(e) contemplates, for a second time, and asks to be heard on the propriety and tenor of the notice taken.

**B.     The Order Committed Manifest Legal Error by Refusing to Accept Plaintiff's Well-Pleaded Allegations as True.**

The Order correctly recites the governing standard: on a Rule 12(b)(6) motion, a court "must accept the factual allegations set forth in a complaint as true," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and must construe reasonable inferences in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). [Doc. 54, pp. 3–4]. The Supreme Court's formulation is categorical: "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson*, 551 U.S. at 94. The presumption of truth yields only for allegations that are "no more than conclusions." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 679).

Plaintiff's allegations of non-consent are not conclusions. They are specific, historical, falsifiable facts: that Plaintiff was absent from the June 14, 2023 hearing; that he never authorized his then-attorney to accept the terms

announced there; that he objected to those terms before, during, and after the hearing; and that the resulting order was nonetheless entered against him and later enforced by incarceration. A pleading that places the "who, what, when, and where" of non-consent into the record has done everything Rule 8 requires. The Order did not analyze those allegations under the *McCullough* framework, did not identify them as conclusory, and did not explain why they were disregarded. It simply replaced them with the state-court narrative and pronounced them "not true." [Doc. 54, p. 29]. Under *Erickson*, *Iqbal*, and *Twombly*, that is manifest error of law.

**C.      The "Fact" the Order Noticed Is Subject to Reasonable Dispute — as the Contemporaneous Documentary Record Demonstrates.**

Because the Order took judicial notice of consent as an "indisputable" fact, it is appropriate on this Motion - and under Rule 201(e) - to demonstrate that the fact is subject to reasonable dispute within the meaning of Rule 201(b). Attached as Exhibit A is the contemporaneous text-message exchange between Plaintiff and his then-attorney, Adam Hebbard, the day of the hearing at which Plaintiff supposedly gave his "indisputable" consent - together with the July 19, 2023 email of Senior Attorney Stacey L. Ferris of the Georgia Probate Law

Group transmitting her contemporaneous assessment of that exchange.[2] Plaintiff did not attach this material to his complaint because Rule 8 did not require him to; his allegations of non-consent were entitled to the presumption of truth standing alone. The material is submitted now solely to show that the dispute the Order resolved against Plaintiff by judicial notice is genuine, documented, and contemporaneous. It shows:

*First*, Plaintiff was absent from the hearing because of a family medical emergency, and his attorney knew it in real time. On the evening of June 13, 2023, Plaintiff texted Hebbard a photograph of his mother-in-law's hospital wristband - "This is gaynells wrist band of her in the hospital" - and at 5:57 a.m. on June 14 offered a photograph of her in her hospital bed because the nurses would not release patient information. (Ex. A at 1–2.) Hebbard responded: "Ok; I'll let you know what happens at the courthouse." (Ex. A at 3.) He sought no continuance.

*Second*, Plaintiff pressed his ownership claim that same morning and his own attorney conceded the Probate Court could not decide it. At 7:05 a.m., Plaintiff told Hebbard that a recording existed of his mother stating that she and

---

[2] Exhibit A is redacted to remove a non-party patient's medical-record identifiers (date of birth, medical record number, and related data visible on a hospital wristband) and a photograph of the non-party patient, consistent with Fed. R. Civ. P. 5.2 and the privacy interests of a non-party. The redactions do not affect any text quoted in this Motion.

his father "wanted me to have the equipment she gave me." Hebbard brushed it aside - "That won't be any use without y'all there to testify" - knowing Plaintiff was at St. Mary's Hospital, "5th floor room 1." (Ex. A at 3.) When Plaintiff objected that "the equipment I have with is not part of the estate by any means whatsoever," Hebbard answered: "And we will do that, once we're in front of a court *that can determine that issue. That's not here*; this judge can only decide who holds it until that issue is decided." (Ex. A at 7 (emphasis added).)

