**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| **JASON FARMER,** | |
| *Plaintiff*, | |
| **v.** | **CIVIL ACTION NO. 3:25-cv-00154-TES** |
| **Hon. MIKE HUNSINGER,** *et al.*, | |
| *Defendants*. | |

**COURT'S RESPONSE TO PLAINTIFF'S REQUEST FOR INFORMATION**

On May 14, 2026, the Court entered an order dismissing Plaintiff's case accusing a probate judge, two attorneys and the Plaintiff's brother from conspiring to and violating his Constitutional rights that resulted in Plaintiff's arrest and confinement. [Doc. 54]. On June 10, 2026, Plaintiff filed a Motion to Recuse the undersigned based upon his allegations that the Court has run afoul of 28 U.S.C. § 455 and Canons 2 and 3 of the Code of Conduct for United States Judges. [Doc. 58, p. 1]. Specifically, Plaintiff points to three distinct facts that he contends precludes the Court from further participation in this case:

1. In his Senate Judicial Questionnaire ("SJQ") prepared for his confirmation before the United States Senate, the undersigned noted his membership in the Gridiron Secret Society, a fraternal organization associated with the University of Georgia;

2. Since the dismissal of his case, Plaintiff began an investigation and learned that Defendant Epps' law partner, J. Edward Allen, also belongs to the same fraternal group; and

3. In his SJQ, the undersigned highlighted a case he handled in 2012 that involved Mr. Allen and his firm.

*See generally,* Doc. 58.

According to Plaintiff, these three facts show an "undisclosed, decades-long secret-society bond between the presiding judge and the defendant's law partner" that presents the precise "relationship-driven" appearances forbidden by 28 U.S.C § 455. [Doc. 58, p. 9.] In his motion, Plaintiff asks that the Court vacate its order dismissing his case [Doc. 54] and the corresponding judgment [Doc. 55], recuse itself from the remainder of the case and assign it to a different judge. [Doc. 58, p. 14]. Plaintiff alternatively asks:

> In the alternative, and at minimum, Plaintiff respectfully requests that the Court make complete disclosure on the record of the nature, extent, and history of the relationship between the Court and Mr. Epps, Mr. Allen, and between the Court and the Epps, Holloway, DeLoach & Hoipkemier firm - including the Court's Gridiron membership history, any Gridiron communications, gatherings, or activities attended in common with Mr. Allen, and any social or professional contacts with Mr. Allen or Defendant Epps - so that the parties may assess the record and, if appropriate, the question of waiver under 28 U.S.C. § 455(e). Section 455(e) permits waiver of a § 455(a) ground only "preceded by a full disclosure on the record of the basis for disqualification."

[Doc. 58, p. 13].

Of course, neither the parties or any other interested person has yet had time to respond to Plaintiff's motion, and they are entitled to 21 days to do so under the Court's

Local Rules. However, the Court is happy to provide the following information to allow the parties and interested persons to know as much as the Court knows so that they may respond as they see fit. The Court offers the following facts for consideration:

1. As noted in my SJQ, I have been a member of the Gridiron Secret Society ("GSS"), a fraternal organization associated with the University of Georgia since 1997. Since 1908, the GSS has had literally hundreds of members, and I have no idea of the current membership. To be specific, I neither recall nor remember "any Gridiron communications, gatherings, or activities attended in common with Mr. Allen." *See, Id.*

2. I know that Ed Allen is a GSS member and although I don't specifically recall having received the 2016 letter from David Bell that Plaintiff attached as an exhibit to his Motion to Recuse, I certainly do not doubt that I received it. I have received several such letters from Mr. Bell over the last few years. Those letters from Mr. Bell are how I knew that Mr. Allen is a member of GSS.

3. I do not know Ed Allen well. To the best of my recollection, I have seen Mr. Allen twice in my life. On one occasion, he introduced himself to me at a reception that the University of Georgia Law School held in January 2024 for members of the Council of Superior Court Judges ("CSCJ") who graduated from the University of Georgia Law School. Although I was no longer a superior court judge, I received an invitation because I was in Athens during their conference and the CSCJ leadership knew I graduated from UGA Law School. Mr. Allen and I exchanged pleasantries at the reception and made small talk, but I recall nothing of substance from the conversation.

