IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JASON FARMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO. 3:25-cv-00154-TES |
| | ) | |
| MIKE HUNSINGER, in his | ) | |
| individual capacity; KEVIN EPPS, | ) | |
| individually; JON MILLS, | ) | |
| individually; and JAMES FARMER, | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT MILLS'S
MOTION FOR FEES AND EXPENSES [DOC. 56]**

Defendant Mills' motion is premature. A timely Rule 59(e) motion [Doc. 57] and a

28 U.S.C. § 455(a) motion to recuse [Doc. 58] are pending; either could, and certainly

should, vacate the judgment on which Mills's "prevailing party" status depends, and the

Court has confirmed that all parties have twenty-one days to respond to both. [Doc. 59].

The Court should deny the motion or, at minimum, defer it. Should the Court reach the

amount, the request fails on its own terms.   Pretermitting concerns of prematurity, "…a

plaintiff should not be assessed his opponent′s attorney′s fees unless a court finds that his

claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate

after it clearly became so." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 422, 98 S. Ct. 694, 701, 54 L. Ed. 2d 648 (1978)

Here, Plaintiff pleaded that the July 14, 2023 protective order restrained "certain equipment and property that [Plaintiff] claimed to own," without his consent. [Doc. 1, ¶ 37; see also id. ¶¶ 43, 97]. The Court found the opposite: that "Plaintiff's then-attorney indisputably approved the terms of the order" [Doc. 54, p. 7], that "Plaintiff, through his lawyer, agreed to it" [id. p. 8], and that the order "memorialized the arrangement" [id.]. Consent was the linchpin of every dispositive ruling, but contemporaneous text messages between Plaintiff and his then-counsel (Ex. A to Doc. 57) document his objection. Resolving that dispute against the pleader on a Rule 12(b)(6) motion manifested legal error, rather than a finding that Plaintiff's position lacked foundation.

The dismissal of the claims against Defendants turns on a single premise: that the July 14, 2023 Protective Order "did not substantively determine ownership," but "merely preserved the status quo until the ownership issue is resolved." (Order, Doc. 54, at 19–21.) That premise is not a permissible reading of that Order; it is the precise argument the Georgia Court of Appeals squarely rejected more than 30 years ago.

*In re Estate of Adamson* arose on the identical posture presented here. There, the probate court ordered the decedent's widow to surrender possession of disputed personal property to the estate's executor and then held her in contempt when she refused even though she claimed an ownership interest in the property. 215 Ga. App. at 613. The

executor attempted to defend the order in the very terms this Court ultimately adopted - insisting "that the trial court did not decide matters of title, but merely provided him with possession of the property." Id. The Court of Appeals did not abide that distinction, unmoored from the rule of law, or common sense.  It held: **"The executor's position begs the question."**

The defense was circular – it could only be accepted by first granting the ownership conclusion it claimed not to reach – and an order resting on that buried assumption is no less an adjudication of title than a decree that is labeled "Adjudication of Title."  The order was void because it granted possession of something not yet determined to <u>belong</u> to the subject estate and outside the probate court's subject matter jurisdiction, and a void order cannot be the basis of a finding of contempt.

> **Only property owned by the decedent becomes property of the estate which the executor or administrator has a right to possess. … Therefore, the probate court was without authority to give the executor possession of property unless such property was owned by the decedent." Id. at 613–14. The order was void, and "[a]n order of contempt cannot be based on noncompliance with a void order."**

Id. at 614. (emphasis added)

The reasoning controls this case directly.  An order purportedly entered "for the protection of ownership interests in the … estates" (Interim Order, Doc. 10-7, at 1), that authorizes the Administrator to "take possession and safeguard" the equipment "for the benefit of the Estate" (Doc. 54, at 7–8), and that compels the possessor to pay rent to the

estate for the property's use (id.), is lawful only on the premise that the equipment belongs to the estate. That premise is the contested question of title.

