**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **JASON FARMER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MIKE HUNSINGER, in his** | ) | |
| **individual capacity;** | ) | **CIVIL ACTION FILE NO.** |
| **KEVIN EPPS, individually;** | ) | **Case 3:25-cv-00154-TES** |
| **JON MILLS, individually,** | ) | |
| **JAMES FARMER,** | ) | |
| **individually** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT JUDGE MIKE HUNSINGER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT AND TO VACATE THE MAY 14, 2026 ORDER**

Defendant Hon. Mike Hunsinger respectfully submits this Response in Opposition to Plaintiff Jason Farmer's Motion to Alter or Amend Judgment and to Vacate the Court's May 14, 2026 Order Pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 57). Plaintiff's brief identifies no newly discovered evidence, no intervening change in controlling law, and no manifest error requiring the Court to disturb its judgment. Specifically, it appears to be relitigating the same issues already addressed by the Court. The motion should be denied.

**INTRODUCTION**

Plaintiff's Rule 59(e) motion attempts to recast the May 14, 2026 Order as though every ruling turned on one factual issue; specifically, whether Plaintiff personally consented to the July 2023 probate protective order through counsel. That is not the governing question. Consent was part of the procedural history, but the dispositive immunity inquiry was whether Judge Hunsinger

was performing judicial acts in probate proceedings over which the Probate Court had at least arguable subject-matter jurisdiction. The Order correctly concluded that he was.

Plaintiff's non-consent exhibit does not change that result. The exhibit consists of 2023 communications involving Plaintiff, his former counsel, and a non-party probate lawyer. Plaintiff had those materials or could have obtained them from his own files and former counsel, long before judgment. He should not now be permitted to invoke Rule 59(e) based on materials that were available to him before judgment but that he failed to present in a timely manner. Rule 59(e) is not a mechanism to supplement the record after an adverse ruling with evidence that was available earlier. More importantly, the exhibit goes only to Plaintiff's renewed contention that he did not subjectively authorize his lawyer to agree to the protective order. It does not show that Judge Hunsinger acted in the clear absence of all jurisdiction, does not defeat judicial immunity, and does not cure the pleading defects.

Plaintiff's judicial notice argument likewise does not justify Rule 59 relief. Plaintiff put the probate record at the center of his case. His complaint, proposed amended complaint, and briefing challenged the protective order, contempt orders, bench warrant, and appellate proceedings. The Court was permitted to consider the existence, contents, legal effect, and procedural posture of those public judicial records to determine the nature of the challenged acts and whether immunity, futility, and dismissal applied. Even if Plaintiff disputes particular background recitations, none of those disputes alter the judgment.

## BACKGROUND

Plaintiff filed this action challenging orders and process issued in contested probate proceedings pending in the Probate Court of Oconee County. Doc. 57 at 3. He alleged that Judge Hunsinger entered protective and contempt related orders concerning property alleged to be

connected to the estates and that those orders ultimately led to Plaintiff's arrest and detention. See Doc. 1. Judge Hunsinger moved to dismiss, arguing among other grounds that absolute judicial immunity barred Plaintiff's individual capacity damages claims because the challenged conduct consisted of judicial acts taken in probate proceedings. See Docs. 10, 10-1.

On May 14, 2026, this Court denied Plaintiff's renewed motion for leave to file an amended complaint and granted Defendants' motions to dismiss. Doc. 54. The Court held that Plaintiff's proposed amendment was futile and that the operative complaint failed as a matter of law. As to Judge Hunsinger, the Court concluded that the challenged conduct was protected by judicial immunity. As to the private defendants, the Court concluded that Plaintiff failed to plead viable federal claims. After disposing of the federal claims, the Court declined supplemental jurisdiction over any remaining state law claims. *Id.*

On June 10, 2026, Plaintiff filed his Rule 59(e) motion. Doc. 57. He argues that the Court improperly considered probate court records, improperly treated consent as established, failed to accept his allegations as true, and should have allowed his amended pleading and claims to proceed. Those arguments either were made before judgment or could have been made before judgment. They do not meet Rule 59(e)'s demanding standard.

