IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JASON FARMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MIKE HUNSINGER, in his | ) | |
| individual capacity; | ) | CIVIL ACTION FILE NO. |
| KEVIN EPPS, individually; | ) | Case 3:25-cv-00154-TES |
| JON MILLS, individually, | ) | |
| JAMES FARMER, | ) | |
| individually | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT JUDGE MIKE HUNSINGER'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO RECUSE AND
REQUEST FOR VACATUR AND REASSIGNMENT**

Defendant Hon. Mike Hunsinger respectfully submits this Response in Opposition to

Plaintiff Jason Farmer's Motion to Recuse Pursuant to 28 U.S.C. § 455(a) and Incorporated

Memorandum of Law (Doc. 58). Plaintiff's motion should be denied. The record, especially the

Court's June 11, 2026 response to Plaintiff's request for information (Doc. 59), confirms that

Plaintiff's theory rests on attenuated association, speculation, and disagreement with an adverse

ruling, not on facts that would cause a fully informed, objective observer to question the Court's

impartiality.

## INTRODUCTION

Plaintiff's recusal theory depends on a chain of inference: the presiding judge publicly

disclosed membership in the Gridiron Secret Society; non-party attorney J. Edward Allen also

appears on a 2016 Gridiron mailing list; Mr. Allen[1] is or was associated with Defendant Kevin Epps' law firm; and years ago the Court identified *Crisler v. Farr*, a case in which Mr. Allen represented plaintiffs,[2] as one of ten significant cases in the Court's Senate Judicial Questionnaire. From that chain, Plaintiff asks the Court to infer an undisclosed relationship driven appearance of partiality.

The Court's disclosure eliminates that inference. The Court disclosed that Gridiron has had hundreds of members since 1908; that the Court does not know the current membership; that it does not recall any Gridiron communications, gatherings, or activities attended in common with Mr. Allen; that it does not know Mr. Allen well; that it recalls seeing him only twice in its life; that it has no ongoing professional relationship with Mr. Allen, Mr. Epps, or their firm; that the firm has never represented the Court or the Court's family; that the Court did not know Mr. Epps was or had been Mr. Allen's partner until reading Plaintiff's motion; and that the Court does not know Mr. Epps, does not recall seeing him in person, and could not identify him. Doc. 59.

Those facts defeat recusal. They show no financial interest, no familial relationship, no attorney-client relationship, no personal friendship, no ex parte communication, no relationship with Judge Hunsinger, and no connection between the alleged association and the May 14, 2026 Order. Plaintiff's motion should be denied, along with the requests for vacatur under Rule 60(b)(6), reassignment, and additional disclosure or discovery.

---

[1] Upon information and belief, Mr. Allen has been retired for years.
[2] According to Plaintiff's recusal motion, Mr. Allen and Jeffrey DeLoach represented the plaintiffs in *Crisler v. Farr.* Doc. 38 at 3.

## FACTUAL BACKGROUND

### A.    Plaintiff's recusal theory.

Plaintiff identifies three asserted facts: (1) the Court disclosed in its Senate Judicial Questionnaire that it has been a member of Gridiron since 1997; (2) a 2016 Gridiron circular letter lists both the Court and Mr. Allen; and (3) the Court identified *Crisler v. Farr* as a significant case in the Senate Judicial Questionnaire, and Mr. Allen represented plaintiffs in that case. Doc. 58. Plaintiff argues that these facts show an undisclosed, decades long secret-society bond between the Court and Defendant Epps' law partner and asks for recusal, vacatur of the May 14 Order and judgment, and reassignment. *Id*.

### B.    The Court's disclosure.

On June 11, 2026, the Court entered a response providing the information Plaintiff alternatively requested. Doc. 59. The Court acknowledged its disclosed Gridiron membership but explained that Gridiron has had hundreds of members since 1908, that the Court has no idea of current membership, and that the Court neither recalls nor remembers any Gridiron communications, gatherings, or activities attended in common with Mr. Allen. *Id*. The Court stated that, although it did not specifically recall receiving the 2016 letter from David Bell attached to Plaintiff's motion, it did not doubt receiving it and had received several such letters from Mr. Bell over the last few years. *Id*. The Court explained that those letters are how it knew Mr. Allen is a GSS member. *Id*.

