| | | |
|---|---|---|
| JASON FARMER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | FILE NO. 3:25-cv-00154-TES |
| | ) | |
| MIKE HUNSINGER, in his individual | ) | |
| Capacity; KEVIN EPPS, individually; | ) | |
| JON MILLS, individually, JAMES | ) | |
| FARMER, individually; | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT JAMES FARMER'S RESPONSE TO PLAINTIFF'S MOTION TO RECUSE

COMES NOW Defendant James Farmer ("Farmer") and submits this response to Plaintiff Jason Farmer's ("Plaintiff") motion to recuse pursuant to 28 U.S.C. § 455(a), [Doc. 58]. Because Plaintiff has failed to demonstrate any bias or perception of bias on the part of the Court, his motion should be denied.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." However, "[g]enerally, those trained in the law understand that a judge, or even an advocate, is able to maintain social contacts with other members in the profession without allowing these friendships to have any impact whatsoever on his/her professional obligations." Parker v. Connors Steel

Co., 855 F.2d 1510, 1524 n.12 (11th Cir. 1988) (citing United States v. Murphy, 768 F.2d 1518 (7th Cir. 1985), cert. denied, 475 U.S. 1012, 106 S. Ct. 1188 (1986)).  The question of recusal is "a question about the objective state of the legal and lay culture."  Id. (quoting Murphy, 768 F.2d at 1537).  This is an "entirely objective" question, in which the Court considers "whether an astute observer in either culture would conclude that the relation between judge and lawyer (a) is very much out of the ordinary course, and (b) presents a potential for actual impropriety if the worst implications are realized."  Id.  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  Regions Bank v. Legal Outsource PA, 800 F. App'x 799, 800 (11th Cir. 2020) (quoting Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147 (1994)).

Plaintiff identifies three related "facts" he claims require recusal.  First, he identifies the presiding judge's membership in the Gridiron Secret Society ("GSS"), which is a fraternal organization at the University of Georgia that has had "hundreds of members" since its inception in 1908.  ([Doc. 58] at 2; [Doc. 59] at 3.)  Plaintiff does not fault the judge's membership in GSS on its own.  Instead, he goes to add his second "fact," which is that Edward Allen, Jr., a partner or former partner of one of the defendants, is also a member of the GSS.  ([Doc. 58] at 2.)  The presiding judge has disclaimed any close association with Mr. Allen, stating he believes he has only seen Mr. Allen twice in his life.  ([Doc. 59] at 3.)  Finally, Plaintiff alleges his

third "fact":  nearly fourteen years ago, during the presiding judge's tenure as a Superior Court Judge for Bibb County, he denied a motion for summary judgment in a case where Mr. Allen served as plaintiff's counsel, in which another GSS member was involved as a purported expert.  ([Doc. 57] at 3.)

Plaintiff's entire argument centers on the presiding judge's alleged relationship to Mr. Allen through a fraternal organization comprising of hundreds of alumni from prominent university in the state of Georgia.  However, this "tenuous" relationship—through which the judge has met Mr. Allen twice—"does not exceed what might be expected as background or associational activities with respect to the usual district judge." Parrish v. Bd. of Comm'rs of Alabama State Bar, 524 F.2d 98, 104 (5th Cir. 1975).  "In today's legal culture[,] friendships among judges and lawyers are common. They are more than common; they are desirable. A judge need not cut himself off from the rest of the legal community." United States v. Murphy, 768 F.2d 1518, 1537 (7th Cir. 1985).

Further, Mr. Allen is <u>not</u> a party to this case and is in no way involved in this litigation.  To require the judge to recuse himself based on a distant social relationship with an attorney who may have a relationship with a party would place too great a burden on the presiding judge and the judicial system.  "[T]he recusal statute 'must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias

or prejudice.'" <u>Moreland v. Wood</u>, No. CV 214-143, 2014 WL 5107031, at \*2 (S.D. Ga. Oct. 10, 2014) (quoting <u>Switzer v. Berry</u>, 198 F.3d 1255, 1258 (10th Cir. 2000)).

Further, the presiding judge's favorable ruling in a case brought by Mr. Allen over fourteen years ago is not a basis for recusal. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." <u>Regions Bank</u>, 800 F. App'x at 800 (quoting <u>Liteky</u>, 510 U.S. at 555). Additionally, if the judge and Mr. Allen had such a friendship that the judge would forego his professional responsibility and integrity to rule in favor of Mr. Allen despite the law and facts of any given case, one would wonder why Mr. Allen did not file more cases in front of him or why Plaintiff could not identify any such case the judge presided over from the federal bench.

In sum, Plaintiff's motion to recuse if completely meritless. Plaintiff has identified no facts from which an objective, reasonable person could infer any bias or preference on the part of the presiding judge. Defendant Farmer has the utmost confidence in the judge's impartiality and integrity. For these reasons, Farmer requests that the motion to recuse be denied.

*Signature on following page*

- 4 -

This 8th day of July, 2026.

Respectfully submitted,

**MARSH ATKINSON & BRANTLEY, LLC**

By:    */s/ Joseph Angersola*
       David M. Atkinson
       Georgia State Bar No. 026460
       Joseph J. Angersola
       Georgia State Bar No. 890572
       *Attorneys for James Farmer*

271 17th Street NW, Ste. 1600
Atlanta, GA  30363
Telephone 404-282-5050
david.atkinson@mablawfirm.com
joseph.angersola@mablawfirm.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this day, I electronically filed the foregoing **DEFENDANT JAMES FARMER'S RESPONSE TO PLAINTIFF'S MOTION TO RECUSE** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 8th day of July, 2026.

Respectfully submitted,

**MARSH ATKINSON & BRANTLEY, LLC**

By:  */s/ Joseph Angersola*
David M. Atkinson
Georgia State Bar No. 026460
Joseph J. Angersola
Georgia State Bar No. 890572
*Attorneys for James Farmer*

271 17th Street NW, Ste. 1600
Atlanta, GA  30363
Telephone 404-282-5050
david.atkinson@mablawfirm.com
joseph.angersola@mablawfirm.com