# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| JASON FARMER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | FILE NO. 3:25-cv-00154-TES |
| | ) | |
| MIKE HUNSINGER, in his individual | ) | |
| Capacity; KEVIN EPPS, individually; | ) | |
| JON MILLS, individually, JAMES | ) | |
| FARMER, individually; | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT JAMES FARMER'S RESPONSE TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

COMES NOW Defendant James Farmer ("Farmer"), and submits this response to Plaintiff Jason Farmer's ("Plaintiff") motion to alter or amend judgment. Because Plaintiff's arguments to amend the Court's May 14, 2026, order do nothing more than misstate the Court's order and attempt to reassert his already rejected arguments, this Court should deny the motion.

## I.     Introduction

Plaintiff's motion to alter or amend and to vacate the Court's May 14, 2026, order is, in substance, a motion for reconsideration of this order. The cornerstone of Plaintiff's motion is his contention that the Court impermissibly found that he consented to the protective order filed in the underlying case, which he contends is

a disputed fact. Without this cornerstone, Plaintiff's motion has no basis, as each of his arguments rely on this foundation. However, the Court did not make this finding, and the holdings of its May 14, 2026, order in no way relied on Plaintiff's purported consent to the underlying protective order. As such, Plaintiff's motion must fail.

Plaintiff's motion ignores the actual bases for the Court's rulings. First, the Court found that the protective order, rather than adjudicating ownership of disputed property as Plaintiff contends, in fact only sought to maintain the status quo and protect the disputed property, which was well within the subject matter jurisdiction of the probate court. Because the probate court also had the jurisdiction to enforce its own orders, Judge Hunsinger did not act outside his jurisdiction in the underlying proceedings and is therefore entitled to judicial immunity. Whether Plaintiff consented to the protective order has no bearing on this analysis because it is rooted in the probate court's subject matter jurisdiction, which, as a basic tenet of law, is not subject to the parties' consent. Plaintiff's motion therefore fails to show this ruling should be reconsidered.

Second, the Court found Plaintiff's conspiracy claims—the only basis for his § 1983 claims against non-state actors—failed because he did not sufficiently allege an agreement between Judge Hunsinger and the other defendants. Plaintiff at no point in his motion attempts to point to factual allegations made in any of his complaints which are sufficient to support the existence of such an agreement.

Instead, Plaintiff focuses on a footnote in the Court's order which is not central to the Court's holding. Plaintiff has therefore failed to show that this holding should be reconsidered.

Plaintiff's motion does nothing more than attempt to confuse the issues and relitigate old matters which have already been decided. A motion for reconsideration is not a proper vehicle to challenge the Court's judgment based on arguments already litigated, and Plaintiff's motion should be denied.

## II. Legal Standard

The Court's local rules caution that "Motions for Reconsideration shall not be filed as a matter of routine practice." L.R. 7.6. "In the interests of judicial efficiency and finality of decisions, 'reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" Norman v. Jefferson, No. 5:21-CV-00455-TES-TQL, 2022 WL 3573241, at *1 (M.D. Ga. Aug. 19, 2022) (quoting Goolsby v. Astrue, No. 5:07-cv-183 (CAR), 2009 WL 3781354, at *1 (M.D. Ga. Nov. 10, 2009)). Motions requesting the Court alter or amend its previous judgment are therefore only appropriate where "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." Id. (quoting Bryant v. Walker, No. 5:10-cv-84 (CAR), 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010)).

"A motion for reconsideration may not be used to relitigate old matters or reargue settled issues." Id. (citation omitted). Nor should a party utilize a motion for reconsideration "as an opportunity to show the court 'how it could have done it better.'" Id. (quoting Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003)).

## III. Argument

### A. The Court did not take notice of disputed facts and did not rely on Plaintiff's purported consent to the protective order in any of its holdings.

In deciding a motion to dismiss, the Court may ordinarily consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322, 127 S. Ct. 2499 (2007) (citing 5B Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007)). The Eleventh Circuit has likewise confirmed that "the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005) (citation omitted). "In this context, 'undisputed' means that the authenticity of the document is not challenged." Id.

The Court in this case took judicial notice of the subject protective order and the proceedings of the probate court—the proceedings that were central to Plaintiff's

claims—for the purpose of giving the procedural context for the protective order at issue, as well as the contents of the order. (See [Doc. 54] at 5-14.) Additionally, the Court's recitation of these proceedings acknowledges both that it was Plaintiff's then-attorney that consented to the protective order and that Plaintiff, through new counsel, later raised the issue of whether his previous counsel had the authority to consent to the probate court. (Id. at 7.) More importantly, though, the Court's holdings did not turn on whether Plaintiff consented to the protective order.

