| | |
|---|---|
| JASON FARMER,<br><br>      **Plaintiff,**<br><br>v.<br><br>MIKE HUNSINGER, KEVIN EPPS,<br>JON MILLS, and JAMES<br>FARMER,<br><br>      **Defendants.** | Case No. 3:25-CV-00154-TES |

## DEFENDANT KEVIN EPPS' RESPONSE TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

COMES NOW Defendant Kevin Epps ("Epps") and files this Response to Plaintiff Jason Farmer's Motion to Alter or Amend Judgment [Doc. 57].

## I.   Introduction

Plaintiff's motion to alter or amend and to vacate the Court's May 14, 2026 order [Doc. 56] is truly a motion for reconsideration of this order. Plaintiff's motion mischaracterizes the actual bases for the Court's rulings. In actuality, the Court found that the protective order, rather than adjudicating ownership of disputed property as Plaintiff contends, in fact only sought to maintain the status quo and protect the disputed property, which was well within the subject matter jurisdiction of the probate court. Because the probate court also had the jurisdiction to enforce its own orders, Judge Hunsinger did not act outside his jurisdiction in the underlying

proceedings and is therefore entitled to judicial immunity. As such, Plaintiff's motion therefore fails to show this ruling should be reconsidered. The Court found Plaintiff's conspiracy claims failed because he did not allege facts that demonstrate a conspiracy. Tellingly, Plaintiff does not attempt to argue that he did allege sufficient facts.

## II.  Legal Standard

"Motions for Reconsideration shall not be filed as a matter of routine practice." L.R. 7.6. "In the interests of judicial efficiency and finality of decisions, 'reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" Norman v. Jefferson, No. 5:21-CV-00455-TES-TQL, 2022 WL 3573241, at *1 (M.D. Ga. Aug. 19, 2022) (quoting Goolsby v. Astrue, No. 5:07-cv-183 (CAR), 2009 WL 3781354, at *1 (M.D. Ga. Nov. 10, 2009)). Motions requesting the Court alter or amend its previous judgment are therefore only appropriate where "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." Id. (quoting Bryant v. Walker, No. 5:10-cv-84 (CAR), 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010)).  None of these factors are in play in this case.

## III. Argument

In deciding a motion to dismiss, the Court may ordinarily consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." <u>Tellabs, Inc. v. Makor Issues & Rts., Ltd.</u>, 551 U.S. 308, 322, 127 S. Ct. 2499 (2007) (citing 5B Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007)). The court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. <u>Day v. Taylor</u>, 400 F.3d 1272, 1276 (11th Cir. 2005) (citation omitted). "In this context, 'undisputed' means that the authenticity of the document is not challenged." <u>Id</u>.

The Court in this case took judicial notice of the protective order and the proceedings in the probate court which are central to the Plaintiff's claims (<u>See</u> [Doc. 54] at 5-14.) Additionally, the Court noted that it was Plaintiff's then-attorney that consented to the protective order and that Plaintiff, through new counsel, later raised the issue of whether his previous counsel had the authority to consent to the probate court. (<u>Id</u>. at 7.) However, the Court's holdings do not change based on whether Plaintiff consented to the protective order.

The Court examined the protective order "for the purpose of determining what statements the [order] contain[ed]," and not "to prove the truth of the [order's] contents." <u>Bryant v. Avado Brands, Inc.</u>, 187 F.3d 1271, 1277 (11th Cir. 1999)

(citation omitted). The Court found that the protective order maintained the status quo. ([Doc. 54] at 20-22.) Based on that finding, the Court held the probate court had "the authority and duty to protect estate property" and, as a result, Judge Hunsinger acted within the jurisdiction of the probate court in issuing the protective order. (Id. at 22-23.) From there, because all courts have the authority to enforce their own orders, the Court found judicial immunity applied as Judge Hunsinger. (Id. at 23-24.)

Plaintiff's second argument is similar to his first. The Court, however, never made any ruling which relied on Plaintiff's consent to the protective order. The Court expressly and correctly noted that "[w]hether Defendant Hunsinger correctly found Plaintiff in contempt, or procedurally did so correctly, is a matter for appeal, not a § 1983 lawsuit." ([Doc. 54] at 24.)  This is the key to understanding why Plaintiff's § 1983.  Plaintiff voluntarily dismissed his appeal of the matter.

Plaintiff's motion does nothing more than attempt to relitigate arguments already asserted or which could have been asserted in response to the original motions to dismiss.  Plaintiff's arguments regarding the alleged conspiracy of the remaining defendants are nothing more than his attempt to "relitigate old matters or reargue settled issues." See Norman, 2022 WL 3573241 at *1 (citations omitted). With respect to the conspiracy claims, the Court found Plaintiff's fourth amended complaint failed to allege "any real facts sufficient to establish an agreement

between Defendant Hunsinger and any of the other Defendants to violate Plaintiff's constitutional rights." ([Doc. 54] at 26.) Accordingly, it held that, "[a]bsent allegations of an agreement with Defendant Hunsinger, the remaining Defendants cannot be state actors for § 1983 purposes," and his purported amendments were futile. (Id.) The Court further found his original complaint "fail[ed] to make any non-conclusory allegations about communications or any agreement between Defendants Hunsinger, Mills, and James [Farmer] to violate Plaintiff's constitutional rights," and held that, absent such an agreement, "defendants cannot properly be considered state actors for purposes of § 1983." (Id. at 27-28.) Plaintiff failed to allege any facts from which an agreement between Judge Hunsinger and the other defendants could be ascertained. Thus, Plaintiff's claims failed. (See [Doc. 54] at 26-28.)

Not only is Plaintiff's motion procedurally improper, but it is also a complete mischaracterization of the Court's order and should be denied.

This 8th day of July, 2026.

/s/ *Lee M. Gillis, Jr.*
LEE M. GILLIS, JR.
Georgia Bar No. 217515
*Attorney for Defendant*
*Kevin Epps*

HALL, BLOCH, GARLAND & MEYER, LLP
577 Mulberry Street, Suite 1500
P. O. Box 5088
Macon, GA 31201-5088
(478) 745-1625 Telephone
(478) 741-8822 Facsimile
LeeGillis@hbgm.com

# CERTIFICATE OF SERVICE

This is to certify that I have this date filed the foregoing ***Defendant Kevin Epps' Response to Plaintiff's Motion to Alter or Amend Judgment*** has been electronically transmitted to the Clerk's Office using the CM/ECF System which will automatically send notification of such filing to all counsel of record.

Respectfully submitted, this 8th day of July, 2026.

/s/ *Lee M. Gillis, Jr.*
LEE M. GILLIS, JR.
Georgia Bar No. 217515
*Attorney for Defendant*
*Kevin Epps*

HALL, BLOCH, GARLAND & MEYER, LLP
577 Mulberry Street, Suite 1500
P. O. Box 5088
Macon, GA 31201-5088
(478) 745-1625 Telephone
(478) 741-8822 Facsimile
LeeGillis@hbgm.com