# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| JASON FARMER,<br><br>**Plaintiff,**<br><br>v.<br><br>MIKE HUNSINGER, KEVIN EPPS,<br>JON MILLS, and JAMES<br>FARMER,<br><br>**Defendants.** | Case No. 3:25-CV-00154-TES |

## DEFENDANT KEVIN EPPS' RESPONSE TO PLAINTIFF'S MOTION TO RECUSE

COMES NOW Defendant Kevin Epps ("Epps") and files this Response to Plaintiff Jason Farmer's Motion to Recuse pursuant to 28 U.S.C. § 455(a) [Doc.58]. Plaintiff has failed to demonstrate any bias or perception of bias on the part of the Court, and his motion should be denied.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." However, "[g]enerally, those trained in the law understand that a judge, or even an advocate, is able to maintain social contacts with other members in the profession without allowing these friendships to have any impact whatsoever on his/her professional obligations." Parker v. Connors Steel Co., 855 F.2d 1510, 1524 n.12 (11th Cir. 1988) (citing United States v. Murphy, 768 F.2d

1518 (7th Cir. 1985), cert. denied, 475 U.S. 1012, 106 S. Ct. 1188 (1986)). The question of recusal is "a question about the objective state of the legal and lay culture." Id. (quoting Murphy, 768 F.2d at 1537). This is an "entirely objective" question, in which the Court considers "whether an astute observer in either culture would conclude that the relation between judge and lawyer (a) is very much out of the ordinary course, and (b) presents a potential for actual impropriety if the worst implications are realized." Id. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Regions Bank v. Legal Outsource PA, 800 F. App'x 799, 800 (11th Cir. 2020) (quoting Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147 (1994)).

The Court's clarification and disclosure after Plaintiff's motion, clearly demonstrates that there is no merit to the motion to recuse. Much like the alleged conspiracy in this case that fails because no plausible set of facts as been alleged to support its contentions, so does the instant motion.

This 8th day of July, 2026.

/s/ *Lee M. Gillis, Jr.*
LEE M. GILLIS, JR.
Georgia Bar No. 217515
*Attorney for Defendant*
*Kevin Epps*

HALL, BLOCH, GARLAND & MEYER, LLP
577 Mulberry Street, Suite 1500
P. O. Box 5088
Macon, GA 31201-5088
(478) 745-1625 Telephone
(478) 741-8822 Facsimile
LeeGillis@hbgm.com

## CERTIFICATE OF SERVICE

This is to certify that I have this date filed the foregoing ***Defendant Kevin Epps' Response to Plaintiff's Motion to Recuse*** has been electronically transmitted to the Clerk's Office using the CM/ECF System which will automatically send notification of such filing to all counsel of record.

    Respectfully submitted, this 8th day of July, 2026.

/s/ *Lee M. Gillis, Jr.*
LEE M. GILLIS, JR.
Georgia Bar No. 217515
*Attorney for Defendant*
*Kevin Epps*

HALL, BLOCH, GARLAND & MEYER, LLP
577 Mulberry Street, Suite 1500
P. O. Box 5088
Macon, GA 31201-5088
(478) 745-1625 Telephone
(478) 741-8822 Facsimile
LeeGillis@hbgm.com