IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JASON FARMER,<br><br>*Plaintiff,*<br><br>v.<br><br>MIKE HUNSINGER, *et al.,*<br><br>*Defendants.* | CIVIL ACTION NO.<br>**3:25-cv-00154-TES** |

**ORDER DENYING PLAINTIFF'S MOTION TO RECUSE**

After the Court dismissed his claims, Plaintiff moved to recuse the undersigned under 28 U.S.C. § 455(a). [Doc. 58]. He argued, in short, that any reasonable person would look at the Court's "decades-long secret-society bond" with Defendant Kevin Epps's law partner, Ed Allen, and determine that his impartiality might be questioned so that disqualification is required. [*Id.* at p. 9]. The Court held a hearing on this motion as well as Plaintiff's Motion to Alter Judgment [Doc. 57] and Defendant Mills's Motion for Attorney's Fees [Doc. 56] on July 23, 2026. Following that hearing, the Court now issues this written order. For the following reasons, 28 U.S.C. § 455 does not require the Court to recuse, so the Court **DENIES** Plaintiff's Motion. [Doc. 58].

To recuse an assigned federal judge from a case, a party must look to either 28 U.S.C. § 144 or 28 U.S.C. § 455. Only section 455 applies here. Under § 455(a), a judge shall recuse himself in any proceeding in which his impartiality might reasonably be

questioned. *United States v. Gelin*, No. 21-11091, 2022 WL 10220112, at *2 (11th Cir. Oct. 18, 2022). Specifically, section 455(a) provides: "(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

To begin, § 455(a) sets a high bar for disqualification. *Phillips v. Joint Legis. Comm.*, 637 F.2d 1014, 1019 n.6 (5th Cir. 1981).[1] The test under § 455 is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Gelin*, 2022 WL 10220112, at *2 (citing *United States v. Kelly*, 888 F.2d 732, 744–75 (11th Cir. 1989)); *see also Middlebrooks v. Macon-Bibb Cnty.*, No. 5:23-cv-00083-TES, 2024 WL 555884, at *8 (M.D. Ga. Feb. 12, 2024) (citing *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002)) (per curiam). "The reasonable person is presumed to possess knowledge of all the circumstances" under § 455. *Huff v. Standard Life Ins. Co.*, 683 F.2d 1363, 1369 (11th Cir. 1982).

"The allegation of bias must show that 'the bias is personal as distinguished from judicial in nature.'" *Gelin*, 2022 WL 10220112, at *2 (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). Generally, the "bias sufficient to disqualify a judge must stem

---

[1] The decisions handed down prior to the close of business on September 30, 1981, by the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth') "shall be binding as precedent in the Eleventh Circuit" for the court of appeals, the district courts, and the bankruptcy courts. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

from extrajudicial sources . . . ." *Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002) (quoting *Hamm v. Bd. of Regents*, 708 F.2d 647, 651 (11th Cir. 1983)). In other words, judicial rulings, "cannot serve as the basis for recusal or cast doubts on impartiality unless [the moving party] establishes pervasive bias and prejudice." *Jones v. Commonwealth Land Title Ins. Co.*, 459 F. App'x 808, 811 (11th Cir. 2012) (citing *United States v. Archbold-Newball*, 554 F.2d 665, 682 (5th Cir. 1977)). And, of course, "[m]ere 'friction between the court and counsel,' however, is not enough to demonstrate 'pervasive bias.'" *Id.* Adverse rulings do not constitute pervasive bias. *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion.").

Not only must an allegation of bias or prejudice be perceived by a reasonable person as "personal" to a moving party, but that party must also allege "a favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate,* either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because it is excessive in degree." *Liteky v. United States*, 510 U.S. 540, 550 (1994). "'Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions.'" *Id.* at 551 (quoting *In re J.P. Linahan, Inc.*, 138 F.2d 650, 654 (2d Cir. 1943)).

To meet this standard, Plaintiff points to two documents that, in his view, meet the high bar required for recusal: the undersigned's sworn Questionnaire for Judicial Nominees compiled for his confirmation hearing before the United States Senate Judiciary Committee and a 2016 letter addressed to some members of the Gridiron Secret Society. [Doc. 58, p. 1]. During the July 23, 2026, hearing, Plaintiff stated that neither of these two documents on their own meet the lofty standard for recusal, but he asserted that taken together as a "mosaic," they suffice. Here is Plaintiff's argument.

The author of a 2016 letter identified the undersigned and Mr. Allen as members of the Gridiron Secret Society. [Doc. 58-2, p. 2]. Mr. Allen also served as the attorney for the plaintiffs in a superior court case that the undersigned presided over more than 14 years ago. *Crisler v. Farr,* Civil Action No. 10-cv-17 (Ga. Super. Ct. Jan. 12, 2012); [Doc. 58, p. 3]. The Court listed the *Crisler* case as one of ten significant cases in his Senate Judicial Questionnaire. [Doc. 58, p. 3]. According to Plaintiff, the Court ruled "substantially in favor of [Ed Allen's] clients . . ." in *Crisler*. [*Id.*]. In this case, the Court dismissed all of Plaintiff's claims, including those against Defendant Epps. Plaintiff argues, then, that "a reasonable, fully informed lay observer . . . would entertain significant doubt about the impartiality of [the Court's previous order]" because of, what Plaintiff calls, "[a]n undisclosed, decades-long secret society bond between the presiding judge and the defendant's law partner . . . ." [*Id.* at pp. 3–4, 9].  In the alternative, Plaintiff asked the Court to disclose information about Mr. Allen, Defendant

Epps and their law firm. [*Id.* at p. 14].

The Court obliged Plaintiff and filed what it titled a Response to Plaintiff's Request for Information. [Doc. 59]. Rather than rehashing the Court's detailed disclosures, the Court offers this brief summary. The undersigned has met Mr. Allen but does not have an ongoing professional relationship with him or his firm and does not communicate with him. [*Id.* at pp. 3–5]. The Court does not know Defendant Epps and did not know that he and Mr. Allen were or had been law partners. [*Id.*]. As for the *Crisler* case, the Court attached a copy of its order showing that the Court ruled for Mr. Allen on a single issue and ruled against him on all others—although the Court's ruling certainly allowed Mr. Allen to proceed to trial. [*Id.*]. And, the Court disclosed that Mr. Allen had unsuccessfully mediated a domestic dispute involving the undersigned about 12 years earlier.

After receiving the Court's disclosures and the other parties' responses to the motion, Plaintiff offered nothing new and nonetheless insisted that an appearance of bias still existed that mandated recusal. As far as the record shows, Plaintiff made no attempts to speak with Mr. Allen to either verify or disprove the Court's disclosures.

Plaintiff's arguments regarding bias and recusal are not only speculative and stretching, but they are undermined by the fact he only raised them after the Court dismissed his case. No "objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought" would reasonably "entertain a

significant doubt about the [undersigned's] impartiality." *Canals*, 2006 WL 1594227, at

*1 (quoting *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003)). He has alleged a

relationship between the undersigned and an attorney, the extent of which the Court

expressly denied and directly contradicted.

Therefore, the Court finds—especially considering its disclosures—that Plaintiff

has not met § 455's high bar. Accordingly, the Court **DENIES** Plaintiff's Motion for

Recusal. [Doc. 58].

**SO ORDERED**, this 28th day of July, 2026.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**