**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| **JASON FARMER,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**Hon. MIKE HUNSINGER,** ***et al.*****,**<br><br>***Defendants.*** | **CIVIL ACTION NO.**<br>**3:25-cv-00154-TES** |

**ORDER DENYING DEFENDANT JAMES FARMER'S MOTION FOR ATTORNEY'S FEES AND DEFENDANT KEVIN EPPS' MOTION FOR SANCTIONS**

Before the Court are two motions for fees under 28 U.S.C. § 1927 and the Court's inherent authority by Defendants James Farmer and Kevin Epps. [Doc. 76]; [Doc. 77]. Both Defendants seek fees against John Baker, who represents Plaintiff Jason Farmer, for the time they spent responding to Plaintiff's post-judgment motions. For the following reasons, the Court **DENIES** both motions. [Doc. 76]; [Doc. 77].

**A. <u>Background</u>**[1]

After years of litigation in Georgia's courts, Plaintiff filed a complaint in this Court on October 1, 2025. [Doc. 1]. Following attempted amendments and a hearing, the Court granted Defendants' motions to dismiss and entered judgment against Plaintiff. [Doc. 54]; [Doc. 55]. Defendant Mills then timely filed a motion for attorney's fees

[1] See the Court's previous orders for a full factual background. [Doc. 54]; [Doc. 75].

pursuant to 42 U.S.C. § 1988. [Doc. 56]. Two weeks later, Plaintiff filed both a motion for recusal and a motion for the court to alter its judgment. [Doc. 57]; [Doc. 58]. The Court filed a disclosure in response to Plaintiff's motion for recusal and held a hearing on all three motions. [Doc. 59]; [Doc. 71]. Naturally, the parties fully briefed the pending motions—relevant here, both of Plaintiff's motions—in preparation for the hearing. [Doc. 64]; [Doc. 65]; [Doc. 66]; [Doc. 67]; [Doc. 68]; [Doc. 69]; [Doc. 70]. After the hearing, the Court granted Defendant Mills' motion for attorney's fees and denied both of Plaintiffs' motions. [Doc. 75].

Now, Defendants James Farmer and Kevin Epps seek attorney's fees under § 1927 and the Court's inherent authority from Plaintiff's attorney for the post-judgment motions and hearing. [Doc. 76]; [Doc. 77]; [Doc. 86, p. 5]. The Court, in compliance with the Eleventh Circuit's guidance, held a hearing on the motions on October 13, 2026. [Doc. 92]; *see also Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1242 (11th Cir. 2007) ("Plainly, an attorney threatened with sanctions under § 1927 is entitled to a hearing.").

### B. **Discussion**[2]

To start, the Court asked Defendants during the hearing why § 1927 and the Court's inherent authority were the correct vehicles to bring sanctions here instead of Federal Rule of Civil Procedure 11. Defendants responded, essentially, that the July 23, 2026, hearing fully revealed the alleged frivolity of Plaintiff's previous motions. Therefore, without the July 23 hearing, the record was not sufficiently developed for sanctions. Furthermore, Defendant Farmer stated that they were simply trying to respond to Plaintiff's motions prior to the July 23 hearing and only were able to consider sanctions afterward.