*Third*, what the Order calls consent was a rejected counteroffer followed by an ultimatum. At 11:23 a.m. on June 14, Plaintiff texted: "I agree *as long as* Jamie returns the tractors and steel he has in his possession." (Ex. A at 5.) When Plaintiff pressed for the reciprocal condition - "What about the minimum of $2500 a month whether he uses them or not. Let's be fair here" - Hebbard's entire response was: "No." (Ex. A at 6.) The "terms" were then dictated to the client, not negotiated by him: "If you want to use the equipment, it's $5k/job with a minimum of $2.5k. if you don't want to use it, Jon can come take it or lock it up." (Ex. A at 11.) None of Plaintiff's conditions appear in the July 14, 2023 order.

*Fourth*, Plaintiff raised a conflict-of-interest concern about his own lawyer's relationship with opposing counsel - Defendant Epps - that same day: "I beginning to wonder if yours and Kevin's friendship is a conflict of interest to

me." (Ex. A at 7.) Hebbard's response was not a denial: "That's a really insulting allegation, Jason. I just pulled your ass out of there for again, DESPITE THE FACT THAT YOU DIDN'T EVEN SHOW UP TO COURT, and you're questioning my integrity?" (Ex. A at 8.) Plaintiff's reply located him precisely where the wristband said he was: "I am at the hospital right now." (Ex. A at 8.)

*Fifth*, within five weeks, independent counsel reviewing this same exchange reached the same conclusion Plaintiff pleaded here. On July 19, 2023, Senior Attorney Stacey L. Ferris wrote: "This is shocking. I am so glad you have these text messages….You should not have to pay to get out of *a deal you never agreed to*." (Ex. A at 1 (emphasis added).)

A fact contradicted by this record is not a fact "not subject to reasonable dispute." Fed. R. Evid. 201(b). The Order's use of the word "indisputably" [Doc. 54, p. 7] was not merely rhetorical excess; it was the operative finding on which judicial immunity, state action, conspiracy, futility, and dismissal all rest - and it was made in a procedural posture in which the question could not lawfully be resolved against the pleader.

## D.    With the Allegations Accepted as True, Judicial Immunity Could Not Be Resolved on the Pleadings.

Judicial immunity yields where a judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Mireles v. Waco*,

502 U.S. 9, 11–12 (1991). The illustration the Supreme Court itself chose for that doctrine is this case: "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 357 n.7 (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 352 (1872)).

Under Georgia law, "probate courts do not have jurisdiction to adjudicate conflicting claims of title to real or personal property." *Cunningham v. Estate of Cunningham*, 304 Ga. App. 608, 609, 697 S.E.2d 280, 281 (2010). The Probate Court of Oconee County said so itself, in this very estate, two months before the order at issue: its May 23, 2023 Consent Protective Order - part of the same docket this Court judicially noticed - recites that the ownership dispute "shall be decided by the Superior Court of Oconee County as the Probate Court lacks jurisdiction to decide same. See: Cunningham v. Estate of Cunningham, 304 Ga. App. 608 (2010)." (Consent Protective Order, Estate No. F-183 (Prob. Ct. Oconee Cnty. Ga., May 23, 2023).)

Accepting the complaint's allegations as true - no consent, disputed title, an order imposing rent obligations, arrears, accountings, and surrender rights over property Plaintiff owns, enforced first by a contempt adjudication and ultimately by a bench warrant, arrest, and four days' incarceration - the complaint plausibly alleges precisely the *Stump* footnote-seven scenario: a

probate judge exercising coercive, ultimately penal power over a title dispute that Georgia law commits exclusively to the superior court, against a litigant who never consented to the arrangement said to supply the jurisdiction. Without the "consent" finding, the Order's immunity analysis has no foundation. Whether Plaintiff can ultimately prove the absence of all jurisdiction is a merits question; at this stage "the issue is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). [*See* Doc. 54, p. 4 (quoting same)].

**E.    The Order's Reading of *Dennis v. Sparks* Was Manifest Error, and the Conspiracy Claims Rise or Fall With the Pleadings — Not With the Noticed "Facts."**

The Order distinguishes *Dennis v. Sparks*, 449 U.S. 24 (1980), on the ground that the conspirators there bribed the judge, and that Plaintiff "has not pled that [anyone] did or accepted anything as patently illegal as taking a bribe." [Doc. 54, p. 26 n.15]. But *Dennis* does not condition private-party § 1983 liability on bribery. Its holding is about concerted action: "Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions," and "private parties who corruptly conspire with a judge in connection with such conduct are thus acting under

color of state law" - "even though the judge himself is immune from damages liability." *Dennis*, 449 U.S. at 27–29; *accord Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). Bribery was the fact pattern, not the rule.