4. I do not know Ed Allen's home address, whether he is retired from the practice of law or whether he actively practices. I did not know that Kevin Epps is or was his law partner until I read Plaintiff's Motion to Recuse. I do not know Ed Allen's cell phone number, nor do I know his office phone number. I have never written Mr. Allen a professional or personal letter nor have I ever received one from him to my recollection. I have never been to Ed Allen's house, and he has never been to mine. I have never shared a meal with him, nor have I ever travelled with him or his family. I have never attended a GSS function with Mr. Allen or anyone from his firm (assuming there are or have been other members of which I am unaware) as far as I can recall. I have checked my email history to the extent I am able, and I cannot

find a single email that I have sent to Mr. Allen, received from Mr. Allen or been copied on with Mr. Allen.

5. I do not have an ongoing professional relationship with Ed Allen, Kevin Epps or their current or former firms. Sometime prior to 2015, my former spouse and I were involved in a dispute over the divorce decree entered in our case. Given my position as a superior court judge at the time, the parties agreed to mediation in an attempt to resolve the question amicably and privately. The lawyers jointly recommended Ed Allen to serve as the mediator and the parties agreed. The mediation was held in Mr. Allen's office, and it was not successful. I paid Mr. Allen my equal share of his fees. This is the only other time that I have ever seen Mr. Allen as I recall. The firm of Epps, Holloway, DeLoach & Hoipkemier has never represented me in any capacity, nor has any member of that firm or any earlier version of that firm represented me or any member of my immediate or extended family.

6. Other than the *Crisler v. Farr* case mentioned in Plaintiff's Motion to Recuse, I do not recall a single time that Ed Allen has ever appeared before me in the 20 years that I have served as a judge on the state and federal benches. I am not sure I would have recalled that Mr. Allen represented the Crisler brothers had Plaintiff not mentioned it in his Motion to Recuse. Other than the *Crisler* case, I am not aware of any other case where Mr. Allen has made an entry of appearance, much less authored or signed a brief or as stated earlier, even appeared before me.

7. I have attached a copy of my order in *Crisler v. Farr* as an exhibit. As it shows, I ruled against Mr. Allen on every issue except one. As mentioned in the Motion to recuse, the parties settled while the case was on appeal. I have no idea of the amount of the settlement or of any fees that Mr. Allen may have received.

8. No case that I chose in response to the SJQ question had anything to do with the lawyers involved in the case; I chose the cases based on the issues presented.

9. I do not know Kevin Epps. I do not know Mr. Epps' home address or any of his law partners (although I now know that he and Mr. Allen are or have been partners). I do not know Mr. Epps' cell phone number, nor do I know his office phone number. I have never written Mr. Epps a professional or personal letter nor have I ever received one from him to my recollection. I

have never been to Mr. Epps' house, and he has never been to mine. I have never shared a meal with him, nor have I ever travelled with him or his family. I have never attended any legal or social function where Mr. Epps attended as far as I can recall. I have checked my email history and the only emails I have that include Mr. Epps involve *Crawley v. Davis,* 3:25-cv-113 and *Takata v. Toppers International, Inc.*, 3:25-cv-186, cases in which he represents parties that are currently pending before me. The identified emails were either authored by Mr. Epps or his associate, Tyler Gaines, and all interested parties received copies and the limited number of emails dealt only with those cases. I have never received a personal email from Mr. Epps, never sent him a personal email nor have I ever talked with him on the phone. I do not recall ever seeing Mr. Epps in person. In fact, I could not identify Mr. Epps.

10. Mr. Epps has represented and currently represents parties in matters assigned to me in federal court. I do not know how many times he has done so, and as mentioned above, I do not recall ever seeing Mr. Epps in court. I do not recall any specific cases other those referenced in the preceding paragraph. I do not recall a single case where Mr. Epps appeared before me while I served as a superior court judge or a judge on the Georgia Court of Appeals.

11. I recall no other information of any sort related to Ed Allen, Defendant Epps or their firm.

As mentioned above, Defendants and any interested party have 21 days to respond to the Plaintiff's Motion to Recuse [Doc. 58] and Motion to Alter Judgment [Doc. 57].

This 11th day of June, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**