To "protect the estate's ownership interest" is to presuppose the estate has an interest in the first place; to charge Mr. Farmer rent for using the property is to decide that he owes the estate for the estate's property.  Under *Adamson*, that is not the preservation of a neutral status quo - it is the adjudication of the conflicting claims, accomplished through mislabeling of "possession" rather than "title." The Probate Court here could no more reach that result by referring to "the protection of ownership interests in the…estates" than the executor in *Adamson* could reach it by labeling his "possessory."  In either case, despite any finding to the contrary, and from the standpoint of the rule of law and judicial power, the jurisdictional emperor is without clothes.

The consequences in terms of the instant case are twofold.  On the merits, an order resolving the title contest – and any subsequent order for a "bench warrant" ("interim" or otherwise)  purporting to enforce it based on the adjudication of criminal contempt - was unmistakably entered in the clear absence of all jurisdiction.   Procedurally, and more immediately, the "status-quo" characterization was not a fact this Court could find against the Complaint on a Rule 12(b)(6) motion. The Complaint alleged that the Order adjudicated ownership; controlling Georgia authority confirms that allegation states the law correctly; and the Court resolved the point the other way - by judicial notice of the probate records, for the truth of a contested characterization those records cannot supply.

Plaintiff pleaded that Defendants had him "arrested without prior notice or an opportunity for a hearing regarding whether he should be arrested and detained." [Doc. 1, ¶ 115; Doc. 54, p. 29]. The Court responded: "But, as the timeline of events above shows, these allegations are not true." [Doc. 54, p. 29].   Since a court may not find a plaintiff's well-pleaded allegations "not true" on a Rule 12(b)(6) motion because it must accept the truth of them, that was the epitome of manifest error.

Finally, "…a defendant may recover the reasonable attorney's fees he expended solely because of the frivolous allegations. And that is all.  Fox v. Vice, 563 U.S. 826, 840–41, 131 S. Ct. 2205, 2218, 180 L. Ed. 2d 45 (2011)  Defendant Mills identifies no discrete frivolous claim that generated fees he would not otherwise have incurred, and his lump request of $7,549.05 for 35.1 hours is not allocated to any such claim. [Doc. 56; Doc. 56-2].

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court DENY Defendant Mills's Motion for Fees and Expenses [Doc. 56]; in the alternative, DEFER ruling pending resolution of Plaintiff's Motion to Alter or Amend [Doc. 57] and Motion to Recuse [Doc. 58]; and in the further alternative, deny any fee as unallocated and unsupported. Plaintiff respectfully preserves all appellate and supervisory remedies.

Respectfully submitted this 16th day of June, 2026.

**JOHN BAKER LAW**

*/s/ John H. Baker*
John H. Baker, Esq.
Georgia Bar No. 033797
john@johnbaker.law
2053 Experiment Station Rd.
Building 1100
Watkinsville, GA 30677
(706) 543-7777

*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I electronically filed the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT MILLS'S MOTION FOR FEES AND EXPENSES [DOC. 56]** with the Clerk of Court using the CM/ECF system, which will automatically serve all attorneys of record, including:

Casey J. Crumbley, Esq.
Constangy, Brooks, Smith & Prophete, LLP
Highbridge Centre, 3920 Arkwright Rd., Ste. 375
Macon, GA 31210
ccrumbley@constangy.com
*Counsel for Defendant Hunsinger*

Lee S. Gillis, Jr., Esq.
577 Mulberry Street, Suite 1500
Macon, GA 31201
leegillis@hbgm.com
*Counsel for Defendant Epps*

Jason C. Waymire, Esq.
4330 South Lee Street, 400-A
Buford, GA 30518
jason@wmwlaw.com
*Counsel for Defendant Mills*

David W. Atkinson, Esq.
1420 Peachtree Street NE, Suite 800
Atlanta, GA 30309
david.atkinson@mablawfirm.com

- 7 -

- 8 -

Respectfully submitted this 16th day of June, 2026.

**JOHN BAKER LAW**


*/s/ John H. Baker*
John H. Baker, Esq.
Georgia Bar No. 033797
john@johnbaker.law
2053 Experiment Station Rd.
Building 1100
Watkinsville, GA 30677
(706) 543-7777

*Attorney for Plaintiff*