## ARGUMENT AND CITATION OF AUTHORITY

### I.    Rule 59(e) is an extraordinary remedy and does not permit relitigation.

Rule 59(e) is narrow. The Eleventh Circuit repeatedly holds that the only grounds for granting a Rule 59(e) motion are newly discovered evidence or manifest errors of law or fact. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). A Rule 59(e) motion cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised before entry of judgment. *Jacobs v.*

*Tempur-Pedic Int'l, Inc.*, 626 F.3d at 1344; *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). The Supreme Court has likewise described Rule 59(e) as a short, limited opportunity for a district court to correct its own errors, not an invitation to rebuild the losing party's record after judgment. *Banister v. Davis*, 590 U.S. 504, 507-09 (2020).

Plaintiff's motion violates those limits. He reargues judicial notice, Rule 12(b)(6), probate jurisdiction, judicial immunity, Rule 15 futility, state action, conspiracy, and supplemental jurisdiction. Plaintiff raised those issues before judgment or had every opportunity to do so. A Rule 59(e) motion is not a substitute for appeal and is not a second round of briefing after the Court has ruled. Therefore, said motion should be denied.

## II.    Plaintiff's exhibit is not newly discovered evidence and is immaterial to the judgment.

Plaintiff attaches text messages and an email related to his assertion that he did not authorize his former counsel to agree to the protective order. Even assuming authenticity and accepting Plaintiff's characterization solely for purposes of this response, the exhibit is not newly discovered evidence. Communications occurred in 2023 and involved Plaintiff, his then counsel, and current counsel who is listed at the top of the email exchange in 2023. Doc. 57-1 at 1. Plaintiff and his counsel possessed the materials before the complaint, before the motions to dismiss were submitted, before his renewed motion to amend, and before judgment. Evidence available before judgment cannot support Rule 59(e) relief merely because a party elected not to present it earlier. *Arthur v. King*, 500 F.3d at 1343 ("[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005))).

The exhibit is also immaterial. At most, it purportedly supports Plaintiff's contention that he disagreed with his former lawyer or that the lawyer allegedly exceeded actual authority. That theory might be relevant in a dispute between Plaintiff and that lawyer. It is not the test for absolute judicial immunity. Judicial immunity turns on the nature and function of the challenged act and whether the judge acted in the clear absence of all jurisdiction and not on whether a litigant later disputes his counsel's authority to consent to or agree upon an order. *Stump v. Sparkman*, 435 U.S. 349, 356–57, 362 (1978); *Sibley v. Lando*, 437 F.3d 1067, 1070–71 (11th Cir. 2005).

The exhibit also does not cure the proposed amended complaint. It does not plead facts showing that Judge Hunsinger acted outside his judicial capacity. It does not establish that the Probate Court had no jurisdiction whatsoever over the estate proceedings or contempt enforcement of orders entered in those proceedings. It does not transform private litigants and lawyers into state actors. And it does not plausibly allege an agreement among Defendants to violate Plaintiff's constitutional rights. The exhibit therefore provides no basis to alter or amend the judgment. Thus, the motion should be denied.

### III.    Plaintiff's non-consent theory does not defeat judicial immunity.

Plaintiff's central premise is that, if he did not consent to the protective order, then the May 14 Order must be vacated. That premise conflates the validity of the state court order with the federal immunity analysis. A judge does not lose judicial immunity merely because a litigant alleges that an order was erroneous, procedurally irregular, unsupported by consent, or entered in excess of authority. Judicial immunity applies to judicial acts taken within the court's subject-matter jurisdiction even when the challenged act is alleged to be erroneous, malicious, corruptly motivated, procedurally defective, or in excess of the judge's authority. *McCullough v. Finley*, 907

F.3d 1324, 1330–31 (11th Cir. 2018); *Dykes v. Hosemann*, 776 F.2d 942, 946–49 (11th Cir. 1985) (en banc).

The Supreme Court draws the relevant line between acts taken in excess of jurisdiction and acts taken in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. at 356–57. Only the latter defeats judicial immunity. *Id.*; *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). Thus, the question is not whether Plaintiff can identify alleged error in the protective order, the contempt order, the bench warrant, or the Probate Court's handling of disputed property. The question is whether Judge Hunsinger, while presiding over probate proceedings, acted in the clear absence of all subject-matter jurisdiction when he entered and enforced orders in those proceedings. He did not.