The Court further disclosed that it does not know Mr. Allen well and, to the best of its recollection, has seen him only twice. *Id*. One encounter was a January 2024 UGA Law School reception where Mr. Allen introduced himself, exchanged pleasantries, and made small talk. *Id*. The other was before 2015, when lawyers jointly recommended Mr. Allen to mediate a private

domestic dispute involving the Court and the Court's former spouse. *Id*. The mediation was unsuccessful, the Court paid its equal share of the mediation fee, and no ongoing relationship resulted. *Id*.

The Court also disclosed that it does not know Mr. Allen's home address or phone numbers; has never written Mr. Allen a personal or professional letter; does not recall receiving one from him; has never been to Mr. Allen's house; has never hosted him; has never shared a meal or traveled with him or his family; has never attended a Gridiron function with Mr. Allen or anyone from his firm as far as the Court can recall; and could not locate a single email sent to, received from, or copied to Mr. Allen. *Id*. As to Defendant Epps, the Court disclosed even less connection. The Court did not know Mr. Epps was or had been Mr. Allen's law partner until he read Plaintiff's motion. *Id*. The Court does not know Mr. Epps' address or phone numbers, has never sent or received a personal email from him, has never spoken with him by phone, does not recall seeing him in person, and could not identify him. *Id*. The only emails the Court identified involving Mr. Epps were ordinary case-related communications in unrelated pending federal matters, copied to all interested parties. *Id*.

These facts confirm that there was no undisclosed improper relationship and no objectively reasonable basis for recusal.

## C.    The *Crisler* order undermines Plaintiff's characterization.

Plaintiff relies heavily on *Crisler v. Farr*, but the Court's disclosure and the attached *Crisler* order undermine Plaintiff's characterization. The Court explained that no case selected for the Senate Judicial Questionnaire had anything to do with the lawyers involved; rather, the Court chose the cases based on the issues presented. Doc. 59. The Court further stated that, other than *Crisler*, it does not recall Mr. Allen ever appearing before it in twenty years on the state and federal

benches, and that it is not sure it would have recalled Mr. Allen's role in *Crisler* had Plaintiff not raised it. *Id.*

The *Crisler* order itself does not show favoritism toward Mr. Allen or his firm. The order describes extraordinary facts concerning a lawyer who fabricated and forged documents, repeatedly lied to clients and law partners, kited checks, created false settlement documents, and fabricated a fictitious lawsuit and settlement. Doc. 59-1. The order granted summary judgment to each defendant on Plaintiffs' claims relating to the alleged diminution in value of the underlying wrongful death case. *Id.* at 31–36. It denied summary judgment as to Farr on Plaintiffs' claims arising out of the Haugabook litigation, and it also allowed related punitive damages and attorney fee claims against Farr to proceed. *Id.* at 36–38, 41–43. But it held that the Haugabook related claims against Barnes, NeSmith, and the Firm failed as a matter of law and granted those defendants summary judgment in full. *Id.* at 38–43. That is not a record from which a reasonable observer could infer favoritism toward Mr. Allen, Mr. Epps, or their firm in this unrelated case. At most, it reflects a detailed order addressing an unusual and complex legal malpractice matter on a mixed record, with rulings both for and against Mr. Allen's clients.

## ARGUMENT AND CITATION OF AUTHORITY

### I.    Section 455(a) asks whether a fully informed objective observer would reasonably question impartiality.

Section 455(a) provides that a federal judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). The standard is objective: whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds for recusal would entertain a significant doubt about the judge's impartiality. *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003); *Parker v. Connors Steel Co.*, 855 F.2d 1510,

1524 (11th Cir. 1988). The observer is fully informed; he does not view only the movant's selected facts or rhetoric, which warrants consideration of the Court's response and reasonable explanation.

The standard is not satisfied by unsupported, irrational, or highly tenuous speculation. *United States v. Greenough*, 782 F.2d 1556, 1558-59 (11th Cir. 1986); *Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988). Nor is recusal required merely because a party disagrees with the court's rulings. Judicial rulings almost never constitute a valid basis for recusal; they are proper grounds for appeal, not disqualification, absent a showing of deep-seated favoritism or antagonism that would make fair judgment impossible. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Plaintiff identifies no ground under § 455(b). There is no alleged financial interest, family relationship, prior representation in this matter, personal knowledge of disputed evidentiary facts, or relative acting as counsel. Plaintiff proceeds only under § 455(a), and the disclosed facts do not create an objectively reasonable appearance of partiality. Therefore, denial of the motion is appropriate.