The Court examined the protective order "for the purpose of determining what statements the [order] contain[ed]," and not "to prove the truth of the [order's] contents." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1277 (11th Cir. 1999) (citation omitted). The Court found that the protective order did not adjudicate the ownership of the disputed property but that it only sought to protect the property until the ownership could be adjudicated. ([Doc. 54] at 20-22.) Based on that finding, the Court held the probate court had "the authority and duty to protect estate property" and, as a result, Judge Hunsinger acted within the jurisdiction of the probate court in issuing the protective order. (Id. at 22-23.) From there, because all courts have the authority to enforce their own orders, the Court found judicial immunity applied as Judge Hunsinger had jurisdiction to enter contempt against Plaintiff and "did not act in absence of all jurisdiction." (Id. at 23-24.)

The Court's decision, then, did not rely on any alleged "disputed" fact Plaintiff now attempts to argue. Accordingly, this is not a basis for the Court's judgment to be altered.

**B.** **The Court's ruling did not turn on whether it would accept Plaintiff's allegation that he did not consent to the protective order as true.**

Plaintiff's second argument is similar to his first. He again attempts to fault the Court's order by arguing it should have accepted his allegation that he did not consent to the protective order as true. The Court, however, never made any ruling which relied on Plaintiff's consent to the protective order. The Court expressly and correctly noted that "[w]hether Defendant Hunsinger correctly found Plaintiff in contempt, or procedurally did so correctly, is a matter for appeal, not a § 1983 lawsuit." ([Doc. 54] at 24.) For purposes of the Court's order, the only relevant analysis was whether Judge Hunsinger acted within the probate court's subject matter jurisdiction in entering the protective order and related contempt orders. (Id.) Plaintiff's consent is irrelevant to that analysis because a party cannot consent to subject matter jurisdiction. See Royal Indem. Co. v. Georgia Insurers Insolvency Pool, 284 Ga. App. 787, 789, 644 S.E.2d 279 (2007) ("[T]he parties cannot confer subject matter jurisdiction upon a court by consent.") (citation omitted). Because the Court did not reject the Plaintiff's allegation that he did not consent and because

it was not a fact considered by the Court, Plaintiff has failed to provide grounds for reconsideration.

**C.     No fact relied upon by the Court in determining whether judicial immunity applied can reasonably be in dispute.**

Plaintiff's third argument again turns on his assertion that he did not consent to the protective order.  This argument also fails because consent was not relevant to the Court's ruling.  The Court correctly took judicial notice of the protective order at issue and correctly concluded that the protective order did not adjudicate the ownership of the disputed property, meaning it was within the jurisdiction of the probate court.[1]  ([Doc. 54] at 22-24.)  Whether Plaintiff consented to the order was not relevant to this analysis and <u>could not</u> be relevant.  <u>See</u> <u>Royal Indem.</u>, 284 Ga. App. at 789 ("[T]he parties cannot confer subject matter jurisdiction upon a court by consent.") (citation omitted).  As such, this argument provides no basis for the Court to amend its ruling.

---

[1] Though not raised in his initial motion, Plaintiff may attempt to argue the Court should have accepted his allegations regarding the legal effect of the protective order as true.  However, any argument regarding the legal effect of the protective orders pleaded in the complaint would have been a legal conclusion, which the Court need not accept.  <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

**D.      The Court need not consider Plaintiff's attempts to relitigate the motion to dismiss.**

Plaintiff's fourth argument does nothing more than attempt to relitigate arguments already assert or which could have been asserted in response to the original motions to dismiss.  In effect, Plaintiff argues only that the Court "could have done it better," which is not a permissible argument on a motion for reconsideration.  See Norman, 2022 WL 3573241 at *1 (citing Bryan, 246 F. Supp. 2d at 1259).  Plaintiff here merely reasserts his previous arguments that the probate court lacked jurisdiction to enter the protective order because it adjudicated ownership of the disputed property—ignoring the contents of the order itself, which the Court found did not make this adjudication.