---

[2] Defendant Epps touched on timeliness, so the Court also briefly addresses it here. [Doc. 77, p. 2]. Rule 54's 14-day deadline expressly doesn't apply to motions under § 1927. Fed. R. Civ. P. 54(d)(2)(E). With that said, "a motion for sanctions 'should be served promptly after the inappropriate paper is filed.'" *Hyde v. Irish*, 962 F.3d 1306, 1311 (11th Cir. 2020) (quoting *Peer v. Lewis*, 606 F.3d 1306, 1312 (11th Cir. 2010)). In determining the promptness of filing, courts have used a "reasonable time" requirement. *Hill v. Clark*, No. 2:10-CV-00260-WCO, 2012 WL 13018385, at *6 (N.D. Ga. Aug. 16, 2012). "The precise bounds of this 'reasonable time' standard have not been delineated." *Id.* at 7. A motion under § 1927 may be brought after final judgment, but also "should not be unnecessarily or unreasonably delayed." *Id.* (quoting *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1223 (10th Cir. 2006)). For example, it is not reasonable for a party to ignore sanctionable conduct, litigate the case, and then file a § 1927 motion after the case has been dismissed. *Id.* So, the Court must determine when Defendants learned of the alleged sanctionable conduct and then look at what transpired between that date and the date they filed their motions. *Id.* Here, Defendants only seek sanctions for Plaintiff's post judgment motions. *See* [Doc. 76, p. 3]; [Doc. 77, p. 1]. Therefore, they learned of the allegedly sanctionable conduct on June 10, 2026, when Plaintiff filed the motions. [Doc. 57]; [Doc. 58]. Instead of filing their § 1927 motions then, Defendants waited two months. *See Hyde*, 962 F.3d at 1311 (quoting *Peer*, 606 F.3d at 1312); [Doc. 76]; [Doc. 77]. During that two-month period, Defendants responded to Plaintiff's motions and then the Court ruled in Defendants' favor. [Doc. 75]. Only after the Court ruled did Defendants file their § 1927 motions. Under current precedent, the Court finds the delay a close call but reasonable. *See Hyde*, 962 F.3d at 1311 (stating that movant "should have raised his [§ 1927] concern when the [allegedly sanctionable document] was first filed (*or at least closer in time to that point*).") (emphasis added). Therefore, the motions are timely.

While the Court understands the parties' arguments, it still thinks that Rule 11 was the better vehicle in this case, not § 1927 and the Court's inherent authority. After all, Defendants expressly limited their sanctions requests to the time and effort related to responding to Plaintiff's prior motions and seek fees from Plaintiff's attorney himself. *See Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001) (noting that Rule 11 "is aimed primarily at pleadings" and addresses the conduct of both parties and attorneys, while § 1927 addresses "dilatory tactics throughout the entire litigation" and is focused solely on attorney conduct), *abrogated on other grounds as recognized by Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 n.10 (11th Cir. 2018). Had Defendants filed Rule 11 motions immediately after Plaintiff filed his previous motions, Plaintiff would have had a chance to withdraw them and saved all parties and the Court the time and effort of responding. Nevertheless, Defendants brought their motions under § 1927 and inherent authority, so the Court addresses them under that standard.

Section 1927 "is not a 'catch-all' provision for sanctioning objectionable conduct by counsel." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). Instead, it provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. In short, it allows for personal liability for an attorney's unreasonable ***and*** vexatious conduct. *Id.*

Under § 1927, "something more than a lack of merit is required." *Schwartz*, 341 F.3d at 1225. The three requirements for sanctions under § 1927 are: (1) "an attorney must engage in unreasonable *and* vexatious conduct;" (2) "this conduct must multiply the proceedings;" (3) "and the amount of the sanction cannot exceed costs occasioned by the objectionable conduct." *Id.* The Court begins, therefore, with the first requirement.

"An attorney unreasonably and vexatiously multiplies the proceedings when he 'willfully abuses the judicial process by conduct tantamount to bad faith.'" *Silva v. Pro Transp., Inc.*, 898 F.3d 1335, 1340 (11th Cir. 2018) (quoting *Schwartz*, 341 F.3d at 1225) (alterations accepted). The party moving for sanctions must show *objective* bad faith. *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020). And, the objective standard is high. The moving party must "show that the other side engaged in behavior that 'grossly deviates from reasonable conduct.'" *Id.* at 1310 (quoting *Amlong*, 500 F.3d at 1240–42). Merely negligent conduct is insufficient. *Id.* at 1311. Finally, under the plain language of § 1927, courts "may," but are not required to, issue sanctions if a movant meets the statute's high bar.