Once Plaintiff's allegations are restored to the presumption of truth, the complaint alleges concerted action among the movant-administrator who drafted the orders (Mills), the opposing counsel who prepared enforcement filings and rule nisi orders (Epps), the party who joined and financed the contempt campaign (James Farmer), and the judge who signed what was put before him in the clear absence of jurisdiction - culminating in Plaintiff's arrest on a warrant issued without a hearing, the day after a rule nisi purported to set one. Whether those allegations will survive summary judgment is not the question; they could not be dismissed by crediting the targets' own state-court recitations against the pleader.

**F.     The Futility Holding and the Dismissal Fall With the Errors Above.**

Futility under Rule 15 is measured by the same standard as Rule 12(b)(6): a proposed amendment is futile only if, accepting its allegations as true, it "would still be properly dismissed." *Mizzaro*, 544 F.3d at 1255; [Doc. 54, p. 2]. Because the futility ruling and the dismissal both rest on the judicially-noticed "consent" and the displacement of Plaintiff's well-pleaded allegations,

both must be revisited once the correct standards are applied. The same is true

of the declination of supplemental jurisdiction, which followed mechanically

from the dismissal of the federal claims.

**IV.**

**RELIEF REQUESTED**

For the foregoing reasons, Plaintiff respectfully requests that the Court:

(1) ALTER OR AMEND the judgment pursuant to Fed. R. Civ. P. 59(e) and

VACATE the May 14, 2026 Order [Doc. 54];

(2) Pursuant to Fed. R. Evid. 201(e), HEAR Plaintiff on the propriety and

tenor of the judicial notice taken in the Order;

(3) Upon vacatur, GRANT Plaintiff leave to file the proposed amended

complaint [Doc. 37-1], or in the alternative, reinstate the original Complaint

[Doc. 1] and deny the motions to dismiss [Docs. 4, 10, 11, 23];

(4) In the further alternative, GRANT Plaintiff leave to exchange initial

disclosures and conduct limited discovery before any renewed dispositive

ruling; and

(5) GRANT such other and further relief as the Court deems just and

proper.

Respectfully submitted this 10th day of June, 2026.


JOHN BAKER LAW


*/s/ John H. Baker*

John H. Baker, Esq.

Georgia Bar No. 033797

2053 Experiment Station Rd.

Bldg. 1100

Watkinsville, GA 30677

(706) 543-7777

John@JohnBaker.Law

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing **PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AND TO VACATE THE COURT'S MAY 14, 2026 ORDER PURSUANT TO FED. R. CIV. P. 59(e)**, together with Exhibit A thereto, with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record, including:

Casey J. Crumbley, Esq.
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
Highbridge Centre, 3920 Arkwright Rd., Ste. 375
Macon, GA 31210
ccrumbley@constangy.com
*Attorney for Defendant Mike Hunsinger*

Lee S. Gillis, Jr., Esq.
577 Mulberry Street, Suite 1500
Macon, GA 31201
leegillis@hbgm.com
*Attorney for Defendant Kevin Epps*

Jason C. Waymire, Esq.
4330 South Lee Street, 400-A
Buford, GA 30518
jason@wmwlaw.com
*Attorney for Defendant Jon Mills*

David W. Atkinson, Esq.
1420 Peachtree Street NE, Suite 800
Atlanta, GA 30309
david.atkinson@mablawfirm.com

Respectfully submitted this 10th day of June, 2026.


JOHN BAKER LAW


/s/ John H. Baker
John H. Baker, Esq.
Georgia Bar No. 033797
2053 Experiment Station Rd.
Bldg. 1100
Watkinsville, GA 30677
(706) 543-7777
John@JohnBaker.Law

*Attorney for Plaintiff*