The challenged acts were judicial in nature. Conducting hearings, entering orders, resolving motions, addressing contempt, issuing process, and enforcing court orders are functions normally performed by judges. Plaintiff and the other participants dealt with Judge Hunsinger in his capacity as Probate Judge in ongoing estate proceedings. That remains true even if Plaintiff contends the orders were wrong. Georgia law confirms that the Probate Court was not acting in a jurisdictional vacuum. Probate courts have jurisdiction over the probate of wills, the granting of letters testamentary and administration, controversies concerning executorship or administration, the sale and disposition of property belonging to deceased persons' estates, distribution of estates, and matters that appertain or relate to estates. O.C.G.A. § 15-9-30(a). Probate judges also have statutory contempt authority to enforce obedience to lawful orders. O.C.G.A. § 15-9-34(a). More generally, Georgia courts have authority to compel obedience to their judgments, orders, and process and to control persons connected with judicial proceedings. O.C.G.A. § 15-1-3(3), (4).

Plaintiff's theory that the Probate Court exceeded those powers does not show clear absence of all jurisdiction; at most it alleges error in the exercise of jurisdiction.

That distinction is dispositive. This is not a case in which a probate judge tried a free-standing criminal prosecution unrelated to any probate matter. It is a case in which Plaintiff challenges orders and contempt enforcement entered in estate proceedings concerning property alleged to relate to those estates. Importantly, Plaintiff withdrew his appeal with the Georgia Court of Appeals that was appealing the order from the Probate Court. Plaintiff's disagreement with the scope, validity, or enforcement of those orders belonged in the state appellate process, not in an individual capacity damages action against the probate judge. Thus, the motion should be denied.

## IV.    The Court did not commit manifest error by considering probate court records central to Plaintiff's claims.

Plaintiff argues that the Court improperly relied on probate court records at the pleading stage. But Plaintiff's own claims depend on those records. The complaint and proposed amended complaint challenged the protective order, contempt orders, bench warrant, and state appellate proceedings. A court deciding a motion to dismiss may consider the complaint as a whole, documents incorporated by reference, documents central to the claim whose authenticity is not disputed and matters subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Speaker v. U.S. Dep't of Health & Hum. Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). Courts may also take judicial notice of public records, including court filings. *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1276-78 (11th Cir. 1999); *Universal Express, Inc. v. SEC*, 177 F. App'x 52, 53 (11th Cir. 2006).

The May 14, 2026 Order did not need to resolve every historical dispute to decide immunity and futility. The Court could consider the existence, contents, legal character, and procedural

setting of the state court orders and filings to determine what judicial acts Plaintiff challenged and whether those acts occurred in proceedings over which the Probate Court had at least arguable jurisdiction. That is a proper use of public court records at the motion to dismiss stage. Even if Plaintiff identifies language in the Order that he believes placed too much weight on the probate record's description of counsel's agreement, Rule 59(e) requires more than disagreement with background language. Plaintiff must show a manifest error that affects the judgment. He has not done so. His subjective non-consent theory does not alter the judicial immunity analysis, does not supply state action by private defendants, and does not transform deficient conspiracy allegations into plausible federal claims. Thus, the motion should be denied.

## V.  Rule 201(e) does not require vacatur or a post-judgment evidentiary hearing.

Plaintiff invokes Federal Rule of Evidence 201(e), arguing that he requested an opportunity to be heard on judicial notice. That argument does not warrant vacatur. A court may consider certain materials at the motion to dismiss stage without converting the motion into one for summary judgment, including documents central to the claim and undisputed as to authenticity, as well as appropriate public records. See *Day v. Taylor*, 400 F.3d at 1275–76; *Horsley v. Feldt*, 304 F.3d 1125, 1134–35 (11th Cir. 2002); *Universal Express, Inc. v. SEC*, 177 F. App'x at 53–54. Public court records may also be judicially noticed when their accuracy cannot reasonably be questioned, but the notice must be limited to proper purposes. See *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651–53 (11th Cir. 2020). In particular, a court may take notice of another court's order for the limited purpose of recognizing the judicial act the order represents or the subject matter of the litigation and related filings. *In re Delta Res., Inc.*, 54 F.3d 722, 725–26 (11th Cir. 1995).