## II.    <u>Shared membership in a broad organization, without a meaningful relationship, does not require recusal.</u>

Plaintiff uses the label "secret society" to imply a relationship that the record does not support. Section 455(a) turns on facts, not labels. The Court disclosed that Gridiron has had hundreds of members since 1908 and that the Court does not know current membership. Doc. 59. The Court does not recall any Gridiron communications, gatherings, or activities attended in common with Mr. Allen. *Id*. The Court's knowledge that Mr. Allen is a member came through general correspondence from another person, not through any relationship with Mr. Allen. *Id*.

Courts reject recusal theories based on remote, attenuated, or innocuous relationships. In *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, the Fifth Circuit rejected recusal based on a judge's former representation of a party in unrelated matters, an asserted financial connection to

his former law firm's unrelated representation of that party, and the fact that some defendants were relatives of members of the judge's former firms, holding that the asserted connections were too remote, innocuous, or speculative to justify disqualification. 690 F.2d 1157, 1166–67 (5th Cir. 1982). The alleged connection here is weaker: broad organizational overlap with a non-party lawyer, not a personal or financial relationship with any party.

The Court's disclosure identifies, at most, a distant acquaintance with Mr. Allen. The Court has seen him twice, did not recall any substantive conversation at a public reception, and participated in one unsuccessful mediation more than a decade ago for which the Court paid its equal share of the fee. Doc. 59. The Court has no ongoing professional relationship with Mr. Allen, Mr. Epps, or their firm. *Id.* That does not describe a relationship that would cause a reasonable observer to doubt impartiality.

## III.    Plaintiff identifies no meaningful connection between the Court and Defendant Epps or Judge Hunsinger.

Plaintiff's theory requires a second inferential leap from Mr. Allen to Defendant Epps. The Court's disclosure forecloses that leap. The Court did not know Mr. Epps was or had been Mr. Allen's law partner until he read Plaintiff's motion. Doc. 59. The Court does not know Mr. Epps, has not exchanged personal communications with him, has not spoken with him by phone, does not recall seeing him in person, and could not identify him. *Id.* The only identified emails involving Mr. Epps were case-related communications in unrelated federal matters, copied to all interested parties. *Id.* Routine case communications in other cases do not create a personal relationship or appearance of partiality.

Plaintiff identifies no connection at all between the Court and Judge Hunsinger, the defendant responding here. There is no allegation that Judge Hunsinger is a Gridiron member, that he has a relationship with the Court, or that he had any connection to *Crisler*. Plaintiff asks to

vacate an order dismissing claims against Judge Hunsinger based on an alleged relationship between the Court and a non-party lawyer associated with a different defendant's law firm. Section 455(a) does not require recusal based on that kind of guilt by association chain. Therefore, the motion should be denied.

## IV.     *Crisler v. Farr* **does not create an appearance of partiality.**

Plaintiff's reliance on *Crisler* is misplaced. First, the Court disclosed that it selected cases for the Senate Judicial Questionnaire based on the issues presented, not the lawyers. Doc. 59. That explanation is objectively reasonable. *Crisler* involved unusual issues arising from fabricated pleadings, false settlement documents, check-kiting, and claims against lawyers and a law firm. Doc. 59-1. It is unsurprising that a judge would identify such an unusual case as significant because of its facts and issues.

Second, *Crisler* was a ruling against Mr. Allen on every issue except one. Doc. 59; Doc. 59-1. The attached order granted summary judgment against Mr. Allen's clients on substantial claims, including all claims for the alleged diminution in value of the wrongful death case. Doc. 59-1 at 31-36. The order denied summary judgment only on certain claims against the fabricating lawyer, Farr, arising from separate Haugabook litigation, while also ruling that the claims against Barnes, NeSmith, and the firm failed as a matter of law. *Id*. at 36-38, 41. Plaintiff cherry-picks the portion of *Crisler* that best fits his theory and ignores the portions that undermine it.

Third, *Crisler* is remote and unrelated. It involved different parties, different facts, different claims, and no connection to the Farmer probate proceedings or to Judge Hunsinger. The Court disclosed that, other than *Crisler*, it does not recall Mr. Allen appearing before it in twenty years. Doc. 59. A reasonable, fully informed observer would not infer bias in this case from a remote, unrelated case selected for a public questionnaire because of its unusual legal issues.