Plaintiff contends that, "[w]ithout the 'consent' finding, the Order's immunity analysis has no foundation." ([Doc. 57] at 13.)  This contention is without any legal or factual basis.  The Court did not make a finding of consent and did not base its ruling on Plaintiff's consent to the protective order.  The Court ruled that Judge Hunsinger was entitled to judicial immunity because he acted within the subject matter jurisdiction of the probate court, which was based on the judicially noticed protective order, as incorporated by reference into the Plaintiff's complaint.  (See [Doc. 54] at 20-24.)  The determination of the probate court's jurisdiction was not and could not have been based on Plaintiff's purported consent because Plaintiff

**could not consent to subject matter jurisdiction**. See <u>Royal Indem.</u>, 284 Ga. App. at 789.

The Court had all the facts before it which were necessary to determine that the probate court had proper jurisdiction to enter the protective order and contempt orders in the underlying case, and its ruling was not in error. Plaintiff has therefore failed to provide any ground for reconsideration under this argument.

### E. Plaintiff failed to allege any agreement between Judge Hunsinger and any other defendant, defeating any claim for conspiracy.

Plaintiff's arguments regarding the alleged conspiracy of the remaining defendants are nothing more than his attempt to "relitigate old matters or reargue settled issues." See <u>Norman</u>, 2022 WL 3573241 at *1 (citations omitted). With respect to the conspiracy claims, the Court found Plaintiff's fourth amended complaint failed to allege "any real facts sufficient to establish an agreement between Defendant Hunsinger and any of the other Defendants to violate Plaintiff's constitutional rights." ([Doc. 54] at 26.) Accordingly, it held that, "[a]bsent allegations of an agreement with Defendant Hunsinger, the remaining Defendants cannot be state actors for § 1983 purposes," and his purported amendments were futile. (<u>Id.</u>) The Court further found his original complaint "fail[ed] to make any non-conclusory allegations about communications or any agreement between Defendants Hunsinger, Mills, and James [Farmer] to violate Plaintiff's constitutional

rights," and held that, absent such an agreement, "defendants cannot properly be considered state actors for purposes of § 1983." (Id. at 27-28.)

Plaintiff, in arguing this ruling was in error, does not point to any factual allegation made in his original complaint or any subsequent amendment to support the existence of a conspiracy between defendants. Rather, Plaintiff takes issue with a footnote by the Court explaining why the holding of Dennis v. Sparks, 449 U.S. 24 (1980), is distinguishable from this case. This argument misses the point of the Court's ruling. The Court did not dismiss the conspiracy claims based on its reading of Dennis but rather on its reading of Plaintiff's allegations. Because Plaintiff did not allege any facts from which an agreement between Judge Hunsinger and the other defendants could be ascertained, Plaintiff's claims failed to state a claim. (See [Doc. 54] at 26-28.) Nothing in Dennis alters the pleading requirements Plaintiff is required to meet under Twombly and Iqbal. Accordingly, Plaintiff has provided the Court with no grounds to alter its previous ruling.

F.      **Plaintiff provides no errors in the Court's futility or dismissal holdings.**

Plaintiff's final argument contends: "Because the futility ruling and the dismissal both rest on the judicially noticed 'consent' and the displacement of Plaintiff's well-pleaded allegations, both must be revisited once the correct standards are applied." ([Doc. 57] at 14-15.) Again, Plaintiff premises this argument on the incorrect assertion that the Court's ruling was predicated on a finding that he

- 10 -

consented to the subject protective order.  However, as already established, this was never a fact relied upon by the Court in its analysis of Judge Hunsinger's judicial immunity or the alleged conspiracy.  As such, Plaintiff has wholly failed to support his motion with any proper ground on which the Court could amend its previous judgment.

This 8th day of July, 2026.

Respectfully submitted,

**MARSH ATKINSON & BRANTLEY, LLC**

By:  */s/ Joseph Angersola*
David M. Atkinson
Georgia State Bar No. 026460
Joseph J. Angersola
Georgia State Bar No. 890572
*Attorneys for James Farmer*

271 17th Street NW, Ste. 1600
Atlanta, GA  30363
Telephone 404-282-5050
david.atkinson@mablawfirm.com
joseph.angersola@mablawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing **DEFENDANT JAMES FARMER'S RESPONSE TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 8th day of July, 2026.

Respectfully submitted,

**MARSH ATKINSON & BRANTLEY, LLC**

By: _/s/ Joseph Angersola_
David M. Atkinson
Georgia State Bar No. 026460
Joseph J. Angersola
Georgia State Bar No. 890572
_Attorneys for James Farmer_

271 17th Street NW, Ste. 1600
Atlanta, GA  30363
Telephone 404-282-5050
david.atkinson@mablawfirm.com
joseph.angersola@mablawfirm.com