To show the requisite bad faith, Defendant Farmer points to much of the Court's language from its orders denying Plaintiff's recusal motion and motion to alter

judgment.[3] [Doc. 76, pp. 2–3]. However, as Defendant Epps and Plaintiff both acknowledge, that language, although strong, referred to the Court's findings "under § 1988 . . . ." and did not refer to any finding as to Mr. Baker's conduct or motives in bringing the suit.[4] [Doc. 77, p. 13]; [Doc. 83, p. 6]. Furthermore, Defendants both explicitly limit their sanctions motions to Plaintiff's post-judgment motions. [Doc. 76, p. 3]; [Doc. 77, p. 1]. It goes without saying, then, that any sanctions must necessarily focus on Mr. Baker's post-judgment conduct, not his conduct beforehand or in any related state cases.

To that end, Defendant Farmer argues that neither of Plaintiff's post-judgment motions had any merit and Plaintiff's counsel's zeal crossed the line into bad faith. [Doc. 76, p. 6]. Defendant Epps, on the other hand, argues that Plaintiff's counsel acted in bad faith when he "fil[ed] post-judgment motions that misdescribe[d] the order under attack, omit[ted] the opposing party's judicial-notice request, and mischaracterize[d] a state-court record in support of an accusation against the presiding judge[.]" [Doc. 77, p. 13]

At the end of the day, however, Defendants' allegations do not meet the high bar required for sanctions under § 1927. First, lack of merit is an insufficient reason to

[3] Plaintiff also quotes the Court in making his arguments against sanctions. *See, e.g.*, [Doc. 83, p. 3]. As the Court stated in the October 13, 2026, hearing, the Court disagrees with how broadly Plaintiff construes its statements, especially since Plaintiff's quotes lack any context.

[4] The Court addresses its language in previous orders in more detail below.

warrant sanctions. *Schwartz*, 341 F.3d at 1225. Second, assuming Defendant Epps' allegations as accurate, Mr. Baker's conduct in bringing those two motions, even if unreasonable, does not warrant sanctions under governing precedent. *See Amlong*, 500 F.3d at 1242 ("an attorney's conduct will not warrant sanctions if it simply fails to meet the standard of conduct expected from a reasonable attorney."). Again, it isn't enough to show that Mr. Baker's conduct in bringing the motions was unreasonable; rather, the moving parties must show that he "grossly deviated" from the actions of a reasonable attorney, which is required for sanctions under § 1927. *Hyde*, 962 F.3d at 1310–11 (quoting *Amlong*, 500 F.3d at 1240–42).

Third, the Court exercises its discretion to find that the post-judgment motions were not so frivolous to constitute bad faith. "[A]n attorney acts in bad faith when [he] 'knowingly or recklessly pursues a frivolous claim.'" *Silva*, 898 F.3d at 1340 (quoting *Schwartz*, 341 F.3d at 1225). To be sure, the Court found that Plaintiff's arguments within the recusal motion were "not only speculative and stretching, but they [were] undermined by the fact [Plaintiff] only raised them after the Court dismissed his case." [Doc. 73, p. 5]. But, the Court must adhere to binding precedent that requires objective bad faith and "speculative and stretching" arguments aren't enough in this particular case. As the Court mentioned above, filing such a speculative and thin recusal motion may not have been reasonable or well-grounded and certainly could be characterized as

a sore-loser filing, but the Court doesn't find that it "grossly" deviated from what a reasonable attorney may have filed.[5]

Plaintiff's motion to alter judgment did not constitute objective bad faith, either. Defendants quote the Court's order denying Plaintiff's motion as grounds for a frivolity finding. [Doc. 76, p. 6]; [Doc. 86, pp. 5–6]. To be sure, the Court previously made a frivolity finding in this case.[6] *See* [Doc. 75, p. 11 ("Plaintiff's position is the epitome of a frivolous and groundless argument.")]. However, the Court's finding was (1) regarding Plaintiff's claims under a § 1988 attorney's fees standard, and (2) limited to Plaintiff's argument that he did not have to follow the Protective Order because he decided it was void, and Defendant Hunsinger knew the order was void because Plaintiff told him it was. [*Id.* at pp. 10–11]. The Court said this argument "would not only undermine centuries of precedent, but . . . also inject pure, unadulterated chaos into the legal system." [*Id.* at p. 11].