Rule 201(e) does not require automatic vacatur or a formal evidentiary hearing. Rule 201(e) provides that, "[o]n timely request," a party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact noticed. Fed. R. Evid. 201(e). The Rule also contemplates that the opportunity to be heard may occur after judicial notice has been taken. *Id*. The Eleventh Circuit has explained that Rule 201 "does not require courts to warn parties before taking judicial notice," although, upon request, it requires an opportunity to be heard after notice is taken. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d at 652. In *Paez*, the court found no abuse of discretion where the petitioner had an opportunity to object after the magistrate judge took judicial notice, did not ask to be heard, and did not dispute the accuracy of the docket entries. *Id*. at 653.

Here, Plaintiff has now had an opportunity to be heard and has used it. He filed an 18-page Rule 59(e) motion and submitted the exhibit he claims matters. In addition, the Court has scheduled a hearing for July 23, 2026, to address Plaintiff's pending motion. But Plaintiff still has not shown that the Court judicially noticed any disputed fact for its truth, much less any outcome determinative fact requiring a different judgment. Nor has he shown that his additional material affects judicial immunity, futility, or dismissal analysis. Rule 201(e) therefore provides no basis for vacatur or reopening. To the extent Plaintiff seeks additional evidentiary proceedings, no such relief is warranted because his new submission remains immaterial to the grounds on which the Court dismissed the claims.

## VI.    Plaintiff identifies no manifest error in the denial of leave to amend or dismissal of the private defendants.

Plaintiff's motion also does not justify reopening the judgment as to the proposed amended complaint or the private defendants. The Court denied leave to amend because the proposed amendment would still fail under Rule 12(b)(6). Doc. 54. Plaintiff's Rule 59(e) motion repeats the same theory that private litigants, lawyers, and a probate judge formed a constitutional conspiracy.

But adverse probate litigation, drafting proposed orders, seeking contempt relief, and advocating for a client's position do not, without plausible facts showing an agreement to violate federal rights, convert private parties into state actors. Plaintiff's disagreement with the Court's plausibility, state action, and conspiracy analysis is not manifest error.

Nor has Plaintiff shown error in the supplemental jurisdiction ruling. Once the Court dismissed the federal claims, it acted within its discretion in declining supplemental jurisdiction over any remaining state law claims, which is standard practice throughout the circuit. Plaintiff's motion identifies no independent basis to alter that ruling.

### VII.    <u>Plaintiff's separate recusal theory does not support Rule 59(e) relief.</u>

Plaintiff's separate motion to recuse does not supply an independent basis to alter or amend the judgment. The Court placed a response on the docket addressing Plaintiff's request for recusal related information. Doc. 59. That response identifies no relationship between the Court and Judge Hunsinger, no personal relationship with Defendant Epps, no knowledge of the purported Allen/Epps connection before Plaintiff's motion, no financial interest, no ex parte communication, and no fact bearing on the legal basis for the May 14 Order. Plaintiff's disagreement with the dismissal order remains a matter for Rule 59(e) or appeal. It is not evidence of manifest legal error. Thus, the motion should be denied.

### <u>CONCLUSION</u>

For the foregoing reasons, Defendant Hon. Mike Hunsinger respectfully requests that the Court deny Plaintiff's Motion to Alter or Amend Judgment and to Vacate the Court's May 14, 2026 Order (Doc. 57), and grant such other relief as the Court deems just and proper.

Respectfully submitted this 30th day of June, 2026.

*/s/ Casey C. Crumbley*
Casey C. Crumbley
Georgia Bar No. 741428
Attorney for Defendant Judge
Mike Hunsinger

Constangy, Brooks, Smith & Prophete, LLP
Highridge Centre
3920 Arkwright Road, Suite 375
Macon, GA 31210
706-510-7025
ccrumbley@constangy.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the

CM/ECF system, which will automatically send notice of such filing to all counsel of record who

are registered CM/ECF users.

This 30th day of June, 2026.

/s/ Casey C. Crumbley
Casey C. Crumbley
Georgia Bar No. 741428
Attorney for Defendant Judge
Mike Hunsinger

Constangy, Brooks, Smith & Prophete, LLP
Highridge Centre
3920 Arkwright Road, Suite 375
Macon, GA 31210
706-510-7025
ccrumbley@constangy.com