**V.**     **Plaintiff's disagreement with the May 14, 2026 Order is not evidence of bias.**

Plaintiff also points to the language and result of the May 14 Order, including the Court's characterization of Plaintiff's allegations as unserious and its conclusion that Plaintiff bore responsibility for his predicament. Doc. 58 at 3. Those arguments are not grounds for recusal. As mentioned above, *Liteky v. United States* holds that judicial rulings and opinions formed during judicial proceedings almost never support disqualification unless they display deep-seated favoritism or antagonism that would make fair judgment impossible. 510 U.S. at 555. The Eleventh Circuit applies the same rule. Specifically, in *Bolin v. Story*, the Eleventh Circuit reaffirmed that § 455(a) asks whether an objective, disinterested lay observer, fully informed of the facts, would entertain significant doubt about the judge's impartiality, and that alleged bias must be personal rather than judicial in nature. 225 F.3d 1234, 1239 (11th Cir. 2000). The court further held that, absent pervasive bias, a judge's rulings in the same or a related case are not a sufficient basis for recusal. *Id*. Applying that standard, the Eleventh Circuit affirmed the denial of recusal even though the plaintiffs alleged that the district judge had sat by designation on the Eleventh Circuit, had a long-term working relationship with many judicial defendants, and had overseen a grand jury investigation involving one plaintiff. *Id*. The court held those allegations insufficient to cause an objective, disinterested lay observer to entertain significant doubt about impartiality. *Id*.

The May 14 Order resolved the motions based on legal doctrines: Rule 15 futility, Rule 12(b)(6), absolute judicial immunity, probate court jurisdiction, state action, conspiracy, and supplemental jurisdiction. Doc. 54. Plaintiff may challenge those rulings through Rule 59(e) and appeal. But adverse rulings, even strongly worded ones, do not become evidence of partiality merely because the losing party later identifies an attenuated association involving a non-party lawyer.

**VI.    <u>Vacatur and reassignment are unwarranted.</u>**

Because recusal is not required, Plaintiff's requests for vacatur and reassignment necessarily fail. Even if the Court reached vacatur, the factors identified in *Liljeberg v. Health Services Acquisition Corp.* weigh against that extraordinary relief. 486 U.S. 847 (1988). *Liljeberg* considers the risk of injustice to the parties, the risk that denial of relief will produce injustice in other cases, and the risk of undermining public confidence in the judicial process. *Id.* at 864.

Those factors do not support vacatur. Plaintiff faces no injustice from leaving the May 14 Order intact because the Order rests on legal grounds that can be reviewed through ordinary post-judgment and appellate procedures. Defendants would suffer injustice if a dismissal order were vacated based on speculation rather than an objectively reasonable appearance of partiality. Public confidence is served, not undermined, by the Court's disclosure and by rejecting recusal theories grounded in attenuated associations rather than concrete facts. Therefore, denial of the motion is appropriate.

**VII.    <u>No further disclosure or discovery is warranted.</u>**

Plaintiff requested disclosure in the alternative. The Court has now provided it. Doc. 59. Section 455(e) permits waiver of a § 455(a) ground after full disclosure; it does not create a right to discovery into a judge's alumni, fraternal, or professional contacts absent facts establishing a reasonable question about impartiality. The Court's response identifies the nature and limits of the Court's knowledge and contacts with Mr. Allen, Mr. Epps, and their firm. Plaintiff's desire to search for more does not justify prolonging the recusal issue. The Court provided a full reasonable disclosure with supporting documentation which forecloses any claims for recusal or vacatur. Therefore, the motion should be denied.

## **CONCLUSION**

For the foregoing reasons, Defendant Hon. Mike Hunsinger respectfully requests that the Court deny Plaintiff's Motion to Recuse (Doc. 58), deny Plaintiff's request for vacatur of the May 14, 2026 Order and judgment, deny Plaintiff's request for reassignment, deny any request for further disclosure or discovery, and grant such other relief as the Court deems just and proper.

Respectfully submitted this 30th day of June, 2026.

*/s/ Casey C. Crumbley*
Casey C. Crumbley
Georgia Bar No. 741428
Attorney for Defendant Judge
Mike Hunsinger

Constangy, Brooks, Smith & Prophete, LLP
Highridge Centre
3920 Arkwright Road, Suite 375
Macon, GA 31210
706-510-7025
ccrumbley@constangy.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the

CM/ECF system, which will automatically send notice of such filing to all counsel of record who

are registered CM/ECF users.

This 30th day of June, 2026.

*/s/ Casey C. Crumbley*
Casey C. Crumbley
Georgia Bar No. 741428
Attorney for Defendant Judge
Mike Hunsinger

Constangy, Brooks, Smith & Prophete, LLP
Highridge Centre
3920 Arkwright Road, Suite 375
Macon, GA 31210
706-510-7025
ccrumbley@constangy.com