---

[5] Section 1927 sanctions are not just about pleadings, but conduct. Defendant Epps argued that filing a motion to recuse has become "Plaintiff's *modus operandi* when a judge rules against him." [Doc. 86, p. 8]. However, the record doesn't support this allegation. Indeed, the Court's recollection of the considered probate court records is that a different party with a different attorney filed a motion to recuse Judge Hunsinger. Neither the movants nor the Court found any case where any party that moved for recusal after losing the case received sanctions under §1927. And, Mr. Baker isn't the first lawyer to try to find a different judge after losing a case.

[6] The Court made two frivolity findings. The Court found generally that Plaintiff's complaint was frivolous. [Doc. 75, p. 19]. Defendants cite to the Court's more specific frivolity finding in arguing this motion, discussed below.

Relevant to these § 1927 motions, Plaintiff did not raise this same frivolous argument in his motion to alter judgment or his response brief to the present motions. *See* [Doc. 57]; [Doc. 83]. The closest he came was his argument about a probate court's jurisdiction generally, which was part of his argument regarding consent.[7] [Doc. 57, pp. 12–13]. In other words, Plaintiff did not reassert an argument the Court previously deemed frivolous. Therefore, Defendants have not met their burden to show bad faith and are not entitled to attorney's fees under § 1927.

Prior precedent supports the Court's conclusion. As stated above, this is not a case where Plaintiff reasserted previous arguments that he knew were frivolous or baseless because the Court or other binding precedent had already found them baseless. *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010) (finding bad faith when attorney knew from prior litigation and documentation that his claims were baseless); *Hyde*, 962 F.3d at 1311 (no § 1927 sanctions where one exhibit arguably disproving part of complaint only raised actions to mere negligence); *Chiacchiarini v. Lowndes Cnty., Georgia*, No. 7:17-cv-2

[7] Defendant Epps argues that "[a] Rule 59(e) motion built on a premise the order does not contain is not a request to correct manifest error. It required Defendants to brief, and the court to explain twice, a holding that was never entered." [Doc. 77, p. 9]. In other words, he argues that Plaintiff's repeated consent argument, which was the basis of his motion to alter judgment, warranted sanctions. However, lack of merit alone is not sufficient to warrant § 1927 sanctions. Furthermore, while the Court thinks its order was clear regarding its assumptions about consent, Plaintiff's motion gave the Court the opportunity to make absolutely sure of it, especially on the single instance where the Court simply stated that "Plaintiff consented." In other words, Plaintiff's consent argument in his motion to alter judgment mirrored his recusal arguments: "stretching," but not bad faith. Similarly, the Court's finding that Plaintiff's 59(e) motion "lacks any substance and is nothing more than Plaintiff taking the chance to lecture the Court on how it could have done better" doesn't automatically mean that the Court found objective bad faith in the motion. Again, attorneys routinely those motions and escape § 1927 sanctions. [Doc. 75, p. 13].

(HL), 2017 WL 3495423, at *3 (M.D. Ga. Aug. 15, 2017) (sanctions appropriate where attorney was advised repeatedly that a party was not proper, but refused to take the steps to dismiss the party, which dragged out litigation). This is also not a case where Plaintiff refused to comply with this Court's orders or otherwise properly participate in the case. *Chiacchiarini*, 2017 WL 3495423, at *3; *Weissman v. Cheokas*, No. 1:17-cv-220 (WLS), 2023 WL 11964406, at *13 (M.D. Ga. July 25, 2023) (sanctions appropriate where the plaintiff's attorney "stubbornly declined" to provide substantive arguments or evidence on three separate occasions to rebut the defendant's motion to enforce a settlement agreement), *aff'd*, No. 23-12527, 2026 WL 1759431 (11th Cir. June 18, 2026).

Additionally, Plaintiff's motions in this case were not an extreme, obvious case that warrants these types of sanctions. *Weissman*, 2023 WL 11964406, at *13; *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1282 (11th Cir. 2010) (upholding § 1927 sanctions when attorneys submitted improper errata document changing their client's deposition testimony in 868 ways, and then still pursued the claims even as increasingly contradictory evidence emerged). Nor do Defendants' motions concern repeated meritless and improper motions or arguments. *Burgos v. Sand Canyon Corp.*, No. 4:19-cv-76 (CDL), 2020 WL 3258417, at *2 (M.D. Ga. June 16, 2020) (sanctions appropriate where attorney filed five meritless and improper motions advancing the same frivolous arguments that were already made in a response brief).

Finally, Defendants ask the Court in the alternative to exercise its inherent authority and issue sanctions. [Doc. 76, p. 1]; [Doc. 77, p. 16]. However, such a request is untimely. *Hill*, 2012 WL 13018385, at *4 (stating that Rule 54's 14-day post-judgment deadline likely applies to the Court's inherent power). Even if it was timely, the Court declines to exercise its inherent authority to sanction because, "if appropriate sanctions can be imposed under provisions such as Rule 11, courts should not exercise their inherent power." *Peer*, 606 F.3d at 1315.

The Court notes (and finds it important as mentioned above) that the parties could have brought Rule 11 sanctions related to the post-judgment motions or § 1988 motions as prevailing parties on the merits of the case. Rather, they chose other procedural vehicles. The Court will not substitute inherent authority for § 1927 because "a district court's authority to issue sanctions for attorney misconduct under § 1927 is either broader than or equally as broad as the district court's authority to issue a sanctions order under its inherent powers." *Amlong*, 500 F.3d at 1239. The Court declines to issue sanctions under its inherent authority.[8]

[8] On a final note, Plaintiff, confusingly, asked the Court to take judicial notice of "two public records of Georgia courts not already on this docket: the Probate Court of Oconee County's Order for Referral of September 4, 2025 . . . and the Court of Appeals of Georgia's August 13, 2025 order in A26E0016 denying reconsideration of its release order." [Doc. 83, p. 16]. For the probate court's order, the Court previously took notice of the entire docket for Estate Nos. 183, and 189. [Doc. 54, p. 5 n.1]. As for the Georgia Court of Appeals order, it is not clear why Plaintiff wants the Court to take judicial notice of it. He does not appear to cite it in his argument, and the part of his argument that the Court assumes it would apply combats an argument that Defendants did not use to support sanctions. [Doc. 83, pp. 6–10]; [Doc. 86, p. 3 ("This is not a case where sanctions are sought because Plaintiff's original claims lack merit, though they unquestionably did.")]; [Doc. 77, p. 1 ("Defendant Epps does not ask the court to revisit the merits.")]. The Court sees no need to take judicial notice of these orders.

### C. Conclusion

To be clear, the Court doesn't condone Mr. Baker's actions in bringing this case or the course of related litigation, nor should this denial of sanctions be taken as an endorsement of any of his legal arguments or theories. The Court unequivocally stands by its previous orders and findings. Surely, the Court understands the movants' frustration with the case and the several other cases this estate litigation has spawned and sprawled through nearly every layer of court in Georgia's judicial system. From the Defendants' perspective, the Court can understand why they might feel as though Plaintiff and his attorney have attempted to wear them down and overwhelm them through repeated lawsuits. Plaintiff and Mr. Baker also made unnecessary work for this court through their hyperfocus on out-of-context statements by the Court and opposing parties and their stubborn refusal to address relevant and binding precedent directly on point. Had all Defendants sought their fees and expenses as the prevailing parties under § 1988, the Court would likely have granted them all.

But, Defendants limited their motions to Plaintiff's post-judgment conduct in bringing the motion to recuse and Rule 59(e) motion. As explained above, § 1927 sets a high bar. While Defendants are surely frustrated that they have yet to disentangle themselves from this web of litigation, they didn't show enough to warrant a finding of objective bad faith in the bringing of these two motions. Accordingly, the Court **DENIES** Defendants' motions for sanctions under § 1927. [Doc. 76]; [Doc. 77].

**SO ORDERED**, this 13th